UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date and Time:
December 2, 2020 at 10:00 a.m.

---------------------------------------------------------x

In re:

Chapter 11

Blitman Saratoga LLC,

Case No. 20-23177 (RDD)

Debtor.

---------------------------------------------------------x

## DEBTOR'S REPLY TO LIMITED OPPOSITION OF
## BALLSTON SPA NATIONAL BANK TO MOTION TO APPROVE DIP LOAN

Blitman Saratoga LLC (the "Debtor"), as and for its Reply to the limited opposition (ECF #15) filed by Ballston Spa National Bank ("BSNB") to the Debtor's motion for approval of a proposed DIP Loan (ECF #6) (the "DIP Financing Motion"), respectfully states and alleges that:

1. BSNB should be very heartened, not to say thrilled, by the fact that the proposed DIP Loan will provide funds for an immediate payment of BSNB's secured claim within a short time after maturity of the mortgage. Instead, BSNB curiously raises potential issues to the financing which are without merit.

2. Contrary to BSNB's limited objection, the Debtor is not proposing that BSNB sell its secured claim. Rather, the Debtor has moved for approval of a loan to refinance the existing debt as part of providing funds to complete construction of homes already under contract. As any other potential lender would require, Saratoga Funding LLC (the "Proposed DIP Lender") seeks to take an assignment of the note and mortgage to preserve priority and obtain the ability to seek reimbursement from the current guarantors as circumstances arise. There is nothing underhanded or nefarious in these two standard requests, particularly since the proposed DIP Loan is on better terms than the existing mortgage with BSNB.

3. BSNB's contention that the Goren Brothers are motivated by some effort to gain a litigation advantage over Howard Blitman is unsubstantiated speculation. The reality is that the

Chapter 11 case and DIP financing were designed to separate the state court litigation from completion of the homes.  The dispute among the members will remain in the state court.  The Debtor's goal is to complete construction, close on the contracts and address the claims of remaining creditors.  These are proper bankruptcy purposes which are addressed through the proposed DIP Loan, and there is no legitimate grounds for BSNB to object on a limited basis.

4.     BSNB tries to raise issues under Real Property Law Section 275(3), which requires that the transaction be conducted between third parties and secure a bona fide debt.  Both of these are findings this Court will make in approving the DIP Loan, and can easily be addressed in the financing order.

5.     The documents submitted in support of the DIP Financing Motion make it clear that, notwithstanding the insider status of the Proposed DIP Lender, this is an arms-length transaction intended to provide necessary funding for the re-start of construction on the eight remaining homes.  In fact, this is exactly the same DIP financing transaction the Debtor would have negotiated with any third-party, had any banks or other traditional lending source been willing to lend to a Chapter 11 debtor, except that the Debtor is receiving more favorable terms than the original BSNB loan provided.

6.     In return, the Proposed DIP Lender seeks typical provisions continuing the existing guaranties and assigning the note and mortgage so that the status quo with respect to the mortgage and lien are maintained.

WHEREFORE, the Debtor respectfully requests the entry of an Order approving the DIP

Financing Motion, and granting such other and further relief as is just and proper.

Dated: New York, New York
December 1, 2020

Goldberg Weprin Finkel Goldstein LLP
Attorneys for the Debtor
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700

By:      /s/ J. Ted Donovan, Esq.