**Hearing Date and Time: 12/02/2020 at 10:00 a.m.**

RUSS & RUSS, P.C.
543 Broadway
Massapequa, NY 11758
516-541-1014
jayruss@russrusspc.com
Jay Edmond Russ, Eq.

*Attorneys for James Goren and Alex Goren dba Goren Brothers and Goren Brothers, LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLITMAN SARATOGA LLC, | ) | Case No. 20-23177-rdd |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE OF GOREN BROTHERS AND GOREN
BROTHERS, LP, AND AFFILIATES, TO OBJECTION FILED
BY HOWARD N. BLITMAN TO AN ORDER AUTHORIZING
DEBTOR TO OBTAIN REPLACEMENT AND NEW
POSTPETITION DIP FINANCING**

James Goren and Alex Goren dba Goren Brothers, Goren Brothers, LP, and affiliates (jointly and severally õGoren Brothersö), by its counsel, Russ & Russ, PC., by Jay Edmond Russ, Esq., respectfully submit this Response to Objection.

1.    Goren Brothers is represented by Russ & Russ, PC in an action related to Blitman Saratoga, LLC, and the Saratoga project, pending in New York Supreme Court, Suffolk County, before Justice Emerson.  The Verified Complaint is annexed as Exhibit õA.ö

2.    In that action, a dispute has arisen between Robin Winter, the daughter of Howard N. Blitman, and Lee Winter, the son of Howard N. Blitman, as to which child holds a Power of Attorney for Howard N. Blitman, and therefore, which law firm represents Howard N. Blitman.

1

This dispute is set forth in Letters to Justice Emerson, filed by two law firms, collectively annexed as Exhibit õB.ö

3.      The scandalous allegations set forth in letters by counsel to the New York State Court underscore that a law firm that alleges the right to represent 94-year-old Howard N. Blitman, and speak for him, may not actually have that authority.

4.      It is unknown whether Howard N. Blitman will authorize any law firm, or any of his children, to speak and/or act for him. Justice Emerson has indicated to the attorneys who appeared in the New York case (including two competing law firms for Howard N. Blitman) that the Court is likely to hold a hearing to determine which law firm represents Howard N. Blitman.

5.      The Objection alleges that Howard N. Blitman õbelievesö that there are less õcostly and burdensomeö alternatives to the relief sought on the present motion, even though the relief is neither costly nor burdensome.  The Objection further suggests that DIP financing can be raised through a capital call or similar device within Blitman Saratoga, LLC. That concept was considered during the summer, but was undercut by the insistence by Robin Winter that any financing include an agreement of certain members (who are also members in unrelated LLCs) that they authorize the assignment and transfer of LLC membership interests of Howard N. Blitman to one or more Trusts (including, we believe, The Howard N. Blitman Revocable Trust). These demands were documented in an email from Robin Winter, a copy of which are annexed as Exhibit õC.ö

6.      When Howard N. Blitman abandoned his duties as Managing Member of the Blitman Saratoga, LLC, and unilaterally turned every duty over to Robin Winter, he was formally removed as Managing Member by Resolution, annexed as Exhibit õD.ö  Demands to him and to her for complete LLC books, records and data, were rebuffed with various excuses, including that

he/she had co-mingled LLC books, records and data with those of other projects, and could not be separated. Demands for construction books, records, and data in the hands of Blitman entity, Changebridge Construction, Inc. were also rebuffed. Several excuses were offered, including that Gary Perseiper, CPA, an LLC member, was the authorized administrator of the files for the LLC, and could access them on his own. This was investigated and determined to be untrue; it appears that Robin has control over the server on which the books, records, and data resides.

7.      Goren Brothers moved by Order to Show Cause for the books, records and data, and the Court has instructed the attorneys precisely how this issue is to be resolved, which includes the creation of a joint database and a List of Actions directed at procuring the books, records and data for the LLC and its new Managing Member.

8.      The Ballston Spa bank loan is due. The New York case had no effect on the due date. Goren Brothers and Howard N. Blitman have each guaranteed one-half of the loan repayment with interest.

9.      The use of adjectives such as õscorched-earthö and õaggressiveö to describe the New York case and the Order to Show Cause before Justice Emerson are unfortunate and unproductive. The Objection fails to recognize that there are larger issues than those affecting the parties; there are the contract vendees, the tradesmen, and tradeswomen with unpaid bills for services rendered, the governmental authorities affected by the project.

10.      It is important that the public interest be served, and that the project be brought to completion. The primary goal of the motion before the Court is to elevate the needs of the project and the needs of the public over the interests of the parties, and thereby, remove risk of harm and loss to third-parties.

WHEREFORE, the Goren Brothers respectfully request the entry of an Order approving

the DIP Loan so the construction can be completed, and granting such other and further relief as is

just and proper.

Dated: Massapequa, NY
        December 1, 2020

RUSS & RUSS, P.C.
543 Broadway
Massapequa, NY 11758
516-541-1014

By:     /s/ Jay Edmond Russ, Eq.
