

Michael J. Feldman, Esq.
908-964-2486
mfeldman@olenderfeldman.com
*Please respond to New Jersey address*

November 4, 2020

**VIA ECF**

Justice Elizabeth Hazlitt Emerson
Supreme Court of the State of New York
Commercial Division
County of Suffolk
1 Court Street
Riverhead, NY 11901

> RE:    **Blitman Saratoga, LLC, et al. v. Howard N. Blitman, et al.**
> **Case No.: 611885/2020**

Dear Justice Emerson:

This letter is respectfully submitted jointly by the undersigned and Evan S. Cowit, Esq. of Kudman Trachten Aloe Posner LLP, as counsel for Leo Winter III ("Lee"), son of Defendant, Howard N. Blitman ("Howard"), and holder of a Power of Attorney of Howard.  Though Defendant Robin Winter, Lees' sister, previously held a Power of Attorney, Howard has revoked same and appointed Lee as his sole attorney-in-fact.  For the reasons set forth herein, we respectfully request a conference call with Your Honor to address the best way to handle the issues raised herein as resolution of same is clearly essential to allowing the above-captioned matter to proceed fully, fairly and lawfully.

Lee, Robin and Barbara are the three adult children of Howard, who is almost 94 years old and in failing health.  They are the sole and equal beneficiaries of his estate.  Lee and his father have always been very close, working and investing in real estate together, spending summers together in Massachusetts, and spending significant time together on a regular basis. By way of brief background, when Lee learned about this litigation, he raised the issue with his father as Lee was somewhat surprised that the Gorens, the plaintiffs in this matter and Howard's partners and friends for over 30 years, would ever sue Howard.  Howard informed Lee that he had not even seen or even been aware of the Complaint.  Robin informed Lee that, even though the Complaint was served at Howard's house, she specifically directed his aides, who had accepted service, to not tell Howard about it or provide him with the documents.  Of course, this also surprised Lee, as Robin had used Howard's money, without notice to, or consent of, Howard, to retain counsel on behalf of both of them.  As a result, Howard also asked Lee to help him quickly resolve the litigation with the Gorens.  I then reached out to the Yankwitt firm, the counsel

**New Jersey**
422 Morris Avenue
Summit, New Jersey 07901

**New York**
1180 Avenue of the Americas, 8th Floor
New York, New York 10036

olenderfeldman.com
fax: 908-810-6631

Page 2
November 4, 2020

retained by Robin to appear on behalf of her and Howard. I informed the Yankwitt firm about Lee's Power of Attorney; the apparent conflict of interest in one firm representing Robin and Howard, given the allegations in the Complaint; and certain other issues (as addressed in part further down in this letter). I also engaged in discussions with the firm concerning joint strategy to hopefully resolve the litigation. Lee also spoke directly with James Goren, one of the Plaintiffs, to obtain a better understanding of their position in the litigation in hopes of meeting Howard's clearly expressed desire to reach an amicable resolution. Ultimately, for unknown reasons, the Yankwitt firm then stopped all discussions with me concerning the possibility of working together to resolve the litigation. Thereafter, I learned that the Yankwitt firm withdrew as counsel due to the apparent conflict of interest, and the DelBello firm substituted in. I further understand from communications with them that the DelBello firm does not believe there is a conflict of interest in representing Howard and Robin jointly because they believe Robin has the legal authority to act on behalf of Howard even if there is a conflict. The Consent to Change Attorney filed with this Court indicates on its face that Robin signed the Consent as alleged "Attorney-in-Fact" for Howard and that Howard did not sign himself. It is unclear whether Howard even knows that the DelBello firm has entered an appearance on his behalf, and it appears certain that he never was advised of any potential conflict of interest nor waived same. To be clear, Lee does not consent to the retention of the DelBello firm on Howard's behalf, and just found out about the substitution 2 days ago.

As part of our attempt to work together with the Yankwitt firm towards a resolution plan for this litigation, we requested access to certain financial records so we could assess, on behalf of Howard, the veracity of Plaintiffs' claims in the litigation, as well as to assess Howard's financial ability to resolve same. We agreed to any confidentiality provisions the Yankwitt firm sought. Robin refused to provide any such access. As a result, Lee commenced his own investigation as Howard's son and with his Power of Attorney. This investigation included examining certain financial records; reviewing Howard's e-mails and e-mails Robin sent in Howard's name; speaking with several individuals with first-hand knowledge of the relevant facts; speaking with Howard; and speaking with Howard's Trust and Estates lawyer who works with Robin and who insisted on speaking with Lee without counsel present, though he was aware Lee had counsel). Lee also had substantial pre-existing knowledge of many of the relevant facts. The results so far of this investigation have been quite disturbing as they reveal tens, if not hundreds, of thousands of dollars transferred by Robin from Howard's personal financial accounts and businesses either to Robin or accounts which she or her direct family members personally control. Tellingly, these transfers accelerated once Robin was notified of Lee's Power of Attorney. We also have learned that Robin has changed the contact information on several of Howard's financial accounts from his e-mail address to her e-mail address so he does not have access to what is happening in his accounts. The foregoing are merely a few examples of the concerning behavior Lee has uncovered. Lee's investigation is ongoing.

Page 3
November 4, 2020


While resolution of any potential dispute between Robin and Lee, or any ultimate determination of any violation of Howard's interests or breach of fiduciary duty in connection with Robin's prior actions is not before this Court, we do believe that this Court has a direct interest in assuring: (1) that Howard, an elderly litigant and Defendant before this Court, is actually represented by an attorney of his choice and not one foisted upon him without his knowledge or consent; (2) that Howard is not represented by an attorney with a conflict of interest[i]; and (3) that there is no elderly abuse involving Howard, particularly as it relates to this litigation and the allegations asserted by Plaintiffs.  Simply put, all parties, as well as the Court and the interests of justice, should have the same interest in assuring that the foregoing is resolved before any positions are taken on behalf of Howard in this litigation.  Further, and to be clear, Lee, acting as Howard's Power of Attorney, did not and does not consent to the DelBello firm representing Howard in this litigation, and intends to have a separate firm appointed – which appointment will presumably be challenged or opposed by Robin and/or the DelBello firm.

Based upon the foregoing, and in an effort to avoid potentially unnecessary Motion practice, we respectfully request a conference call with Your Honor and all counsel of record to address a mutually agreeable path forward to assure that Howard and his interests are properly and actually represented in this matter before any Motion papers are filed allegedly on his behalf as we understand that certain deadlines are rapidly approaching.  We will make ourselves available at the Your Honor's convenience.  We thank the Court for Your Honor's time and consideration.

Respectfully submitted,

/S/

Michael J. Feldman

cc.    Counsel of Record
       Leo Winter, III
       Evan S. Cowit, Esq.
       David N. Saponara, Esq.

---

[i]    In this regard, we have asked current counsel for any written waiver of a potential conflict of interest, but none has been provided.  Rather, it appears to be their position that Robin can act on behalf of Howard regardless of whether she would be conflicted and regardless of whether there is otherwise a conflict of interest in representing Robin and Howard.  We believe the

Page 4
November 4, 2020

Yankwitt firm took a contrary position, and therefore, withdrew as counsel once the conflict became apparent.  However, we also do not know how much knowledge the DelBello firm has of this conflict as they likely were solely relying upon information told to them by Robin, and therefore, we assume that they have always been acting in good faith.

# DELBELLO DONNELLAN WEINGARTEN
## WISE & WIEDERKEHR, LLP

**Eric J. Mandell**
**Partner**
(914) 607-3217
ejm@ddw-law.com

COUNSELLORS AT LAW

THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 681-0200
FACSIMILE (914) 684-0288

Connecticut Office
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 298-0000

November 5, 2020

<u>Via NYSCEF</u>
Honorable Elizabeth Hazlitt Emerson
Supreme Court of the State of New York
Commerical Division
County of Suffolk
1 Court Street
Riverhead, New York 11901

> *Re:    Blitman Saratoga, LLC v. Howard Blitman, et al*
> *Index Number 611885/2020*

Dear Judge Emerson:

We are the attorneys for Howard Blitman ("Howard") and Robin Winter ("Robin"). Robin is Howard's daughter and attorney-in-fact since 2017. We are in receipt of the November 5, 2020 correspondence from Michael Feldman, Esq. to Your Honor, which was sent on behalf of Leo Winter III, the son of Defendant, Howard Blitman and sister of Defendant, Robin Winter. Regrettably, Mr. Feldman's letter is based on inaccurate and misleading statements, and we are compelled to respond.

Pursuant to Power of Attorney dated April 20, 2017, Robin was designated as attorney in fact for Howard. This power of attorney was prepared by Howard's personal attorney and in accordance with Howard's wishes, and executed under attorney supervision. A copy of the 2017 Power of Attorney is attached. In connection with her designation as attorney in fact for Howard, Robin has been responsible for her father finances and personal well-being. Robin is also the attorney in fact for her mother, who has dementia.

On September 26, 2020, after having no previous involvement with Howard's personal matters, Leo Winter apparently met with Howard at his home and had him execute a power of attorney, as well as a revocation of Robin's 2017 power of attorney. The execution of this power of attorney was done without the supervision of an attorney, and in the presence of a "mobile" notary public, who was purportedly engaged by Mr. Winter for purposes of witnessing Howard's execution of the September 26, 2020 POA.

Upon learning that Howard executed a new power of attorney and revoked the 2017 Power of Attorney, Howard's personal estate attorney consulted with Howard and discovered

1593787
50021960-002

that Howard did not intend to designate Mr. Winter as his attorney in fact in the September 26, 2020 Power of Attorney. As a result, a new power of attorney was prepared, revoking the September 26, 2020 power to Mr. Winter and re-designating Robin as Howard's attorney in fact, which was executed by Howard on October 1, 2020 under attorney supervision. A copy of the October 1, 2020 Power of Attorney is attached. Significantly, the October 1, 2020 Power of Attorney contains restrictions on subsequent revocations. Howard's personal estate attorney has also informed us that it was Howard's intent that Robin be designated as his attorney in fact, and that he has audio confirmation of this intent.

Mr. Winter appears to be taking advantage of Howard's physical and mental infirmities, and exerting undue influence and duress over him in an attempt to gain control of his finances and decision making. These actions are not in Howard's best interest, and are sanctionable. Mr. Winter's actions threaten to thwart Howard and Robin's efforts to defend the claims made in the current action, in which Mr. Winter is not a party and has no knowledge of the underlying facts. Such underhanded tactics, made four days prior to the deadline for filing of a motion to dismiss Plaintiffs' claims, is nothing more than a transparent attempt to force Howard and Robin into uncompromising positions and hold Howard hostage to his economic demands.

Robin is the holder of a valid power of attorney for her father, and has been for the past three years. Importantly, both the April 20, 2017 power and the October 1, 2017 power were executed under the supervision of Howard's longtime personal attorney. It is telling that Mr. Feldman's correspondence does not include a copy of the power of attorney upon which his client relies.

We have prepared a motion to dismiss several of the claims asserted against Howard and Robin, and will be in a position to file it by the November 9, 2020 deadline. The motion to dismiss is in Howard's best interest.

We are available for a conference call with the Court to discuss these issues. However, in order to protect Howard and Robin's interests, we will be proceeding with the filing of the motion to dismiss by the deadline of November 9, 2020. In addition, Mr. Winter has no authority to designate counsel on Howard's behalf, and the notice of appearance filed by Mr. Feldman's firm should be immediately withdrawn.

Very truly yours,

Eric J. Mandell

«Matter Matter ID»
1593787



# KUDMAN · TRACHTEN · ALOE · POSNER LLP

——————————————————————— Attorneys at Law ———————

Evan S. Cowit • Direct (212) 868–3601 • ecowit@kudmanlaw.com
Admitted in NY, NJ and FL

November 5, 2020

**VIA ECF**
Justice Elizabeth Hazlitt Emerson
Supreme Court of the State of New York
Commercial Division
County of Suffolk
1 Court Street
Riverhead, NY 11901

> **RE:   Blitman Saratoga, LLC, et al. v. Howard N. Blitman, et al.**
> **Case No.: 611885/2020**

Dear Justice Emerson:

I am writing in response to the letter electronically filed by Eric Mandell, Esq. on November 5, 2020.

We strenuously disagree with Mr. Mandell's factual and legal assertions and are happy to address each and every misstatement submitted therewith. Furthermore, we do not understand how Robin Winter's lawyer could ever have personal, or any other, knowledge of what Lee Winter does or does not know, and what did or did not happen with respect to someone who is allegedly Howard's "longtime personal attorney" – perhaps the same individual who insisted on speaking with Lee without Lee's counsel present so that he could argue Robin's position to Lee.

We also did not file with the Court the relevant Power of Attorney because Your Honor's local rules prohibit the filing of exhibits with correspondence to the Court. If permitted by the Court, we are happy to submit both of these documents. It should be noted that Mr. Winter's relevant Power of Attorney is dated *after* Ms. Winter's alleged Power of Attorney. This Power of Attorney, as well as a separate notarized letter from Howard Blitman, explicitly revoke the Power of Attorney previously given to Robin. The foregoing occurred specifically *because* she was not acting in his best interest. Finally, we do agree that there have been countless acts of undue influence and duress imposed on Howard, by Robin. As explained in our letter, these are exactly the issues which we welcome the Court to decide and which need to be resolved.



KUDMAN · TRACHTEN · ALOE · POSNER LLP

——————————————————— Attorneys at Law ———————
800 Third Avenue • 11th Floor • New York, NY 10022
www.kudmanlaw.com • Company (212) 868-1010

Kudman Trachten Aloe Posner LLP
Blitman Saratoga, LLC, et al. v Howard N. Blitman, et al. (Index 611885/2020)
November 5, 2020
Page 2 of 2

If you have any questions or need anything further, please call me at (212) 868-3601 or e-mail me at ecowit@kudmanlaw.com.

Sincerely yours,

Evan S. Cowit