UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW //YORK
---------------------------------------------------------------x
In re:                                                                  Chapter 11

Blitman Saratoga LLC,                                         Case No. 20-23177 (RDD)

                                    Debtor.
---------------------------------------------------------------x

**INTERIM ORDER APPROVING AND AUTHORIZING THE DEBTOR
TO OBTAIN REPLACEMENT AND NEW POSTPETITION
FINANCING PURSUANT TO 11 U.S.C. §§ 362 AND 364(c)**

Upon the motion (ECF No. 6) (the "DIP Financing Motion")[1] of the debtor and debtor in possession herein, Blitman Saratoga LLC (the "Debtor"), pursuant to sections 362, 364(c) and 507 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an interim order (the "Interim Order") and final order ("Final Order") (collectively, the "Finance Orders"), *inter alia*, (i) authorizing the Debtor to borrow the sum of up to $3,100,000 (the "DIP Loans") from Saratoga Funding LLC (the "DIP Lender"), an entity affiliated with James Goren and Alex Goren, or their partnership or limited liability company, pursuant to 11 U.S.C. § 364(c), which funds shall be used to (a) replace the existing outstanding loans in the amount of $1,893,438.92 (as of November 27, 2020) plus accruing interest or fees (the "BSNB Loans") payable to Ballston Spa National Bank ("BSNB"), which loans, including all notes, mortgages, collateral documents and guarantees (collectively, the "BSNB Loan Documents") shall be assigned to the DIP Lender in accordance with N.Y. Real Property Law § 275, and (b) advancing funds to enable the Debtor to resume and complete construction of the eight residential one-family homes under contract under the form of Note attached as an exhibit hereto; (ii) modifying

---

[1] All terms defined in the DIP Finan//////cing Motion shall have the same meanings for purposes of this Interim Order.

1

the automatic stay to perfect and record mortgage liens relating to the Finance Orders; and (iii) scheduling a final hearing (the "Final Hearing") to consider the relief requested in the DIP Financing Motion and approving the form of notice with respect to the Final Hearing; and upon the Supplemental Declaration of Thomas Keaney filed in support of the DIP Financing Motion; and good and sufficient notice of the DIP Financing Motion's request for interim relief having been given; and upon the objections of Howard N. Blitman (ECF No. 11) and BSNB (ECF No. 15) and the replies to the objections by the Debtor (ECF No. 18), Gary Peresiper (ECF No. 19) and the Goren Brothers and Goren Brothers, LLP and Affiliates (ECF No. 20); and an interim hearing having been held on December 2, 2020 (the "Interim Hearing"); and based on the record of the Interim Hearing, including consideration of the objections and the replies, and the objections having been withdrawn, resolved or overruled by the Court based upon the Clarifications (as hereinafter defined); and it appearing to the Court that granting the interim relief herein is necessary to avoid irreparable harm to the Debtor and to permit the Debtor to resume construction and thereby preserve value for the Debtor's estate pending the Final Hearing; and such interim relief being fair and reasonable and in the best interests of the Debtor, its estate, its creditors and equity holders and essential for the timely resumption of the Remaining Project (as defined in the DIP Financing Motion); and after due deliberation and consideration; and good and sufficient cause appearing therefor, including for the reasons stated by the Court in its rulings at the Interim Hearing,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:[2]**

I.      <u>Petition</u>.  On November 6, 2020 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, creating the Debtor's bankruptcy estate (the "<u>Estate</u>").  The Debtor has continued in possession of its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case.

II.      <u>Jurisdiction and Venue</u>.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  Venue is proper pursuant to 28 U.S.C. § 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief herein are sections 362, 364(c) and 507 of Bankruptcy Code and Bankruptcy Rules 2002 and 4001.

III.      <u>Need for Postpetition Financing</u>.  The DIP Loans satisfy the requirements of applicable law, including section 364(c) of the Bankruptcy Code.  The Debtor needs to obtain new and additional financing to replace the matured BSNB Loans and resume and complete construction of the eight remaining homes under contract forming the Remaining Project, so as to preserve and maximize the value of the Debtor's estate.  The Debtor does not have sufficient sources of working capital and financing to resume construction absent the DIP Loans.

IV.      <u>Willingness to Lend</u>.  The DIP Lender, although an insider, has offered to make the DIP Loans on better terms than the existing BSNB Loans, and no other loans are reasonably available on better terms than the DIP Loans.  Accordingly, the Court finds that such financing is

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact pursuant to Fed. R. Bankr. P. 7052. Any statements of the Court from the bench at the Interim Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly in////corporated by reference herein to the extent not inconsistent herewith.

3

reasonable and necessary to the Debtor's reorganization efforts, that the DIP Lender is extending additional credit in good faith and that the DIP Lender's postpetition loans will have the protections provided under section 364(e) of the Bankruptcy Code. Additionally, as part of the replacement of existing mortgage debt and loans, BSNB shall assign the BSNB Loan Documents without recourse to the DIP Lender without representation or warranty based upon the Court's finding that the mortgages and loans being assigned continue to secure bona fide debts and the DIP Lender is not the nominee of the Debtor or borrower.

    V.        <u>Use of Proceeds of the DIP Loans</u>. The DIP Lender requires, and the Debtor has agreed, that the proceeds of the DIP Loans shall be used only to replace the BSNB Loans and to resume and complete construction, and to pay the costs and expenses thereof as set forth in the Budgets collectively annexed to the DIP Financing Motion as <u>Exhibit</u> "D" (the "<u>Budgets</u>"), with the borrowing under this Interim Order limited to the refinance and replacement of the BSNB Loans in full, and to fund construction draw-downs for December, 2020 of $500,000 and approximately $250,000 for the first half of January, 2020 for a grand total of up to approximately $2,650,000, with the additional sum of approximately $450,000 in DIP Loans committed by the DIP Lender being subject to entry of the Final Order.

    VI.        <u>Final Hearing</u>. At the Final Hearing, the Debtor will seek final approval of the DIP Loans pursuant to a proposed Final Order, which order shall be in form and substance similar to this Interim Order, notice of which Final Hearing and Final Order will be provided in accordance with this Interim Order.

    VII.        <u>Notice</u>. Pursuant to Rule 4001(c) of the Bankruptcy Rules, due and sufficient notice of the Interim Hearing and the interim relief requested in the DIP Financing Motion was given to (i) the Office of the United States Trustee; (ii) the parties included on the Debtor's list of

4

twenty (20) largest creditors; and (iii) all other parties required to receive service hereof.  Based on the foregoing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that:

1. <u>Approval</u>.  The DIP Financing Motion is GRANTED, on an interim basis, to the extent provided herein with respect to the funds to be advanced pursuant to this Interim Order totaling $2,650,000 to replace all of the existing BSNB Loans based upon assignment thereof as provided herein and to resume construction in accordance with the budgeted items for December and the first half of January 2021.  Thus, the Debtor is hereby authorized, pursuant to the terms of this Interim Order and the Budgets, to borrow up to $2,650,000 (the "<u>Interim DIP Loans</u>").

2. <u>Authorization of the Interim DIP Loans Subject to Clarifications</u>.  The Debtor is authorized to proceed with the DIP Loans and to borrow up to the sum of approximately $2,650,000 pursuant to the terms of this Interim Order, the BSNB Loan Documents as modified herein, and the proposed note attached hereto as <u>Exhibit</u> "A" (the "<u>Note</u>").  Notwithstanding anything to the contrary in this Interim Order and the DIP Financing Motion, (i) the Note shall not be consolidated with the existing BSNB Loans but instead shall constitute a separate note for the construction-related advances subject to a subordinated lien, and other super priority rights and carve-outs, (ii) the personal guarantees held by BSNB and being assigned to the DIP Lender shall relate only to the BSNB Loans and not to the Note, (iii) repayments of the BSNB Loans and the DIP Loans shall be applied first to the satisfaction of all obligations under the BSNB Loans being assigned and as modified pursuant to this Interim Order, and (iv) the obligations under the BSNB Loans and the DIP Loans shall not become due until the Revised Maturity Date defined below in Section 11(B) (items (i), (ii), (iii) and (iv), collectively the "<u>Clarifications</u>").  The Debtor is further authorized and empowered to execute or cause to be executed the

5

following:  (i) the Note, (ii) an assignment of the existing BSNB Loan Documents, including all notes, mortgages and guarantees, and (iii) any other customary documents and instruments relating to the DIP Loans, and to incur and to perform all obligations in accordance with, and subject to, the terms of this Interim Order, and to deliver all instruments and documents which may be required or necessary for the performance by the Debtor under this Interim Order and the creation and perfection of the Junior Mortgage (as hereinafter defined) pursuant to 11 U.S.C. § 364(c).

3. <u>Interim Order</u>.  This Interim Order shall constitute and evidence the valid and binding obligations of the Debtor with respect to funds advanced pursuant to this Interim Order, and shall be enforceable against the Debtor, its estate and any successors thereto, including, without limitation, any trustee appointed or elected in this chapter 11 case or a case under chapter 7 of the Bankruptcy Code.

4. <u>Junior Mortgage</u>.  Upon entry of this Interim Order: (a) the DIP Lender is hereby granted a valid, binding, enforceable, and perfected subordinate mortgage (the "<u>Junior Mortgage</u>") on the Debtor's remaining lots, either under construction or vacant, together with all improvements thereon pursuant to 11 U.S.C. § 364(c) in the amount of approximately $750,000 (excluding the assignment of the BSNB Loan Documents) with such Junior Mortgage remaining subject to any valid prepetition liens and security interests (the "<u>Existing Liens</u>"), including, but not limited to, liens and security interests with respect to the BSNB Loan Documents and all valid pre-existing mechanics' liens (the "<u>Mechanics' Liens</u>").  The Junior Mortgage and related security interest shall be valid and enforceable against any trustee appointed or elected in this chapter 11 case or a case under chapter 7 of the Bankruptcy Code.

5. <u>DIP Superpriority Claim</u>.  Upon entry of this Interim Order, the DIP Lender is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in this chapter 11 case (collectively, the "<u>DIP Superpriority Claim</u>") in the amount of the postpetition advances for construction and related expenses pursuant to the Budgets for the months of December, 2020 and first half of January, 2021 of up to $750,000.  The DIP Superpriority Claim shall be subordinate only to the Carve Out defined below, and shall otherwise have priority over any and all administrative expenses and unsecured claims against the Debtor.

6. <u>Use of DIP Loan Proceeds</u>.  The Debtor shall use the loan proceeds advanced hereunder only for the purposes specifically set forth in the Budgets for the months of December, 2020 and first half of January, 2021 and to refinance the BSNB Loans.

7. <u>Carve-Out</u>. The Junior Mortgage shall be junior only to (i) Existing Liens and (ii) to the carve out for the following items (the "<u>Carve Out</u>"): (a) all fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. §1930(a), plus any fees owed to the Clerk of the Court, (b) the reasonable fees and expenses of up to $100,000 incurred by the Debtor's counsel, subject to the filing of an application and notice therefor pursuant to 11 U.S.C. §§ 330 and 331, and (c) payment of up to $10,000 for any fees incurred by a chapter 7 trustee and his or her professionals should this chapter 11 case be subsequently converted to chapter 7.  The foregoing shall not be deemed to be a waiver of any right to seek to surcharge the Debtor's property pursuant § 506(c) of the Bankruptcy Code or a waiver of the right of the DIP Lender to contest any surcharge.

8. <u>Events of Default</u>.  The occurrence of any of the following events shall constitute an event of default after ten (10) days prior written notice with opportunity to cure (collectively, "<u>Events of Default</u>"):

(a) The Debtor shall fail to pay real estate taxes and other charges when due.

(b) The Court shall enter an order dismissing this chapter 11 case or converting it to a case under chapter 7 of the Bankruptcy Code, or, without the consent of the DIP Lender (i) appointing a trustee in this chapter 11 case or (ii) appointing a responsible officer.

(c) The Debtor shall fail to pay accrued interest and principal to the DIP Lender as and when due following the sale of a particular unit or home.

(d) The Debtor fails to maintain adequate insurance for the Remaining Project.

(e) The Debtor breaches any other covenants, representation or warranty as set forth in the BSNB Loan Documents, as assigned.

9. <u>Modification of the Automatic Stay</u>. The automatic stay imposed under Bankruptcy Code § 362(a) is modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to: (a) permit the DIP Lender to record the Junior Mortgage, and (b) permit the Debtor to perform such acts as the DIP Lender may request in its reasonable discretion to assure the perfection of the Junior Mortgage.

10. <u>Perfection of Junior Mortgage</u>. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection and priority of the Junior Mortgage with respect to funds advanced for the resumption of construction under the Budgets. Notwithstanding the foregoing, the DIP Lender is authorized to file, as it deems necessary or advisable, such financing statements, mortgages, notices and other instruments or documents in accordance with applicable non-bankruptcy law to record, perfect or evidence the Junior Mortgage.

11. <u>Good Faith Under § 364(e) of the Bankruptcy Code</u>. Even though the DIP Lender is an affiliate of the Debtor, the DIP Lender was represented by separate counsel. The DIP Lender has acted in good faith in connection with the DIP Loans and this Interim Order. Thus, in

the event that any or all of the provisions of this Interim Order are hereafter modified, amended or vacated by a subsequent order of this or an appellate court, the DIP Lender is entitled to the protections provided in § 364(e) of the Bankruptcy Code with respect to funds advanced for the resumption and completion of construction pursuant to this Interim Order.[3]

11(A). <u>Section 275</u>.  For purposes of § 275 of the N.Y. Real Property Law, the assignment of the BSNB Loans and mortgages hereunder continue to secure bona fide debts, and the DIP Lender is not a nominee of the Debtor.  BSNB is entitled to rely upon these findings in making the assignment required hereunder.

11(B).    <u>Modification of BSNB Loan Documents</u>.    The terms of the BSNB Loan Documents are hereby modified as follows:

    (a)    The BSNB Loans and the BSNB Loan Documents are extended to the Revised Maturity Date.  Accordingly, all interest shall accrue at the Interest Rate beginning as of the first day when the DIP Loans are made on a revolving basis until the Revised Maturity Date or the debt is accelerated.

    (b)    The term "**Interest Rate**" shall be redefined to mean the prime lending rate, without default interest, except that the BSNB Loan Documents shall accrue interest at the nine (9%) percent legal interest rate on or after the Revised Maturity Date.

    (c)    The term "**Revised Maturity Date**" shall be thirty (30) days after the sale of the last home and all vacant lots.

---

[3] Notwithstanding anything contained in this Interim Order to the contrary, any findings of good faith relate solely to the DIP Lender for purposes of the DIP Loans, and not to any of its affiliates, including, but not limited to the Goren Brothers, James Goren and Alex Goren.

9

12.     Final Hearing.  The Final Hearing to consider entry of the Final Order and final approval of the DIP Loans is scheduled for **January 28, 2021 at 10:00 A.M. (Eastern Time)** by telephone through Court Solutions before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York.  On or before **December 10, 2020**, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Order and notice of the Final Hearing (the "Final Hearing Notice"), together with a copy of this Interim Order and the DIP Financing Motion, on: (a) the parties provided with notice of the Interim Hearing;  (b) any party that, as of that date, filed a request for notices with this Court; and (c) the U.S. Trustee.  The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Court no later than **January 23, 2021 at 4:00 P.M. (Eastern Time)**, which objections shall be served so as to be received on or before such date by:  (i) counsel to the Debtor, Kevin J. Nash, Esq., Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10046, knash@gwfglaw.com; and (ii) the Office of the United States Trustee, Attn. Greg Zipes, Esq., U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, greg.zipes@usdoj.gov with a copy to the Court's chambers.

13.     Effect of this Order.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, only with respect to funds advanced pursuant to this Interim Order.

Dated: White Plains, New York
    December 8, 2020            */s/Robert D. Drain*
                                       United States Bankruptcy Judge