DIP NOTE

Up to $1,200,000                                                                                          White Plains, New York
                                                                                                          Dated:   December __, 2020

  THIS DIP NOTE (hereinafter, the "**Note**") made this _____ day of December, 2020 by Blitman Saratoga LLC, a New York limited liability company (hereinafter, referred to as the "**Maker**"), for the benefit of Saratoga Funding LLC, a New York limited liability company, its successors or assigns (the "**Payee**").

  This Note is issued pursuant to and in accordance with the DIP Loans and Finance Orders entered in the Maker's Chapter 11 case.  The terms of the Finance Orders are expressly incorporated herewith without repetition.  All terms defined in the Finance Orders shall have the same meanings for purposes of this Note.

  FOR VALUE RECEIVED, Maker promises to pay to the order of Payee at such place as Payee may designate to Maker in writing from time to time, the principal sum of up to ONE MILLION TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($1,200,000.00) or so much thereof as shall have been disbursed (the "Debt"), together with interest thereon at the Interest Rate (as hereinafter defined), calculated in the manner hereinafter set forth from and including the date of this Note to the date this Note is paid in full, as follows:

  As of the date hereof, interest at the Interest Rate shall be to accrue during the Interest Accrual Period (as hereinafter defined), and, thereafter, interest shall be payable on the Maturity Date.  Interest shall be calculated on the basis of a 365-day year for the actual number of days elapsed.

For the purposes of this Note, these terms shall be defined as follows:

1. The term "**Business Day**" shall mean any day other than a Saturday, Sunday or any other day on which national banks in New York, New York are not open for business.

2. The term "**Interest Accrual Period**" shall mean the period beginning as of the first day when the DIP Loans are made on a revolving basis until such time as Maturity occurs or the Debt is accelerated.

3. The term "**Interest Rate**" shall mean the prime lending rate.

4. The term "**Loan Agreement**" shall be synonymous with the terms of the DIP Loans as approved by the Finance Orders.

5. The term "**Maturity Date**" shall be thirty (30) days after the completion of the sale of all of the Property.

6. The term "**Principal Balance**" shall mean the outstanding principal balance of this Note from time to time.

1

    7. The term "**Property**" shall mean all of the vacant lots and lots under construction located at Beaver Pond Village.

It is hereby expressly agreed that the entire Debt shall become immediately due and payable at the option of Payee on the occurrence of any Default under the terms of the Finance Orders after ten (10) days' notice with an opportunity to cure, together with all accrued interest.

Payee also agrees that in the event of an uncured default under the Finance Orders, there shall not be a charge for default interest, except that the Maker shall be required to pay interest at the legal rate of nine (9%) percent per annum following the Maturity Date (the "**Post Maturity Rate**"). This charge shall be added to the Debt, and shall be deemed secured by the Junior Mortgage and the Finance Orders. This clause, however, shall not be construed as an agreement or privilege to extend the maturity date of the Note.

Maker acknowledges that this Note and Maker's obligations under this Note are and shall at all times continue to be absolute and unconditional in all respects. This Note together with the Finance Orders represent the entire agreement and understanding of Payee and Maker. Maker hereby waives presentment and demand for payment, notice of dishonor, protest or notice of protest of this Note.

The indebtedness herein evidenced by this Note is secured by the Junior Mortgage defined in the Finance Orders.

The terms of this Note shall be governed by and construed in accordance with the laws of the State of New York.

No delay on the part of Payee in exercising any right or remedy under this Note or the Finance Orders shall operate as a waiver in whole or in part of any such right or remedy. No notice to or demand on Maker shall be deemed to be a waiver of the obligation of Maker or of the right of Payee to take further action without further notice or demand as provided in this Note or the Finance Orders.

Maker (and the undersigned representative of Maker, if any) represents that Maker has full power, authority and legal right to execute and deliver this Note, which constitutes a valid and binding obligation of Maker based upon Bankruptcy Court approval.

This Note, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Maker or Payee, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

Maker hereby irrevocably and unconditionally waives, and Payee, by its acceptance of this Note, irrevocably and unconditionally waives, any and all right to trial by jury in any action, suit or counterclaim arising in connection with, out of or otherwise relating to this Note or the Finance Orders.

Maker, to the full extent permitted by law, hereby knowingly, intentionally and voluntarily, (a) submits to personal jurisdiction in the State of New York over any suit, action or proceeding by any person arising from or relating to this Note, (b) agrees that any such action, suit or proceeding may be brought in either the State Court sitting in Westchester County, New York or the Bankruptcy Court to the extent that the Maker's Chapter 11 case is still pending, (c) submits to the jurisdiction of such courts, and (d) to the fullest extent permitted by law, agrees that Maker will not bring any action, suit or proceeding in any other forum (but nothing herein shall affect the right of the holder of this Note to bring any action, suit or proceeding in any other forum).  Maker further consents and agrees to service of any summons, complaint or other legal process in any such suit, action or proceeding by registered or certified U.S. Mail, postage prepaid, to Maker at the address set forth on page 1 hereof, and consents and agrees that such service shall constitute in every respect valid and effective service (but nothing herein shall affect the validity or effectiveness of process served in any other manner permitted by law).

This Note relates to the direct borrowings of up to $1.2 million pursuant to the Finance Orders.

IN WITNESS WHEREOF, Maker has duly executed this Note the day and year first above written.

        BLITMAN SARATOGA LLC,
        a New York limited liability company

By: _____
     Name:
     Title:

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF WESTCHESTER    )

On the \_\_\_ day of December, 2020 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public