UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Blitman Saratoga LLC, | Case No. 20-23177 (RDD) |
| Debtor. | |

# NOTICE OF DEADLINES
# REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTOR:**

The United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") has entered an order (the "**Bar Order**") establishing **March 19, 2021** (the "**Bar Date"**) as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts), except for those persons or entities provided below, to file a proof of claim against Blitman Saratoga LLC (the "**Debtor**").

Proofs of claim filed by governmental units must be filed on or before May 5, 2021, a business day that is at least 180 days after the date of the order for relief in the Debtor's case.

Proofs of claim filed by the estate of Howard N. Blitman must be filed on or before the later of (i) March 19, 2021 or (ii) 20 days following the date that a representative for Mr. Blitman's estate, with authority to file proofs of claim in the Bankruptcy Court, is duly appointed by the Surrogate's Court of the State of New York, Westchester County.

The procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to November 6, 2020 (the "**Filing Date**"), the date on which the Debtor commenced a chapter 11 case under 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), except for those holders of the claims listed in Section 4 below that are specifically excluded from the filing requirement.

**1. WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Filing Date**,** and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to the Bar Date (except as otherwise provided in this Notice), even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2. WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410. Proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

**Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the**

**year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).**

## 3. WHEN AND WHERE TO FILE

Except as otherwise provided for in this Notice, all proofs of claim must be filed so as to be received **on or before March 19, 2021.**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Bankruptcy Court's Case Management/Electronic Case File ("**CM/ECF**") system. Those without accounts with the CM/ECF system may create electronically and file proofs of claim through the "File a Proof of Claim" link on the Bankruptcy Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the Bankruptcy Court at the address provided below:

**United States Bankruptcy Court**
**Southern District of New York**
**300 Quarropas Street, Room 147**
**White Plains, NY 10601**

Proofs of claim will be deemed timely filed only when received by the Bankruptcy Court on or before applicable deadline. A proof of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

## 4. CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED

You do **not** need to file a proof of claim on behalf of a claim prior to the applicable deadline if the claim falls into one of the following categories:

(a) Any claim that has already been asserted in a proof of claim against the Debtor with the Clerk of the Bankruptcy Court in a form substantially similar to Official Bankruptcy Form No. 410;

(b) Any claim that is listed on the Debtor's Schedules of Assets and Liabilities and/or

Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**") filed by the Debtor, provided that (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c) Any claim that has previously been allowed by order of the Bankruptcy Court;

(d) Any claim that has been paid in full by the Debtor;

(e) Any claim for which a different deadline has previously been fixed by the Bankruptcy Court; and

(f) Any claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

Claims under section 503(b)(9) must be filed by the deadlines set forth in this Notice.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date (except as otherwise provided in this Notice) pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Bankruptcy Court believes that you have a claim against the Debtor.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease

as to which the order authorizing such rejection is dated on or before February 9, 2021, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, must file a proof of claim with respect to such claim by the date fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease.

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

**7. THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Schedules. If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date (except as otherwise provided in this Notice) in accordance with the procedures set forth in this Notice.

Copies of the Schedules are available for inspection on the Bankruptcy Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, Room 147, White Plains, NY 10601. Copies of the Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below:

Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, New York 10036
Attn: Kevin J. Nash, Esq.
J. Ted Donovan, Esq.
Phone: (212) 221-5700

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York
February __, 2021

**BY ORDER OF THE COURT**

COUNSEL FOR THE DEBTOR
GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700