UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                              Chapter 11

Blitman Saratoga LLC,                                     Case No. 20-23177 (RDD)

                                      Debtor.
---------------------------------------------------------x

## ORDER AUTHORIZING RETENTION
## OF GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
## AS BANKRUPTCY COUNSEL FOR THE DEBTOR

Upon the unopposed application, dated February 11, 2021 (the "Application") of Blitman Saratoga LLC, the debtor and debtor in possession herein (the "Debtor"), for an order under 11 U.S.C. § 327(a) authorizing the Debtor's retention of Goldberg Weprin Finkel Goldstein LLP as its counsel; and upon the accompanying declarations of Kevin J. Nash, Esq. and James Goren; and it appearing that Goldberg Weprin Finkel Goldstein LLP does not hold or represent an adverse interest to the Debtor or the estate, that it is disinterested under 11 U.S.C. § 101(14) and that its retention is necessary and in the best interests of the estate; and no additional notice being required, it is hereby

**ORDERED**, that the Application is granted as provided herein, and the Debtor is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as its bankruptcy counsel, pursuant to 11 U.S.C. § 327(a), as of the bankruptcy petition date, November 6, 2020; and it is further

**ORDERED**, that all compensation and reimbursement of expenses to be paid to Goldberg Weprin Finkel Goldstein LLP shall be subject to written application, notice and a hearing, and an order of this Court pursuant to the 11 U.S.C. §§ 330 and 331, as the case may be,

and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines of the Court; and it is further

**ORDERED**, that at least ten business days before implementing any increases in Goldberg Weprin Finkel Goldstein LLP rates in this case, Goldberg Weprin Finkel Goldstein LLP shall file a supplemental affidavit with the Court (the "Supplemental Affidavit"). The Supplemental Affidavit shall explain the basis for the requested rate increase in accordance with 11 U.S.C. § 330(a)(3)(F). All parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that Goldberg Weprin Finkel Goldstein LLP shall apply any remaining amounts of its retainer to the first fees and expenses allowed by this Court.

Dated: White Plains, New York
      March 11, 2021

                                                    */s/Robert D. Drain*
                                             United States Bankruptcy Judge

No Objection
Office of the U.S. Trustee

By:    /s/ Greg Zipes