UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

BLITMAN SARATOGA LLC,

Debtor.

Chapter 11
Case No. 20-23177 (RDD)

**APPLICATION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUHORITY TO EMPLOY NOLAN HELLER KAUFFMAN LLP AS COUNSEL FOR THE COMMITTEE**

The Application of the Official Committee of Unsecured Creditors (the "**Committee**") in the case of Blitman Saratoga LLC ("**Debtor**") for Authority to Employ Nolan Heller Kauffman, LLP ("**NHK**") as Counsel for the Committee (the "**Application**"), respectfully shows:

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

**Background**

2. The Debtor filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code (the "**Code**") on November 6, 2020, and is a debtor in possession under the Code.

3. On December 21, 2020, the Office of the United States Trustee filed its Notice of Appointment of Official Committee of Unsecured Creditors. The members of the Committee consist of:

　　a. Appolo Heating

　　b. Curtis Lumber Co., Inc.

　　c. Northway Tile LLC.

**Relief Requested**

4. The Committee initially consulted with Mr. Brennan, proposed counsel to the Committee, on April 7, 2021. As a result of that consultation, the Committee has selected and seeks to retain NHK as bankruptcy counsel in this case, subject to the Court's approval. The Committee believes that NHK possesses the requisite skill and knowledge in the areas of the law relevant to this case and that NHK is well-qualified to represent the Committee because the firm has considerable experience in matters of this character. Accordingly, the Committee respectfully requests entry of an order authorizing it to retain and employ NHK to perform for the Committee all necessary and legal services in this case, including but not limited to:

　　a. Consulting with the Debtor, counsel to the DIP lender and any other professionals appointed in this case and the Office of the United States Trustee regarding the administration of the case;

　　b. Advising the Committee with respect to its rights, powers and duties as they relate to the case;

　　c. Investigating the acts, conduct, assets, liabilities and financial condition of the Debtor;

　　d. Assisting the Committee in analyzing the Debtor's pre-petition and post-petition relationships with its creditors, equity interest holders, employees and other parties in interest;

　　e. Assisting and negotiating on the Committee's behalf in matters relating to the claims of the Debtor's other creditors;

　　f. Assisting the Committee in preparing pleadings and applications as may be necessary to further the Committee's interests and objectives;

  g. Researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

  h. Representing the Committee at hearings and other proceedings.

  i. Reviewing and analyzing applications, orders, statement of operations and schedules filed with the Court and advising the Committee regarding all such materials;

  j. Aiding and enhancing the Committee's participation in formulating a plan;

  k. Assisting the Committee in advising its constituents of the Committee's decisions, including the collection and filing of acceptances and rejections of any proposed plan;

  l. Negotiating and mediating issues relating to the value and payment of claims held by the Committee's constituency; and

  m. Performing such other legal services as may be required and are deemed to be in the interests of the Committee.

6. To the best of the Committee's knowledge, NHK has no connection with the creditors or any other party in interest or their respective attorneys or accountants, except as set forth in the affirmation of Francis J. Brennan, Esq.

7. NHK has advised the Debtors that it intends to bill the Debtors at its normal hourly rates for representation of the Committee as they may change from time to time during the course of the reorganization proceeding. At the time that the Committee is applying to have NHK appointed as its counsel the hourly rate in effect range from $300.00 to $375.00 per hour, depending on the experience of the attorneys rendering services. NHK has also advised the

NH2021-2106082335-765081_0.10

Committee that it intends to bill the Committee at the quoted hourly rates as set forth above based on daily contemporaneous time records submitted for and subject to court approval. From time to time, NHK adjusts the hourly rates for its attorneys in accordance with its business judgment. In the event such adjustments are made during the course of this case, compensation at such rates shall be applied for pursuant to the Bankruptcy Code. In no event shall such adjustments be in amounts different from those NHK charges to its non-bankruptcy clients.

8. NHK did not receive a retainer from the Committee. I am advised by proposed Committee counsel, Mr. Brennan, that Jay E. Russ, Esq., counsel to DIP lender Saratoga Funding LLC, and Kevin Nash, Esq., counsel to the Debtor, have consented to a carveout from the DIP lender's collateral in the amount of $10,000.00 to be applied to attorney's fees and expenses incurred by Committee, as allowed by the Court after due application. The Committee understands that fees and expenses incurred and allowed in excess of the $10,000.00 carveout shall be paid as an administrative expense of the Debtor and its estate to the extent funds are available, or by the Committee. NHK intends to make regular applications to the Court for allowances of compensation. This Court shall fix the compensation of NHK for services rendered to the Committee after due application and hearing pursuant to the rules of this Court.

9. I have reviewed and concur with the accompanying Affirmation of Francis J. Brennan, Esq. of NHK, which is incorporated herein by reference.

NH2021-2106082335-765081_0.10

**WHEREFORE**, the Committee prays for the relief set forth in the annexed Order for which no previous application has been made and for such other and further relief as is just.

Dated: April 29th, 2021
Albany, New York

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: *Linda Golden*
Linda Golden
*Curtis Lumber Co., Inc.*
Committee Chair

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>BLITMAN SARATOGA LLC,<br><br>Debtor. | Chapter 11<br>Case No. 20-23177 (RDD) |

**AFFIRMATION IN SUPPORT OF APPLICATION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUHORITY TO EMPLOY NOLAN HELLER KAUFFMAN LLP AS COUNSEL FOR THE COMMITTEE**

**FRANCIS J. BRENNAN**, declares as follows:

1.  I am a partner with the firm of Nolan Heller Kauffman LLP ("**NHK**"). I am admitted to practice before the courts of the Southern District of New York, and submit this Affirmation in support of the application of the Official Committee of Unsecured Creditors (the "**Committee**") in the Chapter 11 proceeding of Blitman Saratoga LLC ("**Debtor**") to employ NHK as counsel to the Committee pursuant to 11 U.S.C. §327 and§328. I was admitted to the bar of the State of New York in 1998. My practice, and that of the partners and associates of NHK, includes debtor and creditor rights, reorganizations, bankruptcy and commercial litigation. I and the members of NHK regularly appear in the bankruptcy courts of the Northern, Southern, Eastern and Western Districts of New York. I am a member of the panel of Subchapter V Trustees for appointment in the courts of the Northern and Western Districts of New York and the District of Vermont.

2.  NHK is a law firm with offices at 80 State Street, Albany, New York.

3.  Since the date of initial consultation on April 7, 2021, NHK has met and consulted with the members of the Committee, and has rendered legal advice in connection with the Debtor's bankruptcy case.

4.  NHK has no connection with the United States Trustee or any person employed in the office of the United States Trustee.

5.  NHK proposes to provide all legal services in the proceeding to the Committee at its customary hourly rates for bankruptcy work as they may change from time to time during the course of the reorganization proceeding. At the time that the Committee is applying to have NHK appointed as its counsel, the hourly rates in effect range from $300.00 to $375.00 per hour, depending on the experience of the attorneys rendering services. From time to time, NHK adjusts the hourly rates for its attorneys in accordance with its business judgment. In the event such adjustments are made during the course of this case, compensation at such rates shall be applied for pursuant to the Bankruptcy Code. In no event shall such adjustments be in amounts different from those NHK charges to its non-bankruptcy clients.

6.  NHK did not receive a retainer from the Committee. However, Jay E. Russ, Esq., counsel to DIP lender Saratoga Funding LLC, and Kevin Nash, Esq., counsel to the Debtor, have consented to a carveout from the DIP lender's collateral in the amount of $10,000.00 to be applied to attorney's fees and expenses incurred by the Committee, as allowed by the Court after due application. The Committee has been advised and understands that fees and expenses incurred and allowed in excess of the $10,000.00 carveout shall be paid as an administrative expense of the Debtor and its estate to the extent funds are available, or by the Committee. NHK intends to make regular applications to the Court for allowances of compensation. This Court shall fix the

compensation of NHK for services rendered to the Committee after due application and hearing pursuant to the rules of this Court.

7. The services NHK has agreed to perform are set forth in detail in the Debtors' application and the same are incorporated herein by reference.

8. NHK is disinterested as that term is described in 11 U.S.C. § 101(14) and no agreement exists as prohibited by 18 U.S.C. § 155 and § 504.

9. NHK has no connection with the Debtor, any members of the Committee or any of the Debtor's creditors or parties in interest, except with respect to the within proposed retention.

10. It is respectfully submitted that NHK represents no interest adverse to the Committee in matters upon which it is to be engaged and its employment would be in the best interests of these estates. It is respectfully submitted that NHK is disinterested pursuant to 11 U.S.C. §327(a).

11. NHK has agreed to provide legal services to the Committee in connection with these proceedings. Such services are to be billed and paid at the regular hourly rates for the firm as set forth above. Disbursements are to be reimbursed. The firm recognizes that any allowance of compensation for services rendered to the Debtors in connection therewith is subject to the prior approval and authorization of this Court. Your applicant realizes that any application for fees must be supported by detailed contemporaneous time records.

12. The undersigned has advised the Committee of all of the above.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated:**   April 29, 2021
             Albany, New York

_____
FRANCIS J. BRENNAN, ESQ.
*Proposed Counsel for the Official
Committee of Unsecured Creditors*
