UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                                  Chapter 11

Blitman Saratoga LLC,                                         Case No. 20-23177 (RDD)

                                          Debtor.
-----------------------------------------------------------------x

### MOTION FOR AN ORDER FRTHER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. §1121(d)(1)

**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

The motion of Blitman Saratoga LLC (the "Debtor") by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, for an order further extending the Debtor's exclusive period to file a plan of reorganization for ninety (90) days from June 7, 2021 until September 7, 2021, and a corresponding extension of the exclusive period in which to solicit acceptances for sixty (60) days after the first extension period, or until November 8, 2021, pursuant to 11 U.S.C. §1121(d)(1), respectfully represents and shows this Court as follows:

### BACKGROUND

1.      The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

2.      The Debtor is a real estate development which is completing a residential home community known as Beaver Pond Village, located in Saratoga Springs, New York.

3.      As of the Chapter 11 filing date, eight (8) homes were under construction pursuant to various signed purchase contracts. The goal was and remains to complete home construction and closing on the pending contracts.

4. Shortly after the Chapter 11 filing, the Debtor obtained interim and final approve for DIP financing and has resumed construction.

5. While construction is underway, the Debtor is also in discussion with various home buyers and their counsel regarding various options. The Debtor has reached agreements with three of the buyers, and anticipates that motions to approve these agreements will be noticed for hearing with the instant Motion so that sales can go forward.

6. In the interim, the Debtor hereby seeks to maintain the status quo, and is moving for a further extension of the exclusivity period to file a formal plan of reorganization for an additional period of ninety 90 days (without prejudice to future extensions) pursuant to Section 1121(d)(1) of the Bankruptcy Code. The extension will enable the Debtor to make substantial progress on finishing construction, whereupon the Debtor will be in a better position to evaluate the scope of remaining debt to be addressed.

**The Requested Extension Is Warranted Under The Circumstances**

7. The determination of whether sufficient õcauseö exists to grant an extension rests with the sound discretion of the court and should be based upon the facts and circumstances of each individual case. *In re Adelphia Communications Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006); *In re Borders Group, Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011); *In re Texaco Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987); *In re McLean Indus., Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987). While Section 1121(d)(1) of the Bankruptcy Code requires the bankruptcy court to find õcauseö to extend a debtorøs exclusivity period, it is clear from the legislative history of that section that the bankruptcy court is given broad flexibility in making such a determination so as to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, 95th Cong.; 2d Sess 221-222 (1978); *In re Perkins*, 71 B.R. 294 (W.D. Tenn. 1987) (õThe hallmark of Section [1121(d)]

is flexibilityö). *In re Newark Airport/Hotel Ltd. P'ship.*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993)

(notice that Congress designed chapter 11 provision to enable a debtor to remain in control for some

period of time, thereby making reorganization an attractive alternative to financially troubled

companies).

8.      In determining whether cause exists to extend the, the Court may consider a

variety of factors including:

(a)      the size and complexity of the case;
(b)      the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c)      the existence of good faith progress toward reorganization;
(d)      the fact that the debtor is paying its bills as they become due;
(e)      whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f)      whether the debtor has made progress in negotiations with its creditors;
(g)      the amount of time which has elapsed in the case;
(h)      whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtorøs reorganization demands; and
(i)      whether an unresolved contingency exists.

*In re Adelphia*, 352 B.R. at 587, *In re Borders*, 460 at 821-822; *In re McLean Indus.*, 87 B.R. 830

(Bankr. S.D.N.Y. 1987).  However, not all of the *Adelphia* factors are relevant in every case and it is

within the courtøs discretion to determine the relevancy and weight of each such factor. *In re*

*Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (8th Cir. BAP 2003).  Furthermore, although such factors

are helpful, they serve only as a guide and not as required standards for courts to use when

determining whether an extension of the exclusive periods should be granted in a particular case.  *In*

*re R&G Properties, Inc.*, 2009 WL 269696 (Bankr. Vt. 2009).

9.      The Debtor respectfully submits that the relevant *Adelphia* factors favor the

request for an extension of exclusivity, since the construction is ongoing, and until completed, the

magnitude of outstanding debt to be reorganized is not yet known.  Further, as homes are

3

completed, the Debtor will also be in a position to better understand the sources of available cash and funding necessary for a plan.

10.     Based upon available DIP financing, the Debtor is current with its post-petition obligations, and eventually will be in a position to file a formal plan of reorganization.  For all of these reasons, maintaining exclusivity will add to the overall stability of the Chapter 11 case, and thus cause exists to grant the requested extension.

**WHEREFORE,** the Debtor respectfully requests entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated:     New York, New York
            June 7, 2021

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtor*
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700


By:     /s/ J. Ted Donovan, Esq.

4