UNITED STATES BANKRUPTCY COURT       Hearing Date and Time:
SOUTHERN DISTRICT OF NEW YORK      September 1, 2021 at 10:00 a.m.

-----------------------------------------------------------------x

In re:                                   Chapter 11

Blitman Saratoga LLC,                 Case No. 20-23177 (RDD)

                                       Debtor.

-----------------------------------------------------------------x

## NOTICE OF HEARING ON DEBTOR'S MOTION TO APPROVE DEBTOR'S SETTLEMENT WITH AKKER FAMILY

**PLEASE TAKE NOTICE** that upon the annexed motion of Blitman Saratoga LLC (the "Debtor"), a hearing will be held before the Honorable Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York, via Court Solutions on September 1, 2021 at 10:00 a.m. to consider the Debtor's motion for an order approving a settlement with Michael Akker and Lisa Akker.

**PLEASE TAKE FURTHER NOTICE THAT** any party wishing to participate in and/or listen to the hearing can register through Court Solutions at www.court-solutions.com, in accordance with General Order M-543.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, shall be filed in writing through the Clerk's ECF system, with a copy served upon the Debtor's counsel, Kevin J. Nash, Esq., Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, knash@gwfglaw.com, all so as to be received no later than August 25, 2021

Dated: New York, NY
       August 13, 2021

                                   Goldberg Weprin Finkel Goldstein LLP
                                   Attorneys for the Debtor
                                   1501 Broadway, 22nd Floor
                                   New York, New York 10036
                                   (212) 221-5700

                                   By:     /s/ Kevin J. Nash, Esq.

cash deposit of $62,500 (the "Deposit") part of which has been used towards construction ($30,000).

5.    Under the terms of the proposed settlement, the Contract is being terminated so the Debtor can resell the Home. The Debtor will refund approximately 75% of the down payment, through a partial immediate payment and another payment following the resale of the Home.  Financial incentives are built into the agreement to facilitate a re-sale once construction is completed.   A copy of the Stipulation of Settlement is annexed hereto as Exhibit "A" (the "Settlement").

6.    The Debtor submits that the Settlement should be approved pursuant to Fed. R. Bankr. P. 9019(a).  Under long standing principles, the standard of review to be applied under Bankruptcy Rule 9019(a) is whether a settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2nd Cir. 1983), cert. denied, 464 U.S. 822, 104 S. Ct. 89 (1983).

7.    As the Hon. Sean H. Lane has previously explained:

> In approving a settlement, a court must "review the reasonableness of the proposed settlement [and] ... make an informed as to whether the settlement is fair and equitable and in the best interests of the estate." *In re WorldCom, Inc.* 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *see also Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)* 156 B.R. 414, 426 (S.D.N.Y 1993).  The Court, however, need not "conduct a 'mini trial' on the issue.  The Court need only 'canvas the issues' to determine if the 'settlement falls below the lowest point in the range of reasonableness.'" *WorldCom,* 347 B.R. at 137) *quoting In re Teltronics Serv., Inc.,* 762 F.2D 185, 189 (2d Cir. 1985)).
>
> "Settlements or compromises are favored in bankruptcy and, in fact, encouraged..... "In administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which are substantial and reasonable doubts.'" *In re Adelphia Communs. Corp.,* 368 B.R. 140 226 (Bankr.S.D.N.Y.2007) (*quoting Protective Committee for*

2

> *Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2D 1 (1968)). "The decision whether to accept or reject a compromise lies within the sound discretion of the court." *Adelphia,* 368 B.R. at 226. And "[w]hile the bankruptcy court may consider the objections lodged by parties in interest, such objections are not controlling. Similarly, although weight should be given to the opinions of counsel for the debtors and any creditors' committees on the reasonableness of the proposed settlement, the bankruptcy court must still make informed and independent judgement. The Court must consider whether the proposed compromise is fair and equitable by appraising itself of all the factors relevant to an 'assessment of the wisdom of the proposed compromise.' " *WorldCom,* 347 B.R. at 137 (*quoting TMT Trailer,* 390 U.S. at 424, 88 S.Ct. 1157).

*In re AMR Corp.,* 502 B.R. 23, 42-43 9 (Bankr. S.D.NY.2013)

8. In reviewing the Settlement the Court should consider the following factors:

(1) the balance between the litigation's possibility of success and the settlement's future benefits;

(2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on a judgement;

(3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

(4) whether other parties in interest support the settlement;

(5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;

(6) the nature and breadth of releases to be obtained by officers and directors; and

(7) the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC,* 478 F.3d 452, 462 (2d Cir.2007).

9. The Debtor submits the proposed Settlement with the Akkers meets the standard of reasonableness as set forth in *Iridium,* and should be approved.

3

10.    By settling now, the Debtor avoids the expense and risk of litigation, as well as the potential for adverse publicity which might have a deleterious impact on further marketing efforts.  The Debtor also limits its costs in connection with maintaining a deposit bond, while deferring a portion of the settlement payment until the Debtor resells the Home. The Debtor believes that the Home will resell for a price equal to or greater than the current Akker Contract.

**WHEREFORE,** the Debtor respectfully requests entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
        August 13, 2021

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtor*
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700


By:    /s/ Kevin J. Nash, Esq.

4

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                              Chapter 11

Blitman Saratoga LLC                                                Case No. 20-23177 (RDD)

Debtor.

-------------------------------------------------------------------x

## STIPULATION OF SETTLEMENT
## BETWEEN BLITMAN SARATOGA LLC
## AND AKKER FAMILY

**WHEREAS**, Blitman Saratoga LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code on November 6, 2021 and thereafter has continued in possession and management of its assets and property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

**WHEREAS**, prior to the commencement of the Chapter 11 case, the Debtor was a party to an executory contract of sale, dated June 14, 2019 (the "Sales Contract") to build and sell a certain one-family home to Michael Akker and Lisa Akker (the "Akkers"), designated as Lot No. 67 at 11 Jane Street on the map entitled "Beaver Pond Village" Saratoga Springs, N.Y. (the "Property"), for the sum of $625,000 (including cash deposits of $62,500); and

**WHEREAS**, the Akkers have sought to terminate the Sales Contract pursuant to certain pre-petition action based upon the alleged failure of the Debtor to timely obtain a building permit and to pursue construction thereunder; and

**WHEREAS**, the Debtor and the Akkers have reached a settlement to acknowledge termination of the Sales Contract on the terms and conditions set forth below.

Now Therefore,

**IT IS HEREBY STIPULATED AND AGREED** by and between the Debtor and the Akkers as follows:

1.      The Sales Contract is hereby deemed terminated and of no further force and effect.  The Debtor and the Akkers shall have no further claims, rights or interests against each other with respect to the Sales Contract and Property except as provided below.

2.      On the Effective Date hereof, the Akkers authorize the Debtor to release and cancel the existing down payment bond in the sum of $30,000 established in connection with the Sales Contract (the "Bond").

3.      On the Effective Date hereof, the Debtor shall cause the remaining deposits of $32,500 currently held in escrow by the Debtor's pre-petition real estate counsel to be released and returned to the Akkers.

4.      Additionally, as further consideration for the termination of the Sales Contract and release of the bond, the Akkers shall be paid the sum of $15,000 (the "Resale Payment") upon the resale of the Property to another buyer (the "Resale").  This Resale Payment shall be made at the closing of the Resale from the proceeds of sale generated therefrom.  The Akkers shall have a super-priority administrative expense claim in the above captioned bankruptcy case for the sum of $15,000 as security for the Resale Payment.  The Resale shall occur no later than December 31, 2021.  In the event that the Resale does not occur by December 31, 2021 the Akkers' super-priority administrative expense claim shall be increased at a rate of $100 per day for each day after December 31, 2021 that the Property remains unsold and a closing does not occur prior to February 28, 2022.  In addition to the super-priority administrative expense claim, the Akkers shall also have a Contract Vendee's lien, pursuant to

the laws of the State of New York.  If the closing does not close prior to February 28, 2022, then the Akkers shall be paid a total reimbursement of $30,000.

5.      Based on this settlement, the Akkers hereby amend their proof of claim filed in the bankruptcy case, to reflect that their claim is a super-priority administrative expense claim in the sum of $15,000 plus $100 per day commencing on January 1, 2022 subject to a total reimbursement of $30,000 if the sale does not close by February 28, 2022.

6.      In the event that this Stipulation is not signed by the Debtor and its attorney and submitted to the Bankruptcy Court for its approval on or before August 19, 2021, Debtor agrees that it shall promptly refund to the Akkers their entire down payment in the amount of $62,500.

7.      This Stipulation is subject to the approval of the Bankruptcy Court and shall not become effective until such approval is obtained by entry of an order appropriate under Bankruptcy Rule 9019 (the "Effective Date").

8.      This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

9.      The Bankruptcy Court shall have exclusive jurisdiction to adjudicate all matters arising under or in connection with this Stipulation or the Sales Contract.

10.     Except for the rights and claims provided hereunder, the Debtor and the

Akkers otherwise release and discharge each other from any other claims and causes of action.

Dated: New York, NY
       __, 2021

Kevin Laurilliard, Esq.                          Goldberg Weprin Finkel Goldstein LLP
Attorneys for the Akkers                         Attorneys for Debtor
54 State Street                                  1501 Broadway, 22nd Floor
Albany, New York 12207                           New York, New York 10036

By:    /s/ Kevin Laurilliard                     By:    /s/ Kevin J. Nash
       Kevin Laurilliard                                Kevin J. Nash

                                                 Blitman Saratoga LLC

/s/ Michael Akker                                By:    /s/ Thomas Keaney
Michael Akker                                           Thomas Keaney, Manager

/s/ Lisa Akker
Lisa Akker

{00878151.1}                          4