Hearing Date and Time:
September 1, 2021 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

      BLITMAN SARATOGA LLC,

Debtor.

Chapter 11
Case No. 20-23177 (RDD)

**AFFIRMATION IN OPPOSITION TO DEBTOR'S MOTION TO APPROVE DEBTOR'S
SETTLEMENT WITH AKKER FAMILY**

**FRANCIS J. BRENNAN, ESQ.**, an attorney admitted to practice law in the State of New

York and the United States District Court for the Southern District of New York affirms under

penalty of perjury as follows in Opposition to the Debtor's Motion to Approve Debtor's Settlement

with Akker Family (the "Motion"), and respectfully submits the following:

1.      I am a partner in the law firm of Nolan Heller Kauffman, LLP ("NHK") and am

counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11

case of Blitman Saratoga LLC ("Debtor").

2.      The Motion as filed is missing the first page, which presumably sets for the terms

of the Sales Contract[1] for the construction and sale of a single-family home for Michael Akker and

Lisa Akker (the "Akkers") at the Property.

3.      However, based on the information provided in the remainder of the Motion and

the Stipulation of Settlement (the "Stipulation") between the Debtor and the Akkers, the terms of

the Stipulation are:

      a.   The Sales Contract is deemed terminated;

---

[1] Capitalized terms not defined herein shall have the meaning as set forth in the Motion.

b. The Bond[2] is being released and canceled;

c. The $32,500.00 balance of the Deposit being held in escrow by the Debtor will be released and returned to the Akkers;

d. The Akkers will receive $15,000.00 from the proceeds of the Resale of the Property, with the opportunity to receive up to the $30,000.00 balance (the "Deposit Balance") of the Deposit depending on the timing of the closing of a sale of the Property to a subsequent buyer[3];

e. The Deposit Balance will be accorded a super-priority administrative expense claim and the Akkers will be accorded a Contract Vendee's lien.

**The Committee's Objection to the Terms of the Proposed Stipulation**

4. It is respectfully submitted that the terms of the Stipulation fall well below the "lowest point of the range of reasonableness" to justify the Court's approval of the Stipulation.

5. The Stipulation provides that the Sales Contract is "deemed terminated and of no further force and effect". In fact, it is being rejected by the Debtor pursuant to 11 U.S.C. §365(a). Rejection constitutes a breach of the Sales Contract "immediately before the date of the filing of the petition" pursuant to 11 U.S.C. §365(g)(1).

6. As a result of the rejection of the Sales Contract, the Akkers have a general, unsecured claim in the amount of their Deposit, except to the extent of a priority, unsecured claim in the amount of $3,025.00 pursuant to 11 U.S.C. §507(a)(7).

7. The Motion does not describe the terms of the Bond. Further, the Debtor offers no

---

[2] The specific terms of the Bond are not described. Based on the terms of the Stipulation, it appears that the Debtor obtained a bond in the amount of $30,000.00 to secure a portion of the Akkers' deposit.

[3] The Stipulation provides that a resale of the Property must occur by December 31, 2021. If a closing does not occur by that date, the proposed super-priority administrative expense claim increases by $100 per day up to February 28, 2022.

explanation as to why the bond is being canceled rather than being subject to a claim by the Akkers up to the amount of $30,000.00. Presumably, the bond provides a source of recovery for the Akkers up to the face amount of the bond in the event of a default by the Debtor on the Sales Contract. Thus, cancelation of the Bond coupled with the terms of the Stipulation compels the Debtor to pay on a claim for which it previously obtained insurance to cover.

8.      Instead, the Debtor proposes to pay $32,500.00 from funds currently being held in escrow on the Sales Contract to the Akkers; funds that otherwise constitute property of the Debtor's estate pursuant to 11 U.S.C. §541(a).

9.      In addition, the Stipulation provides the Akkers with a super-priority claim priming all other administrative claims, despite the fact that the Bankruptcy Code affords the Akkers only a seventh priority unsecured claim in the amount of $3,025.00 on account of their deposit on the Sales Contract.

10.     Finally, the Stipulation provides the Akkers with a Contract Vendee's lien, notwithstanding that rejection of the Sales Contract cuts off the Akkers' claim to any such lien. In essence, the Debtor proposes to reject the Sales Contract but continue to be burdened by an obligation of that contract; namely, a lien arising from that rejected agreement. As noted by Judge Morris in *In re Balco Equities Ltd*, 323 B.R. 85 (Bankr. S.D.N.Y. 2005) "The vendee's equitable title, so long as it remained such, was subject in the event of the vendor's bankruptcy before delivery of the deed to the statutory power of rejection by the trustee. No logical reason exists why a trustee should be free to divest himself of an onerous contract of personalty and yet be compelled to carry the burdens of an undesirable realty contract." *Id.,* at 100, quoting *In re New York Investors Mut. Group, Inc.*, 143 F.Supp.51, 54 (S.D.N.Y. 1956).

11.     Based on a review of the Debtor's monthly operating reports, as well as its

averments in its motion to extend exclusivity, the Debtor appears to be operating on very slim margins. It has not closed on the sale of any of the properties under contract as of the filing date of the case, and has drawn $550,000.00 on its DIP line of credit. Further, the debtor's responsible officer has asserted that the costs of construction materials has increased substantially with the economic effects of the Covid-19 pandemic to the extent that it may complete some, most or all of its contracts at a loss.

12.     In its response to the objection filed by Steven and Susan Dorsey to the Debtor's motion to extend its exclusive periods to file its disclosure statement and plan and confirm its plan, the Debtor included a status report of the progress of the construction of the various lots in its subdivision. Regarding 11 Jane Street (the Akkers' lot), the Debtor notes that "no work progressing". Based on the description of progress of other lots, it appears that no work has been done on the Akkers' lot. The Debtor does not provide any information as to whether there is a prospective purchaser in a position to sign a contract to purchase the Akkers' lot after their contract is terminated. Given the facts that the Debtor has not completed construction of any of the lots post-petition and has averred that it is having difficulty hiring contractors and sub-contractors to work on the projects and continues to experience delays in obtaining building materials and supplies, it seems more likely than not that the Akkers' super-priority administrative claim will increase at the daily rate provided in the Stipulation up to the proposed maximum amount of $30,000.00.

13.     Under those circumstances, it is entirely incongruous, and well below the lowest range of reasonableness, to contend that the Stipulation should be approved by this Court. Specifically, the Debtor proposes to cancel a bond that otherwise provides coverage for the Akkers' deposit claim up to $30,000.00; grant the Akkers a super-priority administrative claim up

to $30,000.00 along with a Contract Vendee's lien despite the fact that the Sales Contract is being rejected. The Debtor also proposes to pay the Akkers $32,500.00 from estate funds.

14. While it is not yet clear whether the Debtor will be able to propose a plan that results in a dividend to general, unsecured creditors; the terms of the Stipulation guarantee that any such opportunity is going to be short by up to $62,500.00 that is proposed to be paid to the Akkers. Given that the Bankruptcy Code provides far more limited relief to the Akkers, it is respectfully submitted that the proposed Stipulation falls below the lowest point of the range of reasonableness in the exercise of the Debtor's business judgment. Ass a result, the Debtor's Motion should be denied.

WHEREFORE, it is respectfully requested that the Court enter an Order denying the Debtor's Motion, and granting such other and further relief as this Court may deem just and proper.

Dated: August 25, 2021
       Albany, New York

**NOLAN HELLER KAUFFMAN LLP**
*Attorneys for Counsel for the Official
Committee of Unsecured Creditors*

By: _____
Francis J. Brennan, Esq,
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
fbrennan@nhkllp.com