UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Blitman Saratoga LLC,

Debtor.

Chapter 11

Case No. 20-13177 (RDD)

## GRAIG EASTIN AND GIOVANNA EASTIN'S PARTIAL OBJECTION TO MOTION TO APPROVE SETTLEMENT

GRAIG EASTIN and GIOVANNA EASTIN, creditors in the above-captioned proceeding, by and through their undersigned attorneys respectfully submit this partial objection to the Debtor's motion to approve a settlement with the Akker family (ECF Doc. #66).

1.  Graig Eastin and Giovanna Eastin, husband and wife, are creditors in this proceeding. They filed a timely Proof of Claim against the Debtor (Claim No. 7).

2.  The Eastins' claim arises out of a contract that they entered into with the Debtor in August 2018, for the purchase of "49 Jane Street," one of the lots in the subdivision that the Debtor was developing. Like many of the other creditors in this case, the Eastins were frustrated by the Debtor's failure to complete construction of the house at 49 Jane Street and to close on the sale. (Under the terms of the contract, the Debtor was supposed to complete the house and transfer title by September 23, 2019.)

3.  The Eastins filed a pre-petition lawsuit for breach of contract against the Debtor in New York State Supreme Court, Saratoga County, entitled *Graig Eastin and Giovanna Eastin v. Blitman Saratoga LLC, et. al.*, Index No. EF20202554, which was subsequently stayed by the bankruptcy filing.

1

4.   The Eastins' Proof of Claim in this case is for $219,891.56, which includes $143,911.00 for the amounts that the Eastins have already paid the Debtor in earnest money for the house it did not finish, and the rest of which is for other losses that the Eastins incurred as a result of the Debtor's non-performance, itemized in the Proof of Claim.

5.   In the almost two years since the Debtor failed to complete construction by the September 23, 2019 deadline, the Eastins have moved into another home and no longer have need of the house at 49 Jane Street.

6.   My firm has negotiated with the Debtor's counsel about a possible compromise, in which the Debtor would agree to treat the contract for 49 Jane Street as cancelled and market the property to a different buyer.  Under that framework, the Debtor would pay the Eastins a portion of the third-party sale price as partial reimbursement for earnest money they have already paid toward the house.

7.   Annexed hereto as Exhibit A is an April 23, 2021 email from the Debtor's attorney (Kevin Nash) to my colleague Benjamin Neidl, with a draft, proposed Settlement Stipulation with the Eastins.

8.   Annexed hereto as Exhibit B is Mr. Neidl's email response to Mr. Nash with attachments, dated May 14, 2021, which offered some proposed edits to the settlement stipulation.

9.   Mr. Nash has never responded to the May 14, 2021 email.  Since then, my office has left numerous messages for Mr. Nash and sent him multiple emails, requesting a status update on the would-be settlement, and asking if the Debtor still plans to plot that course.  We have received no responses.

10.   We currently have no idea whether the Debtor regards the contract as cancelled, in force, or something else.  On July 21, 2021, the Debtor filed a Status Report with the Court, which

2

listed the purported construction status for seven (7) different houses. (ECF Doc. #62.) For nearly all of the houses, the Status Report named the family name of the buyer associated with the house (i.e., Colone, Guiffre, Bennice, etc.) but for 49 Jane Street (the property that was the subject of my clients' contract), the Status Report did not give the Eastins' name or state any other purchaser name. (Id. pg. 4 of 5.)

11.    The Eastins do not, *per se*, object to the Debtor's apparent proposed settlement with the Akker family.    However, we respectfully submit that before the Court begins approving piecemeal settlements with individual buyers, the Debtor should be made to give a full and complete accounting of what its plans are with respect to each of the properties, including 49 Jane Street. Knowing the current disposition regarding the whole inventory of properties would assist the Court in determining whether to approve any particular settlement, and it would also, hopefully, give the Eastins answers they have been waiting on for months, as to whether the Debtor will regard their contract as cancelled and, if so, what relief the Debtor intends to offer as to the $143,911.00 that the Eastins deposited with the Debtor concerning that property.

Dated: Troy, New York
          August 23, 2021

Respectfully submitted,

E. STEWART JONES HACKER MURPHY LLP


By:    _____/s/_____
          John F. Harwick, Esq.
          *Attorneys for Graig and Giovanna Eastin*
          28 Second Street
          Troy, N.Y. 12180
          (518) 274-5820
          Jharwick@joneshacker.com

# Exhibit A

| From: | Kevin Nash |
|---|---|
| To: | Ben Neidl |
| Cc: | thomas.p.keaney@gmail.com; "Kevin Nash" |
| Subject: | Beaver Pond - Saratoga Springs/Eastin Family |
| Date: | Friday, April 23, 2021 9:00:25 AM |
| Attachments: | Settlement - Eastin Family 4.19.21 v3.docx |

Attached is the proposed stipulation of settlement for your review.

Kevin J. Nash, Esq.

**Goldberg Weprin Finkel Goldstein LLP**

1501 Broadway, 22nd Floor

New York, New York 10036

Phone: (212) 221-5700

Direct: (212) 301-6944

Fax: (212) 221-6532

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Fraud Prevention: In the event this e-mail or any e-mail from this law firm modifies any direction to wire funds or make payment of any kind, such modification shall be ineffective and void unless the modification is confirmed telephonically by the designated member of this law firm.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                                       Chapter 11

Blitman Saratoga LLC                                         Case No. 20-23177 (RDD)

                              Debtor.

---------------------------------------------------------------x

## STIPULATION OF SETTLEMENT
## BETWEEN BLITMAN SARATOGA LLC
## AND EASTIN FAMILY

WHEREAS, Blitman Saratoga LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code on November 6, 2021 and thereafter has continued in possession and management of its assets and property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

WHEREAS, prior to the commencement of the Chapter 11 case, the Debtor was a party to a executory contract of sale, dated August 30, 2018 (the "Sales Contract") to build and sell a certain one-family home to Graig Eastin and Giovanna Eastin (the "Eastins"), designated as Lot No. 18 at 49 Jane Street on the map entitled "Beaver Pond Village" Saratoga Springs, N.Y. (the "Property"), for the sum of $425,000 (including cash deposits of $42,500);

WHEREAS, in connection with the Sales Contract, the Eastins agreed to "extras" amounting to $150,408 and previously paid the Debtor the sum of approximately $101,000 on account of the "extras".

WHEREAS, the Eastins have sought to terminate the Sales Contract pursuant to a certain pre-petition action filed in the Supreme Court, Saratoga County based upon the alleged failure of the Debtor to timely close thereunder; and

1

**WHEREAS**, the Debtor and the Eastins have reached a settlement to acknowledge termination of the Sales Contract on the terms and conditions set forth below.

Now Therefore,

**IT IS HEREBY STIPULATED AND AGREED** by and between the Debtor and the Eastins as follows:

1.      The Sales Contract is hereby deemed terminated and of no further force and effect. The Debtor and the Eastins shall have no further claims, rights or interests against each other with respect to the Sales Contract and Property except as provided below.

2.      On the Effective Date hereof, the Eastins authorize the Debtor to release and cancel the existing down payment bond (No. BMYD906898) in the sum of $40,000 established in connection with the Sales Contract (the "Bond").

3.      On the Effective Date hereof, the Debtor shall cause the non-bonded deposit of $2,750 currently held in escrow by the Debtor's pre-petition real estate counsel, to be released and returned to the Eastins.

4.      Additionally, as further consideration for the termination of the Sales Contract and release of the bond, the Eastins shall be paid the sum of $77,250 (the "Resale Payment") upon the resale of the Property to another buyer (the "Resale"). This Resale Payment shall be made at the closing of the Resale from the proceeds of sale generated therefrom. The Eastins shall have a super-priority administrative expense claim in the sum of $77,250 as security for the Resale Payment. The Resale shall occur no later than July 31, 2021, failing which the Eastins' super-priority administrative expense claim shall be increased at a rate of $100 per day for each day after July 31, 2021 that the Property remains unsold and a closing does not occur.

2

5.     On the Effective Date, the Eastins shall file a stipulation of discontinuance with prejudice in connection with any state court litigation against the Debtor. Additionally, based upon this settlement, the Eastins hereby withdraw the proof of claim filed in the bankruptcy case.

6.     As of the Effective Date, the Eastins are released and discharged from any liability and claims of third-party contractors or vendors which previously performed services and/or delivered goods and materials to the Property relating to any "extras" (past or future). The Debtor shall indemnify and hold the Eastins harmless with respect to any claims of third parties relating to prior services and/or delivery of goods and materials at the Property for "extras" (past or present).

7.     This Stipulation is subject to the approval of the Bankruptcy Court and shall not become effective until such approval is obtained by entry of an order appropriate under Bankruptcy Rule 9019 (the "Effective Date").

8.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

9.     The Bankruptcy Court shall have exclusive jurisdiction to adjudicate all matters arising under or in connection with this Stipulation or the Sales Contract.

3

10.     Except for the rights and claims provided hereunder, the Debtor and the Eastins otherwise release and discharge each other from any other claims and causes of action.

Dated: New York, NY
       April __, 2021

Jones Hacker Murphy LLP
Attorneys for the Eastins
511 Broadway
Saratoga Springs, New York 12866

By: _____
      Benjamin Neidl

Goldberg Weprin Finkel Goldstein LLP
Attorneys for Debtor
1501 Broadway, 22nd Floor
New York, New York 10036

By: _____
      Kevin J. Nash

Blitman Saratoga LLC

By: _____
      Thomas Keaney, Manager

_____
Graig Eastin

_____
Giovanna Eastin

4

# Exhibit B

| From: | Ben Neidl |
|---|---|
| To: | Kevin Nash |
| Cc: | thomas.p.keaney@gmail.com |
| Subject: | RE: Beaver Pond - Saratoga Springs/Eastin Family |
| Date: | Friday, May 14, 2021 1:35:08 PM |
| Attachments: | Stipulation (revised BFN - 5.14.21 CLEAN).docx |
| | Stipulation (revised BFN - 5.14.21 REDLINE).docx |
| | image001.png |
| | image002.jpg |

Kevin, after conferring with my clients I have made a few, minor proposed changes. If you have any questions about these let me know.

**Ben Neidl**
Attorney

200 Harborside Drive
Suite 300
Schenectady, N.Y. 12305
bneidl@joneshacker.com
www.joneshacker.com
D: (518)270-1253
O: (518)274-5820
F: (518)274-5875

**From:** Kevin Nash <knash@gwfglaw.com>
**Sent:** Friday, April 23, 2021 9:00 AM
**To:** Ben Neidl <bneidl@joneshacker.com>
**Cc:** thomas.p.keaney@gmail.com; 'Kevin Nash' <knash@gwfglaw.com>
**Subject:** Beaver Pond - Saratoga Springs/Eastin Family

Attached is the proposed stipulation of settlement for your review.

Kevin J. Nash, Esq.
**Goldberg Weprin Finkel Goldstein LLP**
1501 Broadway, 22nd Floor
New York, New York 10036
Phone: (212) 221-5700
Direct: (212) 301-6944
Fax: (212) 221-6532

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or

recommending to another party any transaction or matter addressed herein.

Fraud Prevention: In the event this e-mail or any e-mail from this law firm modifies any direction to wire funds or make payment of any kind, such modification shall be ineffective and void unless the modification is confirmed telephonically by the designated member of this law firm.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                      Chapter 11

Blitman Saratoga LLC                                        Case No. 20-23177 (RDD)

                            Debtor.

------------------------------------------------------------x

### STIPULATION OF SETTLEMENT
### BETWEEN BLITMAN SARATOGA LLC
### AND EASTIN FAMILY

**WHEREAS**, Blitman Saratoga LLC (the "Debtor") filed a voluntary petition under

Chapter 11 of the U.S. Bankruptcy Code on November 6, 2021 and thereafter has continued in

possession and management of its assets and property as a debtor-in-possession pursuant to 11

U.S.C. §§ 1107 and 1108; and

**WHEREAS**, prior to the commencement of the Chapter 11 case, the Debtor was a

party to a executory contract of sale, dated August 30, 2018 (the "Sales Contract") to build and

sell a certain one-family home to Graig Eastin and Giovanna Eastin (the "Eastins"), designated as

Lot No. 18 at 49 Jane Street on the map entitled "Beaver Pond Village" Saratoga Springs, N.Y.

(the "Property"), for the sum of $425,000 (including cash deposits of $42,500);

**WHEREAS**, in connection with the Sales Contract, the Eastins agreed to "extras"

amounting to $150,408 and previously paid the Debtor the sum of approximately $104,000 on

account of the "extras".

**WHEREAS**, the Eastins have sought to terminate the Sales Contract pursuant to a

certain pre-petition action filed in the Supreme Court, Saratoga County based upon the alleged

failure of the Debtor to timely close thereunder; and

1

**WHEREAS**, the Debtor and the Eastins have reached a settlement to acknowledge termination of the Sales Contract on the terms and conditions set forth below.

Now Therefore,

**IT IS HEREBY STIPULATED AND AGREED** by and between the Debtor and the Eastins as follows:

1.     As of the Effective Date (defined below) the Sales Contract shall be deemed terminated and of no further force and effect.  The Debtor and the Eastins shall have no further claims, rights or interests against each other with respect to the Sales Contract and Property except as provided below.

2.     On the Effective Date hereof, the Eastins authorize the Debtor to release and cancel the existing down payment bond (No. BMYD906898) in the sum of $40,000 established in connection with the Sales Contract (the "Bond").

3.     On the Effective Date hereof, the Debtor shall cause the non-bonded deposit of $2,750 currently held in escrow by the Debtor's pre-petition real estate counsel, to be released and returned to the Eastins.

4.     Additionally, as further consideration for the termination of the Sales Contract and release of the bond, the Eastins shall be paid the sum of $77,250 (the "Resale Payment") upon the resale of the Property to another buyer (the "Resale").  This Resale Payment shall be made at the closing of the Resale from the proceeds of sale generated therefrom.  The Eastins shall have a super-priority administrative expense claim in the sum of $77,250 as security for the Resale Payment.  The Resale shall occur no later than July 31, 2021, failing which the Eastins' super-priority administrative expense claim shall be increased at a rate of $100 per day for each day after July 31, 2021 that the Property remains unsold and a closing does not occur.

2

5.    On the Effective Date, the Eastins shall file a stipulation of discontinuance with prejudice in connection with any state court litigation against the Debtor. Additionally, based upon this settlement, upon the Effective Date the Eastins shall be deemed to withdraw the proof of claim filed in the bankruptcy case.

6.    As of the Effective Date, the Eastins are released and discharged from any liability and claims of third-party contractors or vendors which previously performed services and/or delivered goods and materials to the Property relating to any "extras" (past or future). The Debtor shall indemnify and hold the Eastins harmless with respect to any claims of third parties relating to prior services and/or delivery of goods and materials at the Property for "extras" (past or present), including, without limitation, as to the following third parties: John D. Marcella Appliances, Curtis Lumber, Granite Works, Precision Upstate, Hill Electric Supply Co., and Floor Source.

7.    This Stipulation is subject to the approval of the Bankruptcy Court and shall not become effective until such approval is obtained by entry of an order appropriate under Bankruptcy Rule 9019 (the "Effective Date").

8.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

9.    The Bankruptcy Court shall have exclusive jurisdiction to adjudicate all matters arising under or in connection with this Stipulation or the Sales Contract.

10. Except for the rights and claims provided hereunder, the Debtor and the

Eastins otherwise release and discharge each other from any other claims and causes of action.

Dated: New York, NY
April __, 2021

Jones Hacker Murphy LLP          Goldberg Weprin Finkel Goldstein LLP
Attorneys for the Eastins        Attorneys for Debtor
511 Broadway                     1501 Broadway, 22nd Floor
Saratoga Springs, New York 12866 New York, New York 10036

By: _____     By: _____
    Benjamin Neidl                    Kevin J. Nash

                                 Blitman Saratoga LLC

                                 By: _____
_____             Thomas Keaney, Manager
Graig Eastin

_____
Giovanna Eastin

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                              Chapter 11

Blitman Saratoga LLC                                Case No. 20-23177 (RDD)

                          Debtor.

-------------------------------------------------------------x

### STIPULATION OF SETTLEMENT
### BETWEEN BLITMAN SARATOGA LLC
### AND EASTIN FAMILY

**WHEREAS**, Blitman Saratoga LLC (the "Debtor") filed a voluntary petition under

Chapter 11 of the U.S. Bankruptcy Code on November 6, 2021 and thereafter has continued in

possession and management of its assets and property as a debtor-in-possession pursuant to 11

U.S.C. §§ 1107 and 1108; and

**WHEREAS**, prior to the commencement of the Chapter 11 case, the Debtor was a

party to a executory contract of sale, dated August 30, 2018 (the "Sales Contract") to build and

sell a certain one-family home to Graig Eastin and Giovanna Eastin (the "Eastins"), designated as

Lot No. 18 at 49 Jane Street on the map entitled "Beaver Pond Village" Saratoga Springs, N.Y.

(the "Property"), for the sum of $425,000 (including cash deposits of $42,500);

**WHEREAS**, in connection with the Sales Contract, the Eastins agreed to "extras"

amounting to $150,408 and previously paid the Debtor the sum of approximately $104,000 on

account of the "extras".

**WHEREAS**, the Eastins have sought to terminate the Sales Contract pursuant to a

certain pre-petition action filed in the Supreme Court, Saratoga County based upon the alleged

failure of the Debtor to timely close thereunder; and

1

**WHEREAS**, the Debtor and the Eastins have reached a settlement to acknowledge termination of the Sales Contract on the terms and conditions set forth below.

Now Therefore,

**IT IS HEREBY STIPULATED AND AGREED** by and between the Debtor and the Eastins as follows:

1. As of the Effective Date (defined below) t~~T~~he Sales Contract shall be deemed~~is hereby deemed~~ terminated and of no further force and effect. The Debtor and the Eastins shall have no further claims, rights or interests against each other with respect to the Sales Contract and Property except as provided below.

2. On the Effective Date hereof, the Eastins authorize the Debtor to release and cancel the existing down payment bond (No. BMYD906898) in the sum of $40,000 established in connection with the Sales Contract (the "Bond").

3. On the Effective Date hereof, the Debtor shall cause the non-bonded deposit of $2,750 currently held in escrow by the Debtor's pre-petition real estate counsel, to be released and returned to the Eastins.

4. Additionally, as further consideration for the termination of the Sales Contract and release of the bond, the Eastins shall be paid the sum of $77,250 (the "Resale Payment") upon the resale of the Property to another buyer (the "Resale"). This Resale Payment shall be made at the closing of the Resale from the proceeds of sale generated therefrom. The Eastins shall have a super-priority administrative expense claim in the sum of $77,250 as security for the Resale Payment. The Resale shall occur no later than July 31, 2021, failing which the Eastins' super-priority administrative expense claim shall be increased at a rate of $100 per day for each day after July 31, 2021 that the Property remains unsold and a closing does not occur.

2

5. On the Effective Date, the Eastins shall file a stipulation of discontinuance with prejudice in connection with any state court litigation against the Debtor. Additionally, based upon this settlement, upon the Effective Date the Eastins shall be deemed to hereby withdraw the proof of claim filed in the bankruptcy case.

6. As of the Effective Date, the Eastins are released and discharged from any liability and claims of third-party contractors or vendors which previously performed services and/or delivered goods and materials to the Property relating to any "extras" (past or future). The Debtor shall indemnify and hold the Eastins harmless with respect to any claims of third parties relating to prior services and/or delivery of goods and materials at the Property for "extras" (past or present), including, without limitation, as to the following third parties: John D. Marcella Appliances, Curtis Lumber, Granite Works, Precision Upstate, Hill Electric Supply Co., and Floor Source.

7. This Stipulation is subject to the approval of the Bankruptcy Court and shall not become effective until such approval is obtained by entry of an order appropriate under Bankruptcy Rule 9019 (the "Effective Date").

8. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

9. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate all matters arising under or in connection with this Stipulation or the Sales Contract.

3

10.   Except for the rights and claims provided hereunder, the Debtor and the Eastins otherwise release and discharge each other from any other claims and causes of action.

Dated: New York, NY
      April __, 2021

Jones Hacker Murphy LLP          Goldberg Weprin Finkel Goldstein LLP
Attorneys for the Eastins          Attorneys for Debtor
511 Broadway          1501 Broadway, 22nd Floor
Saratoga Springs, New York 12866      New York, New York 10036

By: _____          By: _____
     Benjamin Neidl           Kevin J. Nash

                             Blitman Saratoga LLC

_____          By: _____
Graig Eastin            Thomas Keaney, Manager

_____
Giovanna Eastin

4