UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

BLITMAN SARATOGA LLC,

Debtor.

Chapter 11
Case No. 20-23177
(RDD)

### AFFIRMATION IN SUPPORT TO DEBTOR'S MOTION TO APPROVE DEBTOR'S SETTLEMENT WITH AKKER FAMILY

**KEVIN LAURILLIARD, ESQ**., hereby affirms, under the penalty of perjury:

1. I am an attorney duly admitted to practice law in the State of New York and this court. My law firm, O'Connell & Aronowitz represents Akker family (hereinafter "Akker"). This affirmation is submitted in reply to the objections filed to Debtor's motion to approve the settlement between the Debtor and Akker, including the objection filed by the Official Committee of Unsecured Creditors' (hereinafter "Committee") "Affirmation in Opposition" dated August 25, 2021, and also in support of "Debtor's Motion to Approve Debtor's Settlement with Akker" dated August 13, 2021.

2. Akker has consistently demanded that the Debtor return their escrowed security deposit and payments. Under New York law, said monies remain property of Akker based upon the failure of Debtor to timely obtain a building permit and to pursue construction thereunder. Rather than return Akker's security deposit of $62,500, Debtor offered to return only $32,000 to Akker and to provide Akker the possibility of recovering an additional 32,500. The Debtor and Akker have reached a settlement on the terms and conditions set out within the "Stipulation of Settlement Between Blitman

{O0886557.1}

Saratoga LLC and Akker Family."

3.  The Committee's affirmation alleges that the Stipulation of Settlement (the "Stipulation") between the Debtors and Akkers falls below the "lowest point of the range of reasonableness[1]." This is incorrect.

### (A) The Stipulation is Beneficial to the Debtor and Committee

1.  The Stipulation resolves the claim by Akker against the Debtor, which would have been more deleterious to the Debtor since Akker would be eligible to receive the full $62,500 deposit being held in escrow according to the executed Escrow Agreement (See section "B" below).

2.  Instead, Akker has agreed to stipulate to the amount of $45,000 in total provided that the house is sold by December 31, 2021.

3.  By approving this stipulation, the Debtor is afforded the ability to retain $15,000 that has been paid by Akker, to avoid further expense and risk of litigation, as well as the potential for adverse publicity, which may have an adverse impact on the Debtor's future marketing attempts.

4.  The Debtor maintains the belief that this settlement also limits its costs in connection to maintaining a deposit bond for Akker's, while also deferring a portion of

---

[1] The factors to consider in approving a settlement include: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining. *In re Iridium Operating LLC,* 478 F.3d 452, 462 (2d Cir.2007)

{O0886557.1}

the settlement until the Debtor can resell the home. According to the "Notice of Hearing on Debtor's Motion to Approve Debtor's Settlement with Akker Family (the "Motion to Approve"), the Debtor "believes that the Home will resell for a price equal to or greater than the current Akker contract."

**(B) <u>Akker Was Entitled to Seek Repayment of the Deposited Money</u>**

   **<u>Pursuant to the Language of the Sales Contract and Escrow Agreement</u>**

5.   Under paragraph 24 of the Sales Contract, the debtor was afforded the following rights:

> The Seller shall comply with the escrow and trust fund requirements of New York General Business Law Sections 352-e(2-b) and 352 (h) and Section 22.3(k) of the Department of Law's Regulations, and all Down Payment funds paid by Akker shall be handled in accordance with these statutes and regulations. All Down Payments made by Akker prior to closing of this transaction shall be held pursuant to a written Escrow Agreement entered into between the Sponsor, Akker, and the Escrow Agent, attached hereto as a Rider to the Purchase Agreement (Exhibit "B").

6.   Moreover, paragraph 3.2 of the executed Escrow Agreement states:

"ESCROW AGENT shall release the Deposit to AKKER or [DEBTOR] as directed:
   3.2.1 pursuant to terms and conditions set forth in the Purchase Agreement and this Agreement, upon closing of title to the ownership interest;

   3.2.2 in a subsequent writing signed by both [DEBTOR] and AKKER".

7.   Based upon the preceding contract provisions, Akker maintained a right to the immediate return of their deposit (totaling $62,500), being held pursuant to the written Escrow Agreement following the agreed upon Stipulation between the Debtor and Akker. This assertion is supported further in section "C" below.

{O0886557.1}

Despite that, Akker has negotiated and agreed to the Stipulation that allows for an additional $15,000 to remain in possession of the Debtor.

## (C) **Akker Was Entitled to Seek Repayment of the Deposited Money Pursuant to New York Lien Law section 71**

8. New York Lien Law 71-a (3)(a) states the following:

"The initial advance pursuant to a contract of sale which by its terms provides for or is incidental to a contract providing for the construction on the subject real property of residential condominium unit or any structure designed solely for residential occupancy of not more than two families living separately, on property to be purchased shall, at the vendee's option, be deposited within five business days thereafter by the recipient in an interest bearing escrow account in a bank, trust company, savings bank, state or federal savings and loan association, located in this state. *Such deposit, together with the interest accumulated thereon, shall remain the property of the vendee except as otherwise provided herein.* The recipient shall advise the vendee in writing of the name of the depository where the funds have been placed within ten business days after such deposit has been made." *(Emphasis added)*

9. New York Lien Law 71-a (3) (d) states the following:

Such advance shall be retained in the escrow account or such bond or contract of indemnity continued in effect until the trust is terminated (i) by the recipient's performance of the terms of the contract of sale; or (ii) by default of the vendee excusing the recipients performance of the terms of the contract of sale, or (iii) *by release or discharge of the recipient's performance of the terms of the contract of sale*, or (iv) upon transfer of title or real property to the vendee. *(Emphasis added)*

Due to the language articulated above (See *emphasized* text), the deposits made by Akker remain the property of Akker and shall be retained in an escrow account until the trust is terminated pursuant to 71-a (3)(d). Upon termination of the Sales Contract, Akker was then entitled to the immediate return of any deposit made pursuant to the Sales Contract that was held in the form of an escrow account.

{O0886557.1}

**(D) <u>Akker Was Entitled to Seek Repayment of the Deposited Money According
to Applicable Case Law.</u>**

10. "An equitable lien may be granted in favor of a person who, due to the nature of his
or her relationship with a property owner, has relied upon that owner's unfulfilled promise
to convey the property, and as a result has expended funds to preserve or improve it in
anticipation of the conveyance (see, *Johnston v. Martin*, 183 A.D.2d 1019, 1020, 583
N.Y.S.2d 615; see also, \*\*411 75 NY Jur 2d, Liens, § 20, at 69–70). *Fallica v. Manzolillo*,
210 A.D.2d 660, 661, 619 N.Y.S.2d 409, 410–11 (1994)

11. "The existence of an equitable lien requires an express or implied contract
concerning specifically identified or identifiable property. If express, the agreement must
clearly indicate an intent that the property described is to be held, given or transferred as
security for the obligation (*James v. Alderton Dock Yards*, 256 N.Y. 298, 303, 176 N.E.
401)." *Thorne Real Est., Inc. v. Nezelek*, 100 A.D.2d 651, 652, 473 N.Y.S.2d 82, 83 (1984)

12. Upon information and belief, Akker has a vendee's lien. Akker has the right to the
return of the full $62,500 deposit yet negotiated a compromise that allows the Debtor and,
therefore, unsecured creditors to benefit financially.

13. As a result, Debtor's Motion should be granted as it satisfies the standard of
"lowest point of the range of reasonableness," when the benefits to all parties to this Sales
Contract are considered.

{O0886557.1}

WHEREFORE, it is respectfully requested that the Court enter an Order approving the Debtor's Motion and granting such other and further relief as this Court may deem proper.

Dated: August 27, 2021                                    O'CONNELL & ARONOWITZ P.C

_Kevin Laurilliard_
_____
Kevin Laurilliard, Esq.
Attorneys for Akker Family
54 State Street, 9th Floor
Albany, New York 12207
518-396-6599
klaurilliard@oalaw.com

{O0886557.1}