UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date and Time:
December 1, 2021 at 10:00 a.m.

-------------------------------------------------------------x

In re:

Chapter 11

Blitman Saratoga LLC,

Case No. 20-23177 (RDD)

                                              Debtor.

-------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTOR'S MOTION TO APPROVE
### DEBTOR'S SETTLEMENT WITH COLONE FAMILY

**PLEASE TAKE NOTICE** that upon the annexed motion of Blitman Saratoga LLC (the "Debtor"), a hearing will be held before the Honorable Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York, via Court Solutions on December 1, 2021 at 10:00 a.m. to consider the Debtor's motion for an order approving a settlement with Frank G. Colone and Margaret E. Colone.

**PLEASE TAKE FURTHER NOTICE THAT** any party wishing to participate in and/or listen to the hearing can register through Court Solutions at www.court-solutions.com, in accordance with General Order M-543.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, shall be filed in writing through the Clerk's ECF system, with a copy served upon the Debtor's counsel, Kevin J. Nash, Esq., Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, knash@gwfglaw.com, all so as to be received no later than November 24, 2021

Dated: New York, NY
       October 27, 2021

                                   Goldberg Weprin Finkel Goldstein LLP
                                   Attorneys for the Debtor
                                   1501 Broadway, 22nd Floor
                                   New York, New York 10036
                                   (212) 221-5700


                                   By:      /s/ Kevin J. Nash, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 11

Blitman Saratoga LLC,                                           Case No. 20-23177 (RDD)

                                    Debtor.
-------------------------------------------------------------x

## MOTION FOR AN ORDER APPROVING DEBTOR'S SETTLEMENT WITH COLONE FAMILY

**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

The motion of Blitman Saratoga LLC (the "Debtor") by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, for an order approving a settlement with Frank G. Colone and Margaret E. Colone (the "Colones") arising out of pre-petition contract for the construction and sale of a residential home, respectfully represents and shows this Court as follows:

1.      The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6,  2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

2.      The Debtor is a real estate development company which is completing a residential community known as "Beaver Pond Village", located in Saratoga Springs, New York after the project stalled for a variety of reasons.

3.      Following the commencement of the Chapter 11 case, the Debtor obtained approval of DIP loans to resume construction of the eight remaining homes under construction.

4.      One of the pre-petition contracts (the "Contract") is between the Debtor and the Colones for the sale of the property designated as Lot No. 13 at 59 Jane Street on the map

entitled "Beaver Pond Village" Saratoga Springs, N.Y. (the "Home"), for the sum of $481,000, including a cash deposit of $48,100 (the "Deposit").

5.      Thereafter, the parties agreed to a series of upgrades totaling $105,910, against which the Colones made pre-payments totaling $76,405 (the "Pre-Payments") , so that if the Home were to be built according the original Contract including all upgrade, the total purchase price would be $586,910, less the Deposit and the Pre-Payments for a total due at closing of $462,405.

6.      Following the Chapter 11 filing, the Colones have alleged that the Debtor breached the Contract by failing to close timely thereunder.   Therefore, the parties have since entered into comprehensive negotiations over a period of several months to maintain the Contract, subject to adjustments.

7.      Under the terms of the proposed settlement, the Contract is being modified so that the sale to the Colones can be consummated, with the closing to take place no later than December 31, 2021, and a $20,000 credit against the purchase price to cover certain work relating to the sprinklers, landscaping and basement floor tiling which will be performed by the Colones, not the Debtor.   A copy of the Stipulation of Settlement is annexed hereto as Exhibit "A" (the "Settlement").

8.      The Debtor submits that the Settlement should be approved pursuant to Fed. R. Bankr. P. 9019(a).   Under long standing principles, the standard of review to be applied under Bankruptcy Rule 9019(a) is whether a settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2nd Cir. 1983), cert. denied, 464 U.S. 822, 104 S. Ct. 89 (1983).

9.      As the Hon. Sean H. Lane has previously explained:

In approving a settlement, a court must "review the reasonableness of the proposed settlement [and] … make an informed as to

whether the settlement is fair and equitable and in the best interests of the estate." *In re WorldCom, Inc.* 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *see also Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)* 156 B.R. 414, 426 (S.D.N.Y 1993). The Court, however, need not "conduct a 'mini trial' on the issue. The Court need only 'canvas the issues' to determine if the 'settlement falls below the lowest point in the range of reasonableness.'" *WorldCom*, 347 B.R. at 137) *quoting In re Teltronics Serv., Inc.*, 762 F.2D 185, 189 (2d Cir. 1985)).

"Settlements or compromises are favored in bankruptcy and, in fact, encouraged….. "In administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which are substantial and reasonable doubts.'" *In re Adelphia Communs. Corp.*, 368 B.R. 140 226 (Bankr.S.D.N.Y.2007) (*quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2D 1 (1968)). "The decision whether to accept or reject a compromise lies within the sound discretion of the court." *Adelphia*, 368 B.R. at 226. And "[w]hile the bankruptcy court may consider the objections lodged by parties in interest, such objections are not controlling. Similarly, although weight should be given to the opinions of counsel for the debtors and any creditors' committees on the reasonableness of the proposed settlement, the bankruptcy court must still make informed and independent judgement. The Court must consider whether the proposed compromise is fair and equitable by appraising itself of all the factors relevant to an 'assessment of the wisdom of the proposed compromise.' " *WorldCom*, 347 B.R. at 137 (*quoting TMT Trailer*, 390 U.S. at 424, 88 S.Ct. 1157).

*In re AMR Corp.*, 502 B.R. 23, 42-43 9 (Bankr. S.D.NY.2013)

10.    In reviewing the Settlement the Court should consider the following factors:

(1)    the balance between the litigation's possibility of success and the settlement's future benefits;

(2)    the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on a judgement;

(3)    the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

(4)    whether other parties in interest support the settlement;

    (5)    the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;

    (6)    the nature and breadth of releases to be obtained by officers and directors; and

    (7)    the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC,* 478 F.3d 452, 462 (2d Cir.2007).

11.    The Debtor submits the proposed Settlement with the Colones meets the standard of reasonableness as set forth in *Iridium*, and should be approved.

12.    By settling now, the Debtor will be in a position to consummate the sale, which will provide liquidity and the potential loss of the sale, as well as the expense and risk of litigation over damages. Moreover, the sale of the Home will potentially generate positive publicity and confidence Debtor with respect to the on-going marketing of the remaining Lots.

**WHEREFORE,** the Debtor respectfully requests entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
       October 27, 2021

                            Goldberg Weprin Finkel Goldstein LLP
                            *Attorneys for the Debtor*
                            1501 Broadway, 22nd Floor
                            New York, NY 10036
                            (212) 221-5700

                          By:    /s/ Kevin J. Nash, Esq.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                      Chapter 11

Blitman Saratoga LLC                                        Case No. 20-23177 (RDD)

                                    Debtor.
-------------------------------------------------------------x

## STIPULATION OF SETTLEMENT
## BETWEEN BLITMAN SARATOGA LLC
## AND COLONE FAMILY

**WHEREAS**, Blitman Saratoga LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code on November 6, 2021 and thereafter has continued in possession and management of its assets and property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

**WHEREAS**, prior to the commencement of the Chapter 11 case, the Debtor was a party to a certain contract of sale, dated October 10, 2018 (the "Sales Contract"), to build and sell a certain single-family residential home to Frank G. Colone and Margaret E. Colone (the "Colones"), designated as Lot No. 13 located at 59 Jane Street on the map entitled "Beaver Pond Village" Saratoga Springs, N.Y. (the "Property"), in the sum of $481,000 (including the deposit of $48,100, which was paid by the Colones in two installments, on November 5, 2018 and April 2, 2019); and

**WHEREAS**, the Debtor and the Colones subsequently agreed to certain "Miscellaneous Selections" or upgrades to the Property for a total additional cost of $49,395, specifically:

a)       An exterior vent, at an additional cost of $485;

1

DocuSign Envelope ID: 049B4CD3-092B-4F35-ACB0-8394436E4719

WHEREAS, the Colones have asserted that the Debtor breached the Sales Contract pre-petition based upon the alleged failure of the Debtor to timely close thereunder; and

WHEREAS, the Debtor and the Colones have reached a settlement to ratify, reaffirm and reinstate the Sales Contract subject to the agreed modifications set forth below.

Now Therefore,

IT IS HEREBY STIPULATED AND AGREED by and between the Debtor and the Colones as follows:

1.      The Sales Contract as modified below is hereby deemed to be in full force and effect without default by the Debtor.

2.      The Sales Contract is hereby modified as follows:

    a.      The closing date on the sale of the Property shall occur no later than December 31, 2021 (if not sooner) subject to all other terms, conditions and covenants under the Sale Contract (except as modified hereunder) including delivery of a certificate of occupancy. The Colones shall receive a credit in the sum of $20,000 at closing. The credit of $20,000 shall cover costs relating to the installation of sprinklers, landscaping, and basement floor tiling. For the avoidance of doubt:

        i.   Sprinklers: The Colones shall be solely responsible for installing sprinklers on the Property.

        ii.  Landscaping: The Debtor shall bring the Property to "final grade." The Debtor shall be solely responsible for installing the driveway. The Colones shall be solely responsible for all other landscaping costs.

        iii. Basement floor tiling: The Colones shall be solely responsible for installing basement floor tiling.

    b.      Accordingly, the Colones shall owe the Debtor $442,405 at closing (i.e., $462,405 minus the $20,000 credit), provided that the Property is built in accordance with the Sales Contract and includes all of the upgrades set forth above, except as referenced in the preceding subparagraph. To the extent the Property does not include any of the upgrades set forth above which remain the Debtor's responsibility, the amount that the Colones shall owe the Debtor at closing shall be

4

DocuSign Envelope ID: 049B4CD3-092B-4F35-ACB0-8394436E4719   Pg 9 of 12

g)      Interior trim upgrades, at an additional cost of $3,500;

h)      Painting upgrades, at an additional cost of $2,500;

i)      Garage door upgrades, at an additional cost of $750; and

j)      An insulated garage upgrade, at an additional cost of $1,200; and

**WHEREAS**, the total additional costs of the upgrades agreed upon by the Debtor and the Colones equal $105,910 (i.e., $49,395 plus $56,515); and

**WHEREAS**, the Colones prepaid for certain of the above-mentioned upgrades to the Property in the total amount of $76,405, specifically:

a)      A July 1, 2019 payment of $12,535 to the Debtor;

b)      A July 24, 2019 payment of $25,000 to the Debtor;

c)      A September 3, 2019 payment of $750 to the Debtor;

d)      A September 3, 2019 payment of $10,000 to the Debtor;

e)      A September 4, 2019 payment of $6,355 to the Debtor;

f)      A December 18, 2019 payment of $18,000 to the Debtor; and

g)      A May 17, 2019 payment of $3,765 to Appolo Heating & Cooling at the direction of the Debtor; and

**WHEREAS**, if the Property were to be built in accordance with the Sales Contract and including the above-mentioned upgrades, the total cost of the Property would be $586,910 (i.e., the purchase price of $481,000 plus the $105,910 in upgrades); and

**WHEREAS**, if the Property were to be built in accordance with the Sales Contract and including the above-mentioned upgrades, the total amount that the Colones would owe the Debtor at closing would be $462,405 (i.e., $586,910 minus the $48,100 deposit that the Colones paid and minus the $76,405 that the Colones paid for upgrades); and

b)    A potential for a make-up air unit (MUA) unit for the hood, at an additional cost of $685;

c)    A dual-zone HVAC system, at an additional cost of $4,500;

d)    A humidifier, at an additional cost of $550;

e)    A rough-in for a washer and dryer, at an additional cost of $750;

f)    A rough-in for an exterior sink, at an additional cost of "to be determined" (TBD);

g)    A gas line to the deck for a gas grill, at an additional cost of $375;

h)    A tray ceiling in the great room and in the master bedroom, at an additional cost of $1,250;

i)    A fireplace mantle, at an additional cost of $5,100;

j)    A deck, at an additional cost of $13,950;

k)    A finished basement, at an additional cost of $15,000; and

l)    A full bathroom in the finished basement, at an additional cost of $6,750; and

**WHEREAS**, the Debtor and the Colones subsequently agreed to certain other upgrades to the Property for a total additional cost of $56,515, specifically:

a)    Exterior upgrades, at an additional cost of $12,535;

b)    Plumbing upgrades, at an additional cost of $2,945;

c)    Cabinet upgrades, at an additional cost of $11,900;

d)    Tile upgrades, at an additional cost of $6,780;

e)    Electrical upgrades, at an additional cost of $6,355;

f)    Hardwood upgrades, at an additional cost of $8,050;

reduced by the amount of any upgrades that were not included. To the extent the Property is not built in accordance with the Sales Contract, the amount that the Colones shall owe the Debtor at closing shall be reduced in an amount to be agreed upon by the parties representing the work that was uncompleted by the Debtor.

c.    If the closing on the sale of the Property as set forth above does not occur by December 31, 2021, the Colones shall receive full title and ownership of the Property, as-is, on January 1, 2022, and any modification of the closing date by this stipulation is hereby nullified with the Debtor thus in default of the Sales Contract. In that event, the amount of money owed by the Colones to the Debtor will be in the amount of $442,405 minus the value of whatever work remains to be done to the Property as set forth in the Sales Contract or pursuant to the agreements between the parties pertaining to the upgrades as set forth above.

3.    Based on this settlement, the Colones hereby waive and release the Debtor from all damages, claims, proofs of claim or objections under the Sales Contract.

4.    This Stipulation is subject to the approval of the Bankruptcy Court and shall not become effective until such approval is obtained by entry of an appropriate order under Bankruptcy Rule 9019(a) (the "Effective Date").

5.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

6.    The Bankruptcy Court shall have exclusive jurisdiction to adjudicate all matters arising under or in connection with this Stipulation or any future defaults under the Sales Contract.

Dated: New York, NY
        October __, 2021

Kurtzman Matera P.C.                    Goldberg Weprin Finkel Goldstein LLP
Attorneys for the Colones               Attorneys for Debtor
664 Chestnut Ridge Road                 1501 Broadway, 22nd Floor

Spring Valley, New York 10977

By: _____
        Rosemarie E Matera


_____

Frank G. Colone


_____

Margaret E. Colone

New York, New York 10036

By: _____
        Kevin J. Nash

Blitman Saratoga LLC

By: _____
        Thomas Keaney, Manager

6