UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| Blitman Saratoga LLC, | Case No. 20-23177 (RDD) |
| Debtor. | |

---------------------------------------------------------x

**DEBTOR'S MOTION FOR AUTHORIZATION TO SIMULTANEOUSLY PURCHASE THE UNDERLYING LAND AND SELL THE MODEL HOME FREE AND CLEAR OF ALL CLAIMS, LIENS AND INTERESTS**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

The Debtor herein, Blitman Saratoga LLC (the "Debtor"), as and for its motion pursuant to 11 U.S.C. §§ 363(b) and (f) to purchase the underlying land at 4 Pamela Court, Saratoga Springs, NY and simultaneously sell the model home situated thereon (the "Model Home") to Robert and Naomi McGehee (the "McGehees") for $725,000, free and clear of all liens, claims and interests, respectfully states and alleges as follows:

## Preliminary Statement

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor is a real estate development company which is completing a residential community known as "Beaver Pond Village", located in Saratoga Springs, New York after the project stalled for a variety of reasons.

3. Following the commencement of the Chapter 11 case, the Debtor obtained approval of DIP loans to resume construction of the eight remaining homes then under contract.[1]

4. Besides the homes under construction, the Debtor also has rights relating to the model home at 4 Pamela Drive previously defined as the "Model Home", which is ready for sale. The Debtor has negotiated for a sale of the Model Home with the McGehees as third party buyers for a total purchase price of $725,000.

5. From a title perspective, ownership of the land upon which the Model Home is built is held by one of the Debtor's minority members, Scott Varley, who purchased the land at his own expense several years ago with the view of being reimbursed when the Model Home was ultimately sold by the Debtor. Accordingly, as part of the sale of the Model Home, the Debtor also entered into a corresponding contract to purchase the land lot for the sum of $145,000 from Scott Varley conditioned upon a simultaneous set of closings, now scheduled for early December 2021.

6. The sale of the Model Home will provide necessary liquidity to help fund the Debtor's remaining construction costs. With the consent of the DIP Lender, the net proceeds of the sale are earmarked for this purpose. Although Mr. Varley is a minority member of the Debtor, the purchase price of the land was fiercely negotiated at arms' length and the amount of $145,000 represents a compromise after Varley sought payment of $175,000 for the lot.

## Jurisdiction and Venue

7. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] One of the pre-petition contracts, with the Akkers, was terminated pursuant to stipulation (ECF No. 81), allowing for resale of that unit. A hearing to approve a settlement with the Colones which will permit that property to be completed and sold is scheduled for December 1, 2021. Another third pre-petition contract with Graig and Giovanna Eastin for the property at 49 Jane Street is subject to pending discussions regarding a potential negotiated termination.

8. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Model Home Contracts

9. The main contract with the McGehees is a conventional purchase agreement utilized by the Debtor in the past, containing customary warranties, terms and conditions for the sale of a new home. The purchase price of $725,000 represents fair market value, and will net the Debtor the sum of approximately $565,000 after deducting the land cost ($145,000) and anticipated closing costs of approximately $15,000. The McGehees believe they are close to obtaining a mortgage commitment, and should be set to close in early December 2021 if the Bankruptcy Court approves the sale. Attached hereto as Exhibit "A" is a copy of the Debtor's contract with the McGehees.

10. In conjunction with the approval of the McGehee contract, the Debtor also seeks approval of the land contract with Scott Varley under which the Debtor shall purchase the lot for $145,000. The proposed land lot contract is annexed hereto as Exhibit "B", and contains limited representations and no deposit or other contingencies, except for a simultaneous sale of the Model Home.

11. Each of the respective contracts was negotiated at arms-length. Accordingly, the McGehees should qualify as good faith purchasers within the meaning of 11 U.S.C. §363(m).

12. The Debtor is proceeding with a private sale of the Model Home as permitted under Bankruptcy Rule 6004(f)(1) based upon the fact that the Model Home was already heavily marketed through local brokers over a period of several months. Thus, the Debtor believes it unlikely that competitive bidding will result in a higher or better offer. *See In*

*re 160 Royal Palm, LLC*, 600 B.R. 119, 126 (S.D. Fla.), *aff'd*, 785 F. App'x 829 (11th Cir. 2019), *cert. denied sub nom. KK-PB Fin., LLC v. 160 Royal Palm, LLC*, 141 S. Ct. 553, 208 L. Ed. 2d 175 (2020) ["The trustee or debtor-in-possession's management of the procedural details surrounding bidding and sale are 'ultimately a matter of discretion that depends upon the dynamics of the particular situation." (internal citations omitted)].

13. Although Section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts have held that approval of a proposed sale of property is appropriate if the transaction represents the reasonable business judgment of the debtor. *See Comm. of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983).

14. If a valid business justification exists for the sale, the Debtor's decision to sell the Property enjoys a strong presumption "that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in an honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650 (S.D.N.Y. 1992). Therefore, parties objecting to the Debtor's proposed sales must make a showing of "bad faith, self-interest or gross negligence." *Id.*, at 656; *see also In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ["Where the debtor articulates a reasonable basis for its business decisions (as distinct from decisions made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."].

15. Courts typically consider the following factors in determining whether a proposed sale should be approved: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the

parties have acted in good faith. *See, e.g., In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. (1991). The proposed sale satisfies all these factors.

16. The Debtor believes that the sale of the Model Home is a vital step forward that will provide added liquidity to complete construction and position the Debtor to sell other homes to third party buyers in relatively short order. An infusion of additional cash also gives renewed confidence to existing contractors about the Debtor's financial strength, and should expedite construction despite ongoing shortages of materials and labor. For all of these reasons, the proposed transactions constitute a sound exercise of business judgment.

**The Purchase and Sale of the Model Home Shall Be
Free and Clear of Liens, Taxes, Claims and Interests**

17. The Debtor is required to deliver marketable titled to the Model Home consistent with Section 363(f) of the Bankruptcy Code, which authorizes the Debtor, as debtor-in-possession, to sell the Model Home free and clear of any interests if:

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interests;
(2) if such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

18. Because Section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Debtor's assets "free and clear" of liens and interests. *Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n. 24 (6th Cir. 1991) [stating that Section 363(f) is written in the disjunctive; holding that the court may approve the sale "free and clear" provided

at least one of the subsections of section 363(f) is met]; *In re Dundee Equity Corp.*, 1992 WL 53743, at *4 (Bankr. S.D.N.Y. Mar. 6, 1992) ["Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met."].

19. The Debtor has the support of the DIP Lender to the proposed transaction. Thus, proper grounds exist under Section 363(f) to sell free and clear based upon consent. Any other property-related claims or tax liens which may be in existence at the time of the closing shall be paid from the proceeds at closing.

## **Notice**

20. Notice of this Motion has been provided to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel for the Creditors' Committee; (c) counsel for the McGehees and Scott Varley; (d) the DIP Lender and its counsel; and (e) all other parties who have requested notice in this case. The Debtor submits that this notice is good and sufficient under the circumstances.

WHEREFORE, the Debtor respectfully requests that the Court enter an order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
November 12, 2021

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtor*
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700

By: /s/ Kevin J. Nash, Esq.