UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| Blitman Saratoga LLC, | Case No. 20-23177 (RDD) |
| Debtor. | |

-----------------------------------------------------------x

**MOTION FOR AN ORDER FRTHER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. §1121(d)(1)**

**TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:**

The motion of Blitman Saratoga LLC (the "Debtor"), by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, for an order further extending the Debtor's exclusive period to file a plan of reorganization for a final thirty one (31) day period from December 31, 2021 until Monday, January 31, 2022, and a corresponding extension of the exclusive period in which to solicit acceptances for sixty (60) days after the first extension period, or until April 1, 2022, pursuant to 11 U.S.C. §1121(d)(1), respectfully represents and shows this Court as follows:

## BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

2. The Debtor is a real estate developer which is completing a residential home community known as Beaver Pond Village, located in Saratoga Springs, New York.

3. As of the Chapter 11 filing date, eight (8) homes were in various stages of development pursuant to signed purchase contracts. The Debtor's well-chronicled business strategy is to complete construction and sell the remaining homes to either new or current buyers.

4. After the Chapter 11 filing, the Debtor obtained approval of DIP financing. With this financing in place, the Debtor resumed construction earlier this year despite ongoing challenges posed by shortages of labor and materials as a result of the pandemic. In recent months, construction has progressed, and the Debtor has focused on completing its initial sales of three homes following various settlements reached with the contract vendees.

5. In one instance, the Debtor was able to negotiate the termination of the contract for 11 Jane Street, so that the property may be easily re-sold without further claims against the estate. In the other settlement, the Debtor negotiated with the Colones to finish their home and close under the existing contract, subject to various price adjustments. The Debtor also negotiated a multi-party arrangement for the sale of the model home at 4 Pamela Court, based upon the simultaneous purchase of the real property on which the model home was constructed and sale of same to Robert and Naomi McGehee for $725,000.

6. The Debtor anticipated that a Chapter 11 plan of reorganization could be filed by December 31, 2021. However, with the immediate sales still pending, the Debtor has determined that it needs a short final extension of thirty one days to update its projections and complete negotiations with the Committee before filing a formal plan. The Debtor anticipates that it will be able to file a confirmable plan of reorganization, with current information and projections, by the end of January 2022.

7. In view of the foregoing, the Debtor hereby seeks a further extension of the exclusivity period to file a formal plan of reorganization for an additional period of thirty one (31) days pursuant to Section 1121(d)(1) of the Bankruptcy Code.

**The Requested Extension Is Warranted Under The Circumstances**

8. The determination of whether sufficient "cause" exists to grant an extension rests with the sound discretion of the court and should be based upon the facts and circumstances of each individual case. *In re Adelphia Communications Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006); *In re Borders Group, Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011); *In re Texaco Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987); *In re McLean Indus., Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987). While Section 1121(d)(1) of the Bankruptcy Code requires the bankruptcy court to find "cause" to extend a debtor's exclusivity period, it is clear from the legislative history of that section that the bankruptcy court is given broad flexibility in making such a determination so as to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, 95th Cong.; 2d Sess 221-222 (1978); *In re Perkins*, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of Section [1121(d)] is flexibility"). *In re Newark Airport/Hotel Ltd. P'ship.*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993) (notice that Congress designed chapter 11 provision to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies).

9. In determining whether cause exists to extend the, the Court may consider a variety of factors including:

(a) the size and complexity of the case;
(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c) the existence of good faith progress toward reorganization;
(d) the fact that the debtor is paying its bills as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress in negotiations with its creditors;
(g) the amount of time which has elapsed in the case;
(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i) whether an unresolved contingency exists.

*In re Adelphia*, 352 B.R. at 587, *In re Borders*, 460 at 821-822; *In re McLean Indus.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987). However, not all of the *Adelphia* factors are relevant in every case and it is within the court's discretion to determine the relevancy and weight of each such factor. *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (8th Cir. BAP 2003). Furthermore, although such factors are helpful, they serve only as a guide and not as required standards for courts to use when determining whether an extension of the exclusive periods should be granted in a particular case. *In re R&G Properties, Inc.*, 2009 WL 269696 (Bankr. Vt. 2009).

10. The Debtor respectfully submits that the relevant *Adelphia* factors favor the request for an extension of exclusivity. As noted, the Debtor has made progress on multiple fronts and is committed to file a plan of reorganization that has the support of the Committee within the next month, although there is work to be done. Nevertheless, the Committee is consenting to the requested extension while negotiations proceed.

11. The Debtor has been advised by Chambers that there are currently no available hearing dates prior to the proposed new January 31, 2022 deadline. Accordingly, the Debtor is serving this application through a Notice of Presentment, with a hearing to be scheduled only in the event of an objection.

**WHEREFORE,** the Debtor respectfully requests entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
December 30, 2021

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtor*
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700

By: /s/ Kevin J. Nash, Esq.