UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Blitman Saratoga LLC, | Case No. 20-23177 (RDD) |
| Debtor. | |

**OMNIBUS MOTION SEEKING TO (i) APPROVE THE DEBTOR'S SETTLEMENT WITH THE EASTIN FAMILY; (ii) APPROVE THE RESALE OF THE RESIDENTIAL HOME AT 49 JANE STREET TO THE COLELLAS; AND (iii) APPROVE A SEPARATE SALE OF THE RESIDENTIAL HOME AT 47 JANE STREET TO THE BENNICES**

**TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:**

The omnibus motion of Blitman Saratoga LLC (the ñDebtorò), by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, seeking approval of the following relief: (i) approval pursuant to Bankruptcy Rule 9019 of the attached stipulation of settlement annexed hereto as Exhibit ñAò (the ñSettlementò) with Graig Eastin and Giovanna Eastin (the ñEastinsò) terminating their pre-petition contract of sale relating to 49 Jane Street (ñ49 Janeò); (ii) approving the resale of the residential home at 49 Jane to Vito Colella and Barbara Colella (the ñColellasò) for the sum of $691,000 pursuant to the attached purchase agreement annexed hereto as Exhibit ñBò; and (iii) approving the sale of the residential home at 47 Jane Street to Richard Bennice and Catherine Bennice (the ñBennicesò) for the sum of $438,000 pursuant to the attached purchase agreement annexed hereto as Exhibit ñCò, respectfully represents and shows this Court as follows:

**Background**

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020 (the ñPetition Dateò), and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

2. The Debtor is a real estate development company which is in the process of completing construction on the remaining homes in the residential community known as ñBeaver Pond Villageò, located in Saratoga Springs, New York (the ñProjectò). The Project stalled for a variety of reasons, which led to the filing of this Chapter 11 case.

3. Post-petition, the Debtor obtained approval of DIP financing to resume construction of the eight remaining homes which were subject to pre-petition Purchase Agreements. This Omnibus Motion relates to disposition of two of the residential properties located at 47 Jane Street and 49 Jane Street.

**The 49 Jane Street Settlement**

4. Pre-petition, the Debtor entered into a contract with the Eastins for the sale of 49 Jane Street (Lot 18) for the sum of $425,000, including a cash deposit of $42,500 (the ñDepositò). Thereafter, the Debtor and the Eastins agreed to a series of upgrades totaling $150,048, against which the Eastins made pre-payments totaling $104,000 (the ñPre-Paymentsò), increasing the total purchase price of the unit to approximately $575,000.

5. Most of the Eastinsô contract deposit ($40,000) was released and bonded by Hanover Insurance. After delays in closing, the Eastins ultimately declared a default, filed a claim under the Surety Bond and commenced suit in the State Court to rescind the Contract and recover damages.

6. In recent months, the Debtor was able to negotiate a settlement with the Eastins providing for an agreed termination of their pre-petition contract and resolution of all outstanding claims and litigation based upon reimbursement of approximately eighty (80%) percent of the original deposit and pre-payment totaling approximately $144,000 or $113,500 (.80 x 144,000). This reimbursement is defined under the Settlement as the ñResale Paymentò and shall be

paid upon a resale of the Home which is anticipated to occur quickly. Thus, the fact that the Eastins retain an administrative claim for the Resale Payment is most likely academic, given the pending second sale.

7. Indeed, as discussed below, the Debtor has coupled approval of the Settlement with a request for approval to resell the home at 49 Jane Street to the Colellas pursuant to contract of sale annexed hereto as Exhibit ñBò.

8. Under long-standing principles, the Courtôs focus under Bankruptcy Rule 9019(a) is whether a settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2nd Cir. 1983), cert. denied, 464 U.S. 822, 104 S. Ct. 89 (1983).

9. As the Hon. Sean H. Lane has previously explained:

> In approving a settlement, a court must ñreview the reasonableness of the proposed settlement [and] é make an informed as to whether the settlement is fair and equitable and in the best interests of the estate.ò *In re WorldCom, Inc.* 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *see also Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)* 156 B.R. 414, 426 (S.D.N.Y 1993). The Court, however, need not ñconduct a ómini trialô on the issue. The Court need only ócanvas the issuesô to determine if the ósettlement falls below the lowest point in the range of reasonableness.ôò *WorldCom*, 347 B.R. at 137) *quoting In re Teltronics Serv., Inc.*, 762 F.2D 185, 189 (2d Cir. 1985)).
>
> ñSettlements or compromises are favored in bankruptcy and, in fact, encouragedé .. ñIn administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which are substantial and reasonable doubts.ôò *In re Adelphia Communs. Corp.*, 368 B.R. 140 226 (Bankr.S.D.N.Y.2007) (*quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2D 1 (1968)). ñThe decision whether to accept or reject a compromise lies within the sound discretion of the court.ò *Adelphia*, 368 B.R. at 226. And ñ[w]hile the bankruptcy court may consider the objections lodged by parties in interest, such objections are not controlling. Similarly, although weight should be given to the opinions of counsel for the debtors and any creditorsô committees on the

> reasonableness of the proposed settlement, the bankruptcy court must still make informed and independent judgement. The Court must consider whether the proposed compromise is fair and equitable by appraising itself of all the factors relevant to an ó assessment of the wisdom of the proposed compromise.ô öô *WorldCom*, 347 B.R. at 137 (*quoting TMT Trailer*, 390 U.S. at 424, 88 S.Ct. 1157).

*In re AMR Corp*., 502 B.R. 23, 42-43 9 (Bankr. S.D.NY.2013)

10. In reviewing the Settlement the Court should consider the following factors:

(1) the balance between the litigationôs possibility of success and the settlementôs future benefits;
(2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on a judgement;
(3) the paramount interests of the creditors, including each affected classôs relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;
(4) whether other parties in interest support the settlement;
(5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;
(6) the nature and breadth of releases to be obtained by officers and directors; and
(7) the extent to which the settlement is the product of armôs length bargaining.

*In re Iridium Operating LLC,* 478 F.3d 452, 462 (2d Cir. 2007).

11. The Debtor submits the proposed Settlement easily meets the applicable Rule 9019 criteria. The Settlement is highly beneficial to the Debtor, since it not only permits the resale of 49 Jane Street at a higher price, but provides for a discounted payment to the Eastins on account of their pre-petition claims without having to incur additional rejection damages. It is the Debtorôs view that there is a potential argument that both the Deposit and the Upgrades are subject to a potential vendeeôs lien. To avoid litigation over these matters, the Debtor has elected to settle

all claims with the Eastins, and submits that the Settlement comfortably falls within the standards of reasonableness and should be approved.

**The Resale of 49 Jane Street and the Separate Sale of 47 Jane Street**

12. Assuming approval of the Settlement, the Debtor is also seeking approval of the resale of the home at 49 Jane Street for a purchase price of $691,000, free and clear of all liens, claims, taxes and interests pursuant to 11 U.S.C. §363(b) and (f). The net proceeds after payment of the Resale Payment ($113,500), brokerage and closing costs shall be remitted to the Debtor for additional liquidity and to pay-down of the DIP Loan. Michelle DeCoteau is listed as the broker for the resale. She is affiliated with Scott Varley of Keller Williams, who is a minority member of the Debtor (15%). Scott Varley was and remains the original listing broker on the Project dating back to the start of the development, based upon a five (5%) percent commission formula (including all co-brokerage). As part of the resale of 49 Jane Street, the Debtor seeks approval to pay a brokerage commission of five (5%) percent to Michelle DeCoteau, consistent with prior practices.

13. The Omnibus Motion also includes approval of a second sale of the home at 47 Jane Street based upon the original contract price of $438,000. While the home has increased in value, the Debtor is honoring the terms of its contract so as to avoid rejection damages and related litigation. A prompt sale will enable the Debtor to pay-down the DIP Loan. The sale to the Bennices was co-brokered by Roohan Realty and Keller Williams. A proposed closing statement is annexed hereto as Exhibit ñDò.

14. Each of the respective purchases was negotiated at arms-length. Accordingly, the Colellas and the Bennices should each qualify as good faith purchasers within the meaning of 11 U.S.C. §363(m).

15. The Debtor is proceeding with private sales as permitted under Bankruptcy Rule 6004(f)(1). The property at 49 Jane Street was already heavily marketed in contemplation of the Settlement with the Eastins. Thus, the Debtor has exercised its business judgment in proceeding in this fashion. *See In re 160 Royal Palm, LLC*, 600 B.R. 119, 126 (S.D. Fla.), *aff'd,* 785 F. App'x 829 (11th Cir. 2019), *cert. denied sub nom. KK-PB Fin., LLC v. 160 Royal Palm, LLC*, 141 S. Ct. 553, 208 L. Ed. 2d 175 (2020) [ñThe trustee or debtor-in-possession's management of the procedural details surrounding bidding and sale are óultimately a matter of discretion that depends upon the dynamics of the particular situation.ò (internal citations omitted)]; *See, also, Comm. of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983).

16. The Debtorôs business judgment should be respected and enjoys a strong presumption. *In re Integrated Res., Inc.*, 147 B.R. 650 (S.D.N.Y. 1992). Therefore, any parties objecting to the Debtorôs proposed sales of 47 Jane Street and 49 Jane Street must make a showing of ñbad faith, self-interest or gross negligence.ò *Id.*, at 656; *see also In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) [ñWhere the debtor articulates a reasonable basis for its business decisions (as distinct from decisions made arbitrarily or capriciously), courts will generally not entertain objections to the debtorôs conduct.ò].

17. Courts typically consider the following factors in determining whether a proposed sale should be approved: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See, e.g., In re Delaware & Hudson Ry. Co.,* 124 B.R. 169 (D. Del. (1991). The proposed sale satisfies all these factors.

18. The Debtor believes that the two proposed sales represent important steps forward and will generate relatively significant net proceeds without litigation. Accordingly, it is the Debtorôs business judgment to proceed with both sales as presently constituted.

**The Sales Shall Be Free and Clear of Liens, Taxes, Claims and Interests**

19. The Debtor is required to deliver marketable title to the respective properties free and clear of all claims, liens, taxes and interests consistent with 11 U.S.C. Section 363(f). This familiar section of the Bankruptcy Code authorizes the Debtor, as debtor-in-possession, to sell property free and clear of any liens if:

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interests;
(2) if such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 .S.C. § 363(f).

20. Because Section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Debtorôs assets ñfree and clearò of liens, claims, taxes and interests. *Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.*), 930 F.2d 1132, 1147 n. 24 (6th Cir. 1991) [stating that Section 363(f) is written in the disjunctive; holding that the court may approve the sale ñfree and clearò provided at least one of the subsections of section 363(f) is met]; *In re Dundee Equity Corp.*, 1992 WL 53743, at *4 (Bankr. S.D.N.Y. Mar. 6, 1992) [ñSection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.ò].

21. The Debtor has the support of the DIP Lender to the proposed sale transactions, and therefore, proper grounds exist under Section 363(f) based upon consent. Any

other property-related liens which may be in existence at the time of closings shall either be negotiated and paid from the proceeds at closing at an agreed amount or escrowed, including a mechanicõs lien filed by Callanan Industries Inc. in the total sum of approximately $5,000 including disputed interest of approximately $2,000.

WHEREFORE, the Debtor respectfully requests that the Court enter an order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
January 25, 2022

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtor*
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700

By: /s/ Kevin J. Nash, Esq.