UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| Blitman Saratoga LLC | Case No. 20-23177 (RDD) |
| Debtor. | |

-----------------------------------------------------------x

**STIPULATION OF SETTLEMENT**
**BETWEEN BLITMAN SARATOGA LLC**
**AND EASTIN FAMILY**

**WHEREAS**, Blitman Saratoga LLC (the ñDebtorò) filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code on November 6, 2021 and thereafter has continued in possession and management of its assets and property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

**WHEREAS**, prior to the commencement of the Chapter 11 case, the Debtor was a party to an executory contract of sale, dated August 30, 2018 (the ñSales Contractò) to build and sell a certain one-family home to Graig Eastin and Giovanna Eastin (the ñEastinsò), designated as Lot No. 18 at 49 Jane Street on the map entitled ñBeaver Pond Villageò Saratoga Springs, N.Y. (the ñPropertyò), for the sum of $425,000 (including cash deposits of $42,500);

**WHEREAS**, in connection with the Sales Contract, the Eastins agreed to ñextrasò amounting to $150,408 and previously paid the Debtor the sum of approximately $104,000 on account of the ñextrasò.

**WHEREAS**, the Eastins have sought to terminate the Sales Contract pursuant to a certain pre-petition action filed in the Supreme Court, Saratoga County based upon the alleged failure of the Debtor to timely close thereunder; and

**WHEREAS**, the Debtor and the Eastins have reached a settlement to acknowledge termination of the Sales Contract on the terms and conditions set forth below.

Now Therefore,

**IT IS HEREBY STIPULATED AND AGREED** by and between the Debtor and the Eastins as follows:

1. As of the Effective Date (defined below) the Sales Contract shall be deemed terminated and of no further force and effect. The Debtor and the Eastins shall have no further claims, rights or interests against each other with respect to the Sales Contract and Property except as provided below and proof of claim number 7 is withdrawn.

2. On the Effective Date hereof, the Eastins authorize the Debtor to release and cancel the existing down payment bond (No. BMYD906898) in the sum of $40,000 established in connection with the Sales Contract (the ñBondò). The claim made under the Bond is likewise withdrawn.

3. On the Effective Date hereof, the Debtor shall cause the non-bonded deposit of $2,750 currently held in escrow by the Debtorôs pre-petition real estate counsel, to be released and returned to the Eastins.

4. Additionally, as further consideration for the termination of the Sales Contract and release of the bond, the Eastins shall be paid the sum of $113,250 (the ñResale Paymentò) upon the resale of the Property to another buyer (the ñResaleò). This Resale Payment shall be made at the closing of the Resale from the proceeds of sale generated therefrom. The Eastins shall have a super-priority administrative expense claim in the sum of $113,250 as security for the Resale Payment. The Resale shall occur no later than March 20, 2022, failing which the Eastinsô super-priority administrative expense claim shall be increased at a rate of

$100 per day for each day after March 20, 2022 that the Property remains unsold and a closing does not occur up to a maximum amount of $10,000.

5. On the Effective Date, the Eastins shall file a stipulation of discontinuance with prejudice in connection with any state court litigation against the Debtor. Additionally, based upon this settlement, upon the Effective Date the Eastins shall be deemed to withdraw the proof of claim filed in the bankruptcy case as provided in Section Number 1 above.

6. As of the Effective Date, the Eastins are released and discharged from any liability and claims of third-party contractors or vendors which previously performed services and/or delivered goods and materials to the Property relating to any ñextrasò (past or future). The Debtor shall indemnify and hold the Eastins harmless with respect to any claims of third parties relating to prior services and/or delivery of goods and materials at the Property for ñextrasò (past or present), including, without limitation, as to the following third parties: John D. Marcella Appliances, Curtis Lumber, Granite Works, Precision Upstate, Hill Electric Supply Co., and Floor Source.

7. This Stipulation is subject to the approval of the Bankruptcy Court and shall not become effective until such approval is obtained by entry of an order appropriate under Bankruptcy Rule 9019 (the ñEffective Dateò).

8. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

9. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate all matters arising under or in connection with this Stipulation or the Sales Contract.

10. Except for the rights and claims provided hereunder, the Debtor and the Eastins otherwise release and discharge each other from any other claims and causes of action.

Dated: New York, NY
January 5, 2022

Jones Hacker Murphy LLP
Attorneys for the Eastins
511 Broadway
Saratoga Springs, New York 12866

By: /s/ John F. Harwick

/s/ Graig Eastin

/s/ Giovanna Eastin

Goldberg Weprin Finkel Goldstein LLP
Attorneys for Debtor
1501 Broadway, 22nd Floor
New York, New York 10036

By: /s/Kevin J. Nash

Blitman Saratoga LLC

By: /s/ Thomas Keaney, Manager