Hearing Date and Time:
February 18, 2022 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

BLITMAN SARATOGA LLC,

Debtor.

Chapter 11
Case No. 20-23177 (RDD)

**AFFIRMATION IN RESPONSE TO DEBTOR'S OMNIBUS MOTION SEEKING TO (i) APPROVE THE DEBTOR'S SETTLEMENT WITH THE EASTIN FAMILY; (ii) APPROVE THE RESALE OF THE RESIDENTIAL HOME AT 49 JANE STREET TO THE COLELLAS; AND (iii) APPROVE SEPARATE SALE OF THE RESIDENTIAL HOME AT 47 JANE STREET TO THE BENNICES**

**FRANCIS J. BRENNAN, ESQ.**, an attorney admitted to practice law in the State of New York and the United States District Court for the Southern District of New York affirms under penalty of perjury as follows in Response to Debtor's Omnibus Motion Seeking to (i) Approve the Debtor's Settlement with the Eastin Family; Approve the Resale of the Residential Home at 49 Jane Street to the Colellas; and (iii) Approve a Separate Sale of the Residential Homme at 47 Jane Street to the Bennices (the "Motion"), and respectfully submits the following:

1. I am a partner in the law firm of Nolan Heller Kauffman, LLP ("NHK") and am counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 case of Blitman Saratoga LLC ("Debtor").

2. The Motion requests entry of an order

    a. Settling claims of the Eastins under their pre-petition contract for purchase of real property and improvements located at 49 Jane Street, Saratoga Springs, New York ("49 Jane Street") by the rejection of the contract along with the refund of escrowed deposit funds in the amount of $2,750.00 to the Eastins and

the allowance of a super-priority administrative expense claim in the amount of $113,500.00, with such claim being paid from the proceeds of the sale of 49 Jane Street to the Colellas, subject to an increase of the claim in the amount of $100.00 per day up to a maximum amount of $10,000.00 for each day after March 20, 2022 that the property remains unsold;

b. Approval of the re-sale of 49 Jane Street to the Colellas for $691,000.00;

c. Approval of the sale of 47 Jane Street, Saratoga Springs, New York ("47 Jane Street") to the Bennices for the original contract price of $438,000.00.

3. In support of the Motion, the Debtor posits that settlement with the Eastins for 80% of their paid deposits avoids litigation potentially arising from rejection damages and the Eastins' claim that they are entitled to a contract vendee's lien against 49 Jane Street for all deposits paid on their contract.

4. In further support of the Motion, the Debtor requests approval of the sale of 49 Jane Street to the Colellas for $691,000.00, or approximately $116,000.00 greater than the purchase price that would have been paid by the Eastins had they closed on their contract.

5. Finally, the Debtor requests approval of the sale of 47 Jane Street pursuant to the terms of the pre-petition contract with the Bennices for the sum of $438,000.00.

6. In support of the sale of 47 Jane Street, the Debtor argues that honoring the existing contract avoids a claim by the Bennices for rejection damages and related litigation.

7. The Debtor asserts that the proposed settlement and sales are in the best interests of the Debtor, its estate and creditors and are consistent with the Debtor's exercise of its business judgment. It should also be noted that 47 Jane Street and 49 Jane Street constitute collateral to the DIP Lender, that the DIP Lender is entitled to receive the net proceeds of the sales to be applied

to the DIP Loan and that the DIP Lender consents to the proposed settlement and sales.

8. Under the facts and circumstances of this case, and based on the Debtor's exercise of its business judgment, the Committee supports the relief requested in the Motion. Inasmuch as the DIP Lender is fully secured on all of the Debtor's properties and is entitled to payment of all net proceeds of the sales, its agreement to carve out the Resale Payment from its collateral clearly benefits the estate and unsecured creditors by avoiding administrative claims entitled to priority. Avoiding litigation over rejection damages claims and potential vendee's lien claims also benefits the estate. Finally, the Committee is aware of the terms of the Debtor's proposed plan pursuant to which the DIP Lender is consenting to a carveout from its collateral in the amount of $600,000.00 to fund payments to administrative claims and a dividend of approximately 50% to holders of allowed, general unsecured claims.

9. Viewed *in toto*, the relief requested in the Motion, coupled with its relationship to plan funding, is a reasonable exercise of the Debtor's business judgment. As a result, the Committee supports the relief requested.

**WHEREFORE**, it is respectfully requested that the Court enter an Order granting the Debtor's Motion, and granting such other and further relief as this Court may deem just and proper.

Dated: February 10, 2022
Albany, New York

**NOLAN HELLER KAUFFMAN LLP**
*Attorneys for Counsel for the Official Committee of Unsecured Creditors*

By: _____
Francis J. Brennan, Esq,
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
fbrennan@nhkllp.com