# EXHIBIT A

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1   Blitman Saratoga LLC | |
| Debtor 2 | |
| (Spouse, if filing) | |
| United States Bankruptcy Court   Southern District of New York | |
| Case number:  20-23177 | |

FILED
U.S. Bankruptcy Court
Southern District of New York

3/18/2021

Vito Genna, Clerk

# Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

| 1. Who is the current creditor? | Goren Cousins I LLC |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. Has this claim been acquired from someone else? | ☑ No |
|---|---|
| | ☐ Yes. From whom? |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Goren Cousins I LLC | |
| | Name | Name |
| | 125 Maple Avenue, Suite C | |
| | Chester, NJ 07930 | |
| | Contact phone    212-759-1414 | Contact phone |
| | Contact email    james@gorenbros.com | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| 4. Does this claim amend one already filed? | ☑ No |
|---|---|
| | ☐ Yes. Claim number on court claims registry (if known)    Filed on ___ MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
|---|---|
| | ☐ Yes. Who made the earlier filing? |

Official Form 410                              Proof of Claim                              page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| 6. Do you have any number you use to identify the debtor? | ☑ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|
| 7. How much is the claim? | $ 1700000.00    **Does this amount include interest or other charges?** <br> ☑ No <br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br> Limit disclosing information that is entitled to privacy, such as healthcare information. <br><br> Money Loaned |
| 9. Is all or part of the claim secured? | ☑ No <br> ☐ Yes. The claim is secured by a lien on property. <br> **Nature of property:** <br> ☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*. <br> ☐ Motor vehicle <br> ☐ Other. Describe: _____ <br><br> **Basis for perfection:** _____ <br><br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> **Value of property:** $ _____ <br> **Amount of the claim that is secured:** $ _____ <br> **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> **Amount necessary to cure any default as of the date of the petition:** $ _____ <br><br> **Annual Interest Rate** (when case was filed)  _____ % <br> ☐ Fixed <br> ☐ Variable |
| 10. Is this claim based on a lease? | ☑ No <br> ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No <br> ☐ Yes. Identify the property: _____ |

Official Form 410                                     Proof of Claim                                     page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   3/18/2021
                   MM / DD / YYYY

/s/ James Goren

Signature

Print the name of the person who is completing and signing this claim:

Name        James Goren
            First name    Middle name    Last name

Title       Manager

Company     
            Identify the corporate servicer as the company if the authorized agent is a servicer

Address     125 Maple Avenue, Suite C
            Number  Street
            Chester, NJ 07930
            City    State   ZIP Code

Contact phone  2127591414        Email   james@gorenbros.com

Official Form 410                Proof of Claim                page 3

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Blitman Saratoga LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 20-23177 (RDD) |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

GOREN COUSINS I, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

GOREN COUSINS I, LLC
Name

125 MAPLE AVENUE, SUITE C
Number   Street

CHESTER, NJ 07930
City   State   ZIP Code

Contact phone 212-759-1414

Contact email james@gorenbros.com

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City   State   ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                                   MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410      Proof of Claim      page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |
| 7. | How much is the claim? | $_____1,700,000.00_____. Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money loaned |
| 9. | Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property: $_____<br>Amount of the claim that is secured: $_____<br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition: $_____<br><br>Annual Interest Rate (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| 10. | Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                Proof of Claim                page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03 03 2021
                  MM / DD / YYYY

Signature: _/s/_

Print the name of the person who is completing and signing this claim:

Name: **JAMES GOREN**
      First name    Middle name    Last name

Title: **MANAGER**

Company: _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: **125 MAPLE AVENUE, SUITE C**
         Number   Street
         **CHESTER, NJ 07930**
         City          State   ZIP Code

Contact phone: 212-759-1414      Email: james@gorenbros.com

Official Form 410                    Proof of Claim                    page 3

# Goren Cousins I LLC

163 Washington Valley Road, Suite 103, Warren, NJ 07059

March 30, 2017

Mr. Alan Rechtschaffen
The Rechtschaffen Group
UBS Financial Services Inc.
1285 Avenue of the Americas, 19th Floor
New York, NY 10019

**Re:** Variable Credit Line Account
Account Number 5V J6994

Dear Alan:

This letter is your authorization to wire **$1,100,000.00** from the Goren Cousins I, LLC Lending Account 5V J6994 in accordance with the instructions given below:

Key Bank
555 Patroon Creek Blvd., Albany, NY 12206
ABA Routing Number: 222370440
F/A/O: Blitman Saratoga LLC
222 Bloomingdale Road, Suite 404, White Plains, NY 10605
Account Number: 7900633806
Attention: Beth Muthersbaugh

Sincerely yours,

**GOREN COUSINS I, LLC**

By: _____
Alexander M. Goren
Manager

# Goren Cousins I LLC

163 Washington Valley Road, Suite 103, Warren, NJ 07059

August 1, 2016

Mr. Alan Rechtschaffen
The Rechtschaffen Group
UBS Financial Services Inc.
1285 Avenue of the Americas, 19th Floor
New York, NY 10019

**Re:   Variable Credit Line Account**
      **Account Number 5V J6994**

Dear Alan:

This letter is your authorization to wire $594,000.00 from the above-referenced Goren Cousins I, LLC Lending Account in accordance with the instructions given below:

First Niagara Bank
555 Patroon Creek Blvd., Albany, NY 12206
ABA Routing Number: 222370440
F/A/O: Blitman Saratoga LLC
222 Bloomingdale Road, Suite 404, White Plains, NY 10605
Account Number: 7900633806
Attention: Beth Muthersbaugh

Sincerely yours,

**GOREN COUSINS I, LLC**

By: _____
    James G. Goren
    Manager

Blitman Saratoga, LLC
222 bloomingdale road
Suite 404
White plains, NY 10605
914-244-8600 / Fax: 914-244-8606

To: Howard Blitman
Goren Brothers

From: Gary S. Peresiper, CPA

Date: July 25, 2016

Re: Project Update

---

Sales:
Finally we see a great improvement in sales at this project. We have taken 3 new contracts over the last 2 weeks which brought the total number of homes sold to 33 with 2 additional lot holds. We are initiating several marketing programs that should continue to boost sales. For instance:
1. We will be featured in a Showcase of Homes event in September
2. We are scheduling several block parties
3. We are implementing construction of another spec home as there is a huge demand for a quick move-in
4. We are opening Phase IV and Phase V which will bring additional 22 homes onto the market
5. The $15K Upgrade incentive (as a Summer Special) that was implemented beginning of July has been well received. This special will run out end of August.

Construction:
Due to a fast paste of new sales it has become very apparent to us that we will max out our line of credit by the end of this month. There is a shortage of contractors in Saratoga as other builders commenced bi-weekly payment to entice subcontractors to work on their sites. Our payment schedule is monthly as we are dependent on the construction draws that are available to us once a month for the work already in place which sets up a 6 week turnaround from inspection to funding. This has tremendously slowed down our construction and drastically delayed the closings of the sold homes.

Recommendation:
We will not be purchasing the remaining 41 lots from original land owners until March of 2017. Goren Cousins I LLC (GC) extended its line of credit to the Partnership for the purchase of these lots. As we won't be needing this line until 2017, I would like to propose that Blitman Saratoga LLC borrow $600K against the line at the interest rate of 2% over the GC prevailing interest rate plus a fee of 1% as the origination/administration fee. These funds will accelerate the timing of construction and expedite the closings. Howard advanced $100K to the Partnership last week so that we can make some payments to the contractors upon their completion instead of waiting for the bank financing. The GC Line could be replenished with every advance or closing pending on instructions from GC.

I will call Hazel and ask her to set up an appointment or a conference call so that we can further discuss the above and determine the best plan of action. Thank you.

## CONTINUING GUARANTY
### (Personal)
### New York

**GUARANTOR:** HOWARD N. BLITMAN
118 N. Bedford Road, Suite 102, Mt. Kisco, NY 10549

**BORROWER:** BEAVER BROOK BEACON ACQUISITIONS LLC
c/o Goren Brothers Limited Partnership, 163 Washington Valley Rd., Ste. 103, Warren, NJ 07059

**LENDER:** GOREN COUSINS 1, LLC
c/o Goren Brothers Limited Partnership, 163 Washington Valley Rd., Ste. 103, Warren, NJ 07059

1. **Guaranty.**

   (a) Guarantor, intending to be legally bound, hereby unconditionally guarantees the full and prompt payment and performance of any and all of Borrower's Obligations (as defined below) to the Lender when due, whether at stated maturity, by acceleration or otherwise. As used in this Guaranty, the term "Obligations" shall mean any and all obligations, indebtedness and other liabilities of Borrower to the Lender now or hereafter existing, of every kind and nature and all accrued and unpaid interest thereon and all Expenses (as defined below) including without limitation, whether such obligations, (i) are direct, contingent, liquidated, unliquidated, secured, unsecured, matured or unmatured; (ii) are pursuant to a indebtedness and other liabilities guaranty or surety in favor of the Lender; (iii) were originally contracted with the Lender or with another party (including obligations under a guaranty or surety originally in favor of such other party); (iv) are contracted by Borrower alone or jointly with one or more other parties; (v) are or are not evidenced by a writing; (vi) are renewed, replaced, modified or extended; and (vii) are periodically extinguished and subsequently reincurred or reduced and thereafter increased. Guarantor will pay or perform his or her obligations under this Guaranty upon demand. This Guaranty is and is intended to be a continuing guaranty of payment (not collection) of the Obligations (irrespective of the aggregate amount thereof and whether or not the Obligations from time to time exceeds the amount of this Guaranty, if limited), independent of, in addition and without modification to, and does not impair or in any way affect, any other guaranty, indorsement, or other agreement in connection with the Obligations, or in connection with any other indebtedness or liability to the Lender or collateral held by the Lender therefor or with respect thereto, whether or not furnished by Guarantor. Guarantor understands that the Lender can bring an action under this Guaranty without being required to exhaust other remedies or demand payment first from other parties.

   (b) Guarantor acknowledges the receipt of valuable consideration for this Guaranty and acknowledges that the Lender is relying on this Guaranty in making a financial accommodation to Borrower, whether a commitment to lend, extension, modification or replacement of, or forbearance with respect to, any Obligation, cancellation of another guaranty, purchase of Borrower's assets, or other valuable consideration.

2. **Continuing, Absolute, Unconditional.** This Guaranty is irrevocable, absolute, continuing, unconditional and general without any limitation.

3. **Guarantor's Waivers & Authorizations.**

   (a) Guarantor's obligations shall not be released, impaired or affected in any way including by any of the following, all of which Guarantor hereby waives (i) any bankruptcy, reorganization or insolvency under any law of Borrower or that of any other party, or by any action of a trustee in any such proceeding; (ii) any new agreements or obligations of Borrower or any other party with the Lender; (iii) any adjustment, compromise or release of any Obligations of Borrower, by the Lender or any other party; the existence or nonexistence or order of any filings, exchanges, releases, impairment or sale of, or failure to perfect or continue the perfection of a security interest in any collateral for the Obligations, (iv) any failure of Guarantor to receive notice of any intended disposition of such collateral; (v) any fictitiousness, incorrectness, invalidity or unenforceability, for any reason, of any instrument or other agreement which may evidence any Obligation; (vi) any composition, extension, stay or other statutory relief granted to Borrower including, without limitation, the expiration of the period of any statute of limitations with respect to any lawsuit or other legal proceeding against Borrower or any person in any way related to the Obligations or a part thereof or any collateral therefor; (vii) any change in form of organization, name, membership or ownership of Borrower or Guarantor; (viii) any refusal or failure of the Lender or any other person prior to the date hereof or hereafter to grant any additional loan or other credit accommodation to Borrower or the Lender's or any other party's receipt of notice of such refusal or failure; (ix) any setoff, defense or counterclaim of Borrower with respect to the obligations or otherwise arising, either directly or indirectly, in regard to the Obligations; or (x) any other circumstance that might otherwise constitute a legal or equitable defense to Guarantor's obligations under this Guaranty.

   (b) Guarantor waives acceptance, assent and all rights of notice or demand including without limitation (i) notice of acceptance of this Guaranty, of Borrower's default or nonpayment of any Obligation, and of changes in Borrower's financial condition; (ii) presentment, protest, notice of protest and demand for payment; (iii) notice that any Obligations has been incurred or of the reliance by the Lender upon this Guaranty; and (iv) any other notice, demand or condition to which Guarantor might otherwise be entitled prior to the Lender's reliance on or enforcement of this Guaranty. Guarantor further authorizes the Lender, without notice, demand or additional reservation of rights against Guarantor and without affecting Guarantor's obligations hereunder, from time to time: (i) to renew, refinance, modify, subordinate, extend, increase, accelerate, or otherwise change the time for payment of, the terms of or the interest on the Obligations or any part thereof;(ii) to accept and hold collateral from any party for the payment of the any or all of the Obligations, and to exchange, enforce or refrain from enforcing, or release any or all of such collateral; (iii) to accept any indorsement or guaranty of any or all of the Obligations or any negotiable instrument or other writing intended to create an accord and satisfaction with respect to any or all of the Obligations; (iv) to release, replace or modify the obligation of any indorser or guarantor, or any party who has given any collateral for any of all of the Obligations, or any other party in any way obligated to pay any or all of the Obligations, and to enforce or refrain from enforcing, or compromise or modify, the terms of any obligation of any such indorser, guarantor or party; (v) to dispose of any and all collateral securing the Obligations in any manner as the Lender, in its sole discretion, may deem appropriate, and to direct the order and the enforcement of any and all indorsements and guaranties relating to the Obligations in the Lender's sole discretion; and (vi) to determine the manner, amount and time of application of payments and credits, if any, to be made on all or any part of the Obligations including, without limitation, if this Guaranty is limited in amount, to make any such application to Obligations, if any, in excess of the amount of this Guaranty.

   (c) Notwithstanding any other provision in this Guaranty, Guarantor irrevocably waives, without notice, any right he or she may have at law or in equity (including without limitation any law subrogating Guarantor to the rights of the Lender) to seek contribution, indemnification or any other form of reimbursement from Borrower or any other obligor or guarantor of the Obligations for any disbursement made under this Guaranty or otherwise.

4. **Termination.** This Guaranty shall remain in full force and effect as to each Guarantor until actual receipt by the Lender officer responsible for Borrower's relationship with the Lender of written notice of Guarantor's intent to terminate (or Guarantor's death or incapacity) plus the lapse of a reasonable time for the Lender to act on such notice (the "Receipt of Notice"); provided, however, this Guaranty shall remain in full force and effect thereafter until all Obligations outstanding, or contracted or committed for (whether or not outstanding), before such Receipt of Notice by the Lender, and any extensions, renewals or replacements thereof (whether made before or after such Receipt of Notice), together with interest accruing thereon after such Receipt of Notice, shall be finally and irrevocably paid in full. Discontinuance of this Guaranty as to one Guarantor shall not operate as a discontinuance hereof as to any other guarantor. Payment of all of the Obligations from time to time shall not operate as a discontinuance of this Guaranty, unless a Receipt of Notice as provided above has been received by the Lender. Guarantor agrees that, to the extent that Borrower makes a payment or payments to the Lender on the Obligations, or the Lender receives any proceeds of collateral to be applied to the Obligations, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside or otherwise are required to be repaid to Borrower, its estate, trustee, receiver or any other party, including, without limitation, under any bankruptcy law, state or federal law, common law or equitable cause, then to the extent of such repayment, the obligation or part thereof which has been paid, reduced or satisfied by such amount shall be reinstated and continued in full force and effect as of the date such initial payment, reduction or satisfaction occurred, notwithstanding any contrary action which may have been taken by the Lender in reliance upon such payment or payments. As of the date any payment or proceeds of collateral are returned, the statute of limitations shall start anew with respect to any action or proceeding by the Lender against Guarantor under this Guaranty. Likewise, any acknowledgment, reaffirmation or payment, by Borrower or any third party, of any portion of the Obligations, shall be deemed to be made as agent for the Guarantor, strictly for the purposes of tolling the running of (and/or preventing the operation of) the applicable statute of limitations with respect to any action or proceeding by the Lender against Guarantor under this Guaranty.

5. **Expenses.** Guarantor agrees to reimburse the Lender on demand for all the Lender's expenses, damages and losses of any kind or nature, including without limitation costs of collection and reasonable attorneys' fees and disbursements whether for internal or external counsel incurred by the Lender in attempting to enforce this Guaranty, collect any of the Obligations including any workout or bankruptcy proceedings or other legal proceedings or appeal, realize on any collateral, defense of any action under the prior paragraph or for any other purpose related to the Obligations (collectively, "Expenses"). Expenses will accrue interest at the highest default rate in any instrument evidencing the Obligations until payment is actually received by the Lender.

6. **Financial and Other Information.** Guarantor shall provide annual personal financial statements, manually signed copies of all federal tax returns of the Guarantor (within fifteen (15) days of filing), and any other financial information reasonably requested by the Lender in form reasonably satisfactory to the Lender. Guarantor represents that his or her assets are not subject to any liens, encumbrances or contingent liabilities except as fully disclosed to the Lender in such statements. Guarantor warrants that all information Guarantor gives to the Lender at any time is correct, complete and not misleading. Guarantor resides at the above address and will notify the Lender officer named above immediately in writing upon any change in address. Guarantor understands this Guaranty and has satisfied himself or herself as to its meaning and consequences and acknowledges that it has made its own arrangements for keeping informed of changes or potential changes affecting the Borrower including the Borrower's financial condition.

7. **Security; Right of Setoff.** As further security for payment of the Obligations, Expenses and any other obligations of Guarantor to the Lender, Guarantor hereby grants to the Lender a security interest in all money, securities and other property of Guarantor in the actual or constructive possession or control of the Lender or its affiliates including without limitation all deposits and other accounts owing at any time by the Lender or any of its affiliates in any capacity to Guarantor in any capacity (collectively, "Property"). The Lender shall have the right after a default by Borrower after giving effect to any applicable notice, grace and/or cure periods to set off Guarantor's Property against any of Guarantor's obligations to the Lender. Such set-off shall be deemed to have been exercised immediately at the time the Lender or such affiliate elect to do so. The Lender shall also have all of the rights and remedies of a secured party under the Uniform Commercial Code, as the same may be in effect in the State of New York, as amended from time to time, in addition to those under this Guaranty and other applicable law and agreements.

8. **No Transfer of Assets.** Guarantor shall not transfer, reinvest or otherwise dispose of his or her assets in a manner or to an extent that would or might materially impair Guarantor's ability to perform his or her obligations under this Guaranty.

9. **Nonwaiver by the Lender; Miscellaneous.** This Guaranty is intended by Guarantor to be the final, complete and exclusive expression of the agreement between Guarantor and the Lender. This Guaranty may be assigned by the Lender, shall inure to the benefit of the Lender and its successors and assigns, and shall be binding upon Guarantor and his or her legal representative, successors and assigns and any participation may be granted by the Lender herein in connection with the assignment or granting of a participation by the Lender in the Obligations or any part thereof. All rights and remedies of the Lender are cumulative, and no such right or remedy shall be exclusive of any other right or remedy. This Guaranty does not supersede any other guaranty or security granted to the Lender by Guarantor or others (except as to Guarantor's Waiver of Subrogation rights above). No single, partial or delayed exercise by the Lender of any right or remedy shall preclude exercise by the Lender at any time at its sole option of the same or any other right or remedy of the Lender without notice. Guarantor expressly disclaims any reliance on any course of dealing or usage of trade or oral representation of the Lender including, without limitation, representations to make loans to Borrower or enter into any other agreement with Borrower or Guarantor. No course of dealing or other conduct, no oral agreement or representation made by the Lender or usage of trade shall operate as a waiver of any right or remedy of the Lender. No waiver or amendment of any right or remedy of the Lender or release by the Lender shall be effective unless made specifically in writing by the Lender. Each provision of this Guaranty shall be interpreted as consistent with existing law and shall be deemed amended to the extent necessary to comply with any conflicting law. If any provision nevertheless is held invalid, the other provisions shall remain in effect. Guarantor agrees that in any legal proceeding, a copy of this Guaranty kept in the Lender's course of business may be admitted into evidence as an original. Captions are solely for convenience and not part of the substance of this Guaranty.

10. **Joint and Several.** If there is more than one Guarantor, each Guarantor jointly and severally guarantees the payment and performance in full of all obligations under this Guaranty and the term "Guarantor" means each as well as all of them. Guarantor also agrees that the Lender need not seek payment from any source other than the undersigned Guarantor. This Guaranty is a primary obligation. Guarantor's obligations hereunder are separate and independent of Borrower's, and a separate action may be brought against Guarantor whether or not action is brought or joined against or with Borrower or any other party.

11. **Notices.** Any demand or notice hereunder or under any applicable law pertaining hereto shall be in writing and duly given if delivered to Guarantor (at its address on the Lender's records) or to the Lender (at the address on page one and separately to the Lender officer responsible for Borrower's relationship with the Lender). Such notice or demand shall be deemed sufficiently given for all purposes when delivered (i) by personal delivery and shall be deemed effective when delivered, or (ii) by mail or courier and shall be deemed effective three (3) business days after deposit in an official depository maintained by the United States Post Office for the collection of mail or one (1) business day after delivery to a nationally recognized overnight courier service (e.g., Federal Express). Notice by e-mail is not valid notice under this or any other agreement between Guarantor and the Lender.

12. **Governing Law and Jurisdiction.** This Guaranty has been delivered to and accepted by the Lender and will be deemed to be made in the State of New York. Unless provided otherwise under federal law, this Guaranty will be interpreted in accordance with the laws of the State of New York excluding its conflict of laws rules. GUARANTOR HEREBY IRREVOCABLY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT IN ANY JUDICIAL DISTRICT OR COUNTY IN THE STATE OF NEW YORK WHERE THE LENDER MAINTAINS A BRANCH AND CONSENTS THAT THE LENDER MAY EFFECT ANY SERVICE OF PROCESS IN THE MANNER AND AT GUARANTOR'S ADDRESS SET FORTH ABOVE FOR PROVIDING NOTICE OR DEMAND; PROVIDED THAT NOTHING CONTAINED IN THIS GUARANTY WILL PREVENT THE LENDER FROM BRINGING ANY ACTION, ENFORCING ANY AWARD OR JUDGMENT OR EXERCISING ANY RIGHTS AGAINST GUARANTOR INDIVIDUALLY, AGAINST ANY SECURITY OR AGAINST ANY PROPERTY OF GUARANTOR WITHIN ANY OTHER COUNTY, STATE OR OTHER FOREIGN OR DOMESTIC JURISDICTION. Guarantor acknowledges and agrees that the venue provided above is the most convenient forum for both the Lender and Guarantor. Guarantor hereby waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Guaranty.

13. **Waiver of Jury Trial.** GUARANTOR AND THE LENDER HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT TO TRIAL BY JURY GUARANTOR AND THE LENDER MAY HAVE IN ANY ACTION OR PROCEEDING, IN LAW OR IN EQUITY, IN CONNECTION WITH THIS GUARANTY OR THE TRANSACTIONS RELATED HERETO. GUARANTOR REPRESENTS AND WARRANTS THAT NO REPRESENTATIVE OR AGENT OF THE LENDER HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WILL NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THIS JURY TRIAL WAIVER. GUARANTOR ACKNOWLEDGES THAT THE LENDER HAS BEEN INDUCED TO ENTER INTO THIS GUARANTY BY, AMONG OTHER THINGS, THE PROVISIONS OF THIS SECTION.

**Acknowledgment.** Guarantor acknowledges that it has read and understands all the provisions of this Guaranty, including the Governing Law, Jurisdiction and Waiver of Jury Trial, and has been advised by counsel as necessary or appropriate.

Soc. Sec. No.: _____

_____
Howard N. Blitman

Dated: _14 April 2005_

NOTICE: FOR PURPOSES OF THIS AGREEMENT "OBLIGATIONS" IS NOT LIMITED TO PRESENTLY EXISTING INDEBTEDNESS, LIABILITIES AND OBLIGATIONS.

ACKNOWLEDGMENT

STATE OF NEW YORK    )
                    : SS
COUNTY OF NEW YORK   )

On the 14th day of April, in the year 2015, before me, the undersigned, a Notary Public in and for said State, personally appeared HOWARD N. BLITMAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Emilia Schnell_
Notary Public

EMILIA SCHNELL
Notary Public, State of New York
Registration #01SC6156460
Qualified In Westchester County
Commission Expires Nov. 27, 2018