UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

In re: Chapter 11

Blitman Saratoga LLC, Case No. 20-23177 (RDD)

Debtor.

---------------------------------------x

**ORDER GRANTING DEBTOR'S OMNIBUS MOTION AND APPROVING (A) THE SETTLEMENT WITH THE EASTIN FAMILY IN CONJUNCTION WITH THE SALE OF THE RESIDENTIAL HOMES LOCATED AT 47 JANE STREET AND 49 JANE STREET FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS AND (B) SUCH SALE**

Upon the omnibus motion (ECF No. 98) (the "Motion")[1] of Blitman Saratoga LLC, the debtor and debtor in possession herein (the "Debtor") seeking (i) approval under Fed. R. Bankr. P. 9019 of a certain settlement with the Eastin family terminating their prepetition contract relating to the purchase of 49 Jane Street, Saratoga Springs, New York (the "49 Jane Street Property"), pursuant to the stipulation annexed to the Motion as Exhibit "A" (the "Eastin Settlement"), (ii) approval under 11 U.S.C. § 363(b) and (f) of the re-sale of the 49 Jane Street Property to the Colella family for the sum of $691,000, pursuant to the Purchase Agreement annexed to the Motion as Exhibit "B" (the "Colella Contract"), and (iii) approval under 11 U.S.C. § 363(b) and (f) of the sale of 47 Jane Street, Saratoga Springs, New York (the "47 Jane Street Property" and together with the 49 Jane Street Property, the "Properties") to the Bennice family, pursuant to the Purchase Agreement annexed to the Motion as Exhibit "C" (the "Bennice Contract"), with each such sale to be free and clear of all liens, claims, interests, and encumbrances of whatever kind or nature on, in, or against the respective Properties except as expressly assumed by the purchaser under the respective Contracts ("Liens and Claims"); and the

[1] All terms defined in the Motion and not otherwise defined herein shall have the same meaning for purposes of this

Court having jurisdiction over the Motion under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and good and sufficient notice of the Motion having been given; and upon the Affirmation in Support of the Motion filed by Frank Brennan on behalf of the Official Committee of Unsecured Creditors (ECF No. 101), the Objection of Robin Winter, as the executor of the estate of Howard Blitman (ECF No. 102), and all other pleadings filed in connection with the Motion; and upon the record of the hearing held by the Court on the Motion on February 18, 2022; and Saratoga Funding LLC (the "DIP Lender") having consented to modify the *Final Order Authorizing the Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 362 and 364(c)* (ECF No. 38) (the "DIP Order") to permit the Debtor's use of a portion of the sale proceeds ($600,000) to be set-aside in escrow for plan purposes as per the Stipulation a copy of which is attached as an exhibit hereto (the "Lender Stipulation"); and the Court having confirmed that the payment of all brokers' commissions with respect to the proposed sales remain subject to the filing of a proper application for allowance thereof under 11 U.S.C. §§ 328 and 330, with a certification as to the division of commissions as between direct commissions to Scott Varley or his agency, sub-agents or co-brokers; and, after due deliberation, the Court having determined that (a) the Debtor has established that the Eastin Settlement is fair and reasonable, in the best interests of the Debtor and its estate, and a proper exercise of business judgment in the light of the risks, costs, and delay of litigation, (b) the Debtor has established that the proposed sale of the 49 Jane Street Property under the Colella Contract and the proposed sale of the 47 Jane Street Property under the Bennice Contract are each supported by good and sufficient business reasons, are at arms-length, are in good faith after extensive marketing of the respective Properties, and are in the best interests of the Debtor's estate and creditors, and (c) the Debtor has satisfied one or more of the grounds for

Order as in the Motion.

the proposed sales to be free and clear of Liens and Claims under 11 U.S.C. § 363(f); and good and sufficient cause appearing, it is hereby

**ORDERED,** that the Motion is granted as provided herein; and it is further

**ORDERED**, that the Eastin Settlement is approved and the Debtor is authorized (i) to consummate the terms thereof in conjunction with the sale of the 49 Jane Street Property to the Colella family under the Colella Contract, and (ii) to pay the sum of $113,000 to the Eastins at the closing of such sale, whereupon all claims of the Eastins under the existing surety bond or filed in this case shall be deemed released, the Eastins' bond shall be deemed canceled, and any other pending litigation involving the Eastin family and the Debtor shall be discontinued with prejudice; and it is further

**ORDERED**, that the Debtor is authorized to sell 49 Jane Street Property to the Colella family for the sum of $691,000 in accordance with the Collela Contract and this Order; and it is further

**ORDERED**, that the Debtor is authorized to sell the 47 Jane Street Property to the Bennice family for the sum of $438,000 in accordance with the Bennice Contract and this Order; and it is further

**ORDERED**, that the foregoing sales of the Properties shall be free and clear of all Liens and Claims on the respective Properties pursuant to 11 U.S.C. § 363(f), with such Liens and Claims to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as such Liens and Claims had in, on, or against the applicable Property immediately before the closing of such sale; provided, that, (a) such attachment shall be in accordance with and subject to the Lender Stipulation, and (b) the Debtor shall pay all valid and recognized tax and mechanic's liens at the respective closings of such

sales, with an escrow to be established and held by the Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP, for any disputed lien amounts equal to the sums in dispute plus two years of interest at the statutory legal rate, until such dispute is resolved by the parties or an order of the Court; and it is further

**ORDERED**, that the Debtor is authorized to pay all other reasonable closing costs and expenses at the closings of the respective sales of the Properties; provided, that the Debtor shall establish an escrow with Debtor's counsel in an amount equal to all requested brokers' commissions (including direct brokers, sub-brokers and co-brokers) pending submission of an application or applications for allowance thereof under 11 U.S.C. § 330, which application(s) shall include a certification from the brokers involved as to the division of the respective commissions among them; and it is further

**ORDERED,** that the Debtor is authorized to retain the sum of $600,000 from the Properties' sale proceeds in accordance with the Lender Stipulation and use such funds to establish a separate pre-confirmation escrow account with Debtor's counsel (the "Plan Escrow") such that such funds are immediately available to facilitate the funding of a plan of reorganization, as authorized by the Lender Stipulation; and it is further

**ORDERED,** that the residual proceeds generated from the sale of the Properties after payment of (i) all tax and mechanic liens (including any escrows for any disputed amounts), (ii) the reasonable closing costs and expenses, (iii) the reserve for the amount of requested brokers commission(s), and (iv) the Plan Escrow shall be paid over to the DIP Lender to reduce the BSNB Loans (as defined in the DIP Order) assigned by BSNB (as defined in the DIP Order); and it is further

**ORDERED**, that the Debtor shall file on the case docket copies of the respective final closing statements for 47 Jane Street Property sale and the 49 Jane Street Property sale promptly after the transactions are closed; and it is further

**ORDERED**, that the 14-day stay of this Order under Bankruptcy Rule 6004(h) is waived, for cause shown, and this Order is effective immediately upon its entry.

Dated: White Plains, New York
March 16, 2022

/s/Robert D. Drain
United States Bankruptcy Judge