UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                               Chapter 11

Blitman Saratoga LLC,                                Case No. 20-23177 (SHL)

                            Debtor.
-------------------------------------------------------------x

**DEBTOR'S MOTION FOR AUTHORIZATION TO SELL 57 JANE STREET TO THE GUIFFRE FAMILY FOR THE SUM OF $538,000 FREE AND CLEAR OF ALL CLAIMS, LIENS AND ADVERSE INTERESTS**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

The Debtor herein, Blitman Saratoga LLC (the "Debtor"), as and for its motion pursuant to 11 U.S.C. §§ 363(b) and (f) to sell the completed home (Lot 14) at 57 Jane Street, Saratoga Springs, New York (the "Home") to Tom and Marlene Guiffre (the "Guiffre Family") for the sum of $538,000, free and clear of all liens, claims and adverse interests, respectfully states and alleges as follows:

**Preliminary Statement**

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor is a real estate development company completing a residential community known as "Beaver Pond Village", located in Saratoga Springs, New York (the "Development").

3. While a sale of a completed home is likely made in the regular course of the Debtor's business, the Debtor is cognizant about potential title company requirements and prior issues over payment of broker commissions with respect to earlier sales (see ECF Nos. 98 and 102).

Thus, the Debtor is moving for formal Bankruptcy Court approval of the sale of the Home to the Guiffre Family, particularly since a dispute arose as to the final purchase price to account for upgrades and possible delay claims. In this regard, the final purchase price of $538,000 represents a significant increase over the original price of $438,000. As such, the approval of the proposed sale also constitutes a settlement within the meaning of Bankruptcy Rule 9019(a).

4. The sale to the Guiffre Family will provide the necessary additional liquidity to enable the Debtor to proceed with confirmation of a formal Chapter 11 plan of reorganization. Certain funds from prior sales totaling approximately $600,000 are already in escrow. The Debtor was reticent to proceed with confirmation without additional funds to complete construction. This has now been accomplished and the proposed sale is the last piece of the puzzle before a viable plan is achieved.

5. Moreover, as with the prior sales, the broker's commissions of 5% shall be held in escrow pending a further order of the Court approving the same, as a minority member of the Debtor (Scott Varley) is affiliated with the brokerage company handling the transaction with the Guiffre Family with an outside broker at a 2.5% – 2.5% split.

## Jurisdiction and Venue

6. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Contract

8. The contract with the Guiffre Family is a conventional purchase agreement utilized by the Debtor in the past, containing customary warranties, terms and conditions for the sale of a new home.  The original purchase price of $438,000 was increased to

2

$538,000 on a negotiated basis. Attached hereto as <u>Exhibit</u> "A" is a copy of the Debtor's original contract, together with a recent letter from the Guiffre Family's counsel agreeing to the final purchase price of $538,000.

9.      The contract with the Guiffre Family was negotiated at arms-length. Accordingly, the Guiffre Family should qualify as good faith purchasers within the meaning of 11 U.S.C. §363(m).

10.     The Debtor is proceeding with a private sale as permitted under Bankruptcy Rule 6004(f)(1) based upon the fact that the Guiffre Family is a pre-petition vendee and a resale of the property would likely invite rejection damage claims. Thus, the Debtor believes that competitive bidding is not likely to result in a higher net return and would only delay matters. *See In re 160 Royal Palm, LLC*, 600 B.R. 119, 126 (S.D. Fla.), *aff'd,* 785 F. App'x 829 (11th Cir. 2019), *cert. denied sub nom. KK-PB Fin., LLC v. 160 Royal Palm, LLC*, 141 S. Ct. 553, 208 L. Ed. 2d 175 (2020) ["The trustee or debtor-in-possession's management of the procedural details surrounding bidding and sale are 'ultimately a matter of discretion that depends upon the dynamics of the particular situation." (internal citations omitted)].

11.     Although Section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts have held that approval of a proposed sale of property is appropriate if the transaction represents the reasonable business judgment of the debtor. *See Comm. of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983).

12.     If a valid business justification exists for the sale, the Debtor's decision to sell the Property enjoys a strong presumption "that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in an honest belief that the action

3

taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650 (S.D.N.Y. 1992). Therefore, parties objecting to the Debtor's proposed sales must make a showing of "bad faith, self-interest or gross negligence." *Id.*, at 656; *see also In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ["Where the debtor articulates a reasonable basis for its business decisions (as distinct from decisions made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."].

13.     Courts typically consider the following factors in determining whether a proposed sale should be approved: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See, e.g., In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. (1991). The proposed sale satisfies all these factors.

14.     The Debtor believes that the sale of the Home to the Guiffre Family will end all disputes with the buyer and will provide added liquidity to the Debtor in the quickest possible manner. Liquidity is the real key at this point since the Debtor has exhausted the DIP Loan and is out of funds without a sale. For all of these reasons, the proposed sale constitutes a sound exercise of business judgment.

### The Purchase and Sale of the Home Shall Be Free and Clear of Liens, Taxes, Claims and Interests

15.     The Debtor is required to deliver marketable title to the Home to the Guiffre Family consistent with Section 363(f) of the Bankruptcy Code, which authorizes the Debtor, as debtor-in-possession, to sell the Model Home free and clear of any interests if:

(1)     applicable non-bankruptcy law permits sale of such property free and clear of such interests;
(2)     if such entity consents;

4

>   (3)   such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
>   (4)   such interest is in bona fide dispute; or
>   (5)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16. Because Section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Debtor's assets "free and clear" of liens and interests. *Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n. 24 (6th Cir. 1991) [stating that Section 363(f) is written in the disjunctive; holding that the court may approve the sale "free and clear" provided at least one of the subsections of section 363(f) is met]; *In re Dundee Equity Corp.*, 1992 WL 53743, at *4 (Bankr. S.D.N.Y. Mar. 6, 1992) ["Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met."].

17. The Debtor has the support of the DIP Lender to the proposed sale transaction. Thus, proper grounds exist under Section 363(f) to sell free and clear based upon consent. Any other property-related claims or tax liens which may be in existence at the time of the closing shall be paid from the proceeds at closing.

## Notice

18. The Debtor hopes to obtain a hearing on the sale on expedited notice and the Debtor is prepared to serve notice on (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel for the Creditors' Committee; (c) counsel for the Guiffre Family; (d) the DIP Lender and its counsel; and (e) all other parties who have requested notice in this case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
November 1, 2022

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtor*
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700

By: /s/ Kevin J. Nash, Esq.

6