Hearing Date/Time:
December 5, 2022 @ 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | |
|---|---|
| BLITMAN SARATOGA LLC, | Chapter 11<br>Case No. 20-23177 (SHL) |
| Debtor. | |

**AFFIRMATION IN RESPONSE TO DEBTOR'S MOTION FOR AUTHORIZATION TO SELL 57 JANE STREET TO THE GUIFFRE FAMILY FOR THE SUM OF $538,000.00 FREE AND CLEAR OF ALL CLAIMS, LIENS AND ADVERSE INTERESTS**

**FRANCIS J. BRENNAN, ESQ.**, an attorney admitted to practice law in the State of New York and the United States District Court for the Southern District of New York affirms under penalty of perjury as follows in Response to Debtor's Motion for Authorization to Sell 57 Jane Street to the Guiffre Family for the Sum of $538,000 Free and Clear of All Claims, Liens and Adverse Interests (the "Motion"), and respectfully submits the following:

1. I am a partner in the law firm of Nolan Heller Kauffman, LLP ("NHK") and am counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 case of Blitman Saratoga LLC ("Debtor").

2. The Motion requests entry of an order approving the sale of real property located at 57 Jane Street, Saratoga Springs, New York (the "Property") to the Guiffre Family ("Buyer") as well as settlement of claims or potential claims arising from disputes regarding the final purchase price of the Property and delays in completing construction of the project.

3. The Debtor asserts that the proposed settlement and sale are in the best interests of the Debtor, its estate and creditors and is consistent with the Debtor's exercise of its business

judgment. Further, the Debtor advises that approval of the sale will generate sufficient sale proceeds and sufficient liquidity to permit the Debtor to proceed with filing and seeking confirmation of its long-delayed reorganization plan. Finally, the Debtor proposes to escrow funds with which to pay the broker's commission after subsequent application is made.

4. Under the facts and circumstances of this case, and based on the Debtor's exercise of its business judgment, the Committee supports the relief requested in the Motion. The Committee has been anticipating the Debtor's amended plan since May, 2022 when counsel advised the Court that its filing was imminent. The Committee further understands from the Motion that such filing was delayed to allow for a sale of the Property to provide liquidity to the Debtor in light of the exhaustion of DIP financing which was provided to fund completion of pending contracts post-petition.

5. However, the Debtor needs to explain and clarify certain issues raised by members of the Beaver Pond Village Board of Directors on behalf of the Homeowners' Association (the "HOA").

6. While the Motion provides that the sale proceeds from will facilitate a viable plan, it does not describe how that will be accomplished.

7. The Committee is also concerned about the terms of a letter from the HOA filed with the Court on October 14, 2022, which raised issues regarding construction and completion of infrastructure throughout the project and outstanding Letters of Credit totaling (the "LOCs") $919,250.00 in favor of the City of Saratoga Springs (the "City") to secure the Debtor's obligation to complete the infrastructure. The HOA also raised issues regarding the apparent abandonment of several houses in the development in various states of completion; noting that they are apparently not secured and have become attractive nuisances.

8.     It is not clear from the Motion what the Debtor intends to use the sale proceeds for. While the Debtor notes that the sale of the Property will facilitate a viable plan, it does not explain what that entails.  While the expected amended Disclosure Statement and Plan will presumably address the plan's structure, projections and viability in more detail, given the passage of time since the amended plan was to have been filed, it would be helpful to understand whether plan viability includes: whether there are any remaining contracts pending as of the filing date that remain active and, if so, how the funds from the sale of the Property hasten completion of those projects; construction of outstanding infrastructure and the cost to complete; the status of the LOCs and whether the Debtor's proposed plan contemplates completion of the infrastructure without the need for the City to draw on them; projections of remaining contracts, percent of completion, anticipated completion date, use of funds for further construction of houses or infrastructure, and a proposed date for filing an amended disclosure statement and plan.

9.     While these issues are perhaps beyond the scope of the Motion, it is respectfully submitted that addressing them at the hearing on the Motion is appropriate because of the Debtor's representation that the sale of the Property will allow a viable plan to be proposed.

10.    Further, the issues raised by the HOA may be contrary to the Debtor's expectation that it will be able to propose a viable plan as result of the sale of the Property.  The prospect of the City exercising its rights under the LOCs is concerning as such action would add substantially to the debts to be paid under the plan and negatively impact the anticipated distribution to general unsecured creditors based on the funds previously escrowed to be used to fund the plan.

11.    On November 9, 2022, the Debtor filed outstanding operating reports for the months of April, 2022[1] through September, 2022.  Those reports reflect aggregate income for that

---

[1] The Debtor previously filed a monthly operating report for April, 2022 on June 14, 2022. The information in that report is materially different from the report filed on November, 9, 2022 for April, 2022. Counsel for the Committee

six month period of $11,298.  Over the same period, the Debtor's cash balance declined from $224,584.71 as of April 30, 2022 to $6,818.04 as of September 30, 2022.  The profit and loss statement filed with the September, 2022 operating report shows a net loss of $132,218.11 year to date.

12. While the Debtor acknowledges that is was reticent to file an amended plan until it secured a sale, the year-to-date operating loss and declining cash balance raise significant issues as to whether the Debtor can propose a feasible plan.  The allegations by the HOA regarding incomplete infrastructure and the outstanding letter of credit in favor of the City of justify the request for additional and specific information provided at the hearing on the Motion regarding the status of an amended plan and a definitive date by which such amended plan will be filed.

**WHEREFORE**, it is respectfully requested that the Court enter an Order granting the Debtor's Motion but require Debtor's counsel to advise of the status of the remaining development, including: pending contracts, percentage completion of work in progress, the status of construction of infrastructure in the development and the prospect of the letter of credit in favor of the City of Saratoga being drawn; estimated cost of completion of infrastructure; the status of abandoned projects and steps taken to secure those that have become attractive nuisances; a proposed date for submission of an amended disclosure statement and plan and such other and further relief as this Court may deem just and proper.

---

has sought clarification from Debtor's counsel regarding the different information reported for the same monthly reporting period.  It is noted that the supporting documentation and financial information is identical for both reports.

Dated: November 10, 2022
       Albany, New York

**NOLAN HELLER KAUFFMAN LLP**
*Attorneys for Counsel for the Official*
*Committee of Unsecured Creditors*

By: _____
Francis J. Brennan, Esq,
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
fbrennan@nhkllp.com