Hearing Date and Time: 12/05/2022 at 10:00 a.m.

WHITEFORD, TAYLOR & PRESTON LLP
220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com
Kenneth M. Lewis

*Attorneys for Robin Winter, as Executor
of the Estate of Howard N. Blitman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BLITMAN SARATOGA LLC, | ) | Case No. 20-23177-shl |
| Debtor. | ) | |

**LIMITED OBJECTION OF ROBIN WINTER, AS EXECUTOR OF THE ESTATE OF HOWARD N. BLITMAN, TO DEBTOR'S MOTION FOR AUTHORIZATION TO SELL 57 JANE STREET TO THE GUIFFRE FAMILY FOR THE SUM OF $538,000 FREE AND CLEAR OF ALL CLAIMS, LIENS AND ADVERSE INTERESTS**

Robin Winter, as Executor of the Estate of Howard N. Blitman, by her attorneys, Whiteford, Taylor & Preston LLP, respectfully submits this Limited Objection to *Debtor's Motion for Authorization to Sell 57 Jane Street to the Guiffre Family for the Sum of $538,000 Free and Clear of all Claims, Liens and Adverse Interests* [Doc. No. 120].

1. While Ms. Winter, as executor of Mr. Blitman's estate, has no objection to the sale contemplated by the Motion, she has certain objections or questions, or seeks clarification with respect to the Motion.

2. First, as no proposed order or closing statement was included with the Motion, Mr. Blitman's estate requests they be circulated prior to entry of any order to ensure they comply

with prior orders of the Court, including the *Interim Order Approving and Authorizing the Debtor to Obtain Replacement and New Postpetition Financing Pursuant to 11 U.S.C. §§362 and 364(c)* [Doc. No. 21] (the "Interim Order") and *Final Order Authorizing the Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§362 and 364(c)* [Doc. No. 38] (collectively, the "DIP Orders"). The DIP Orders provide, among other things, that repayments of the BSNB Loans (which are defined in the DIP Orders as the existing outstanding loans in the amount of $1,893,438.92 (as of November 27, 2020), plus accruing interest or fees payable to Ballston Spa National Bank) and the DIP Loans (as defined in the DIP Orders) shall be applied first to the satisfaction of all obligations under the BSNB Loans previously assigned and as modified pursuant to the Interim Order.

3. Thus, the Order approving the Motion should include language providing that notwithstanding anything contained in the Motion, the Order, or anything else to the contrary, any paydown of any loans shall be applied first to the satisfaction of all obligations under the BSNB Loans previously assigned and as modified pursuant to the Interim Order, in accordance with the DIP Orders. The Order should also include language providing that any items contained in any closing statements relating to any fees, payments or paydowns concerning Saratoga Funding LLC, the BSNB Loans or the DIP Loans are to be applied first to the satisfaction of all obligations under the BSNB Loans previously assigned and as modified pursuant to the Interim Order, in accordance with the DIP Orders.

4. The executor also requests that Debtor provide an accounting of the BSNB Loans and the DIP Loans to ensure that prior sale proceeds were applied in accordance with the DIP Orders.

5. Next, the Motion provides that the proposed sale will provide the necessary

additional liquidity to enable Debtor to proceed with confirmation of a plan. However, Debtor does not explain how it intends to use such proceeds, or how much of such proceeds it proposes to use to proceed with confirmation of its plan. Moreover, any liens, including those with respect to the BSNB Loans, would attach to the sale proceeds in any event.

6. In addition, while the purchase agreement (Exhibit A to the Motion) provides for a brokerage commission to Keller Williams, as discussed at prior hearings, Scott Varley is the associate real estate broker, whose license is held by Keller Williams Capital District. *See* The Scott Varley Team Real Estate web site https://www.scottvarley.com/   As Mr. Varley is also a member of Debtor, it is inappropriate to pay commissions to Mr. Varley or his firm in this, or any other transaction concerning Debtor, as Mr. Varley, as the associate broker, is receiving either all, or a portion of Keller Williams' commission.[1] While Debtor, in paragraph 5 of the Motion, acknowledges this relationship, it nonetheless fails to address it. Debtor has still not filed an application seeking Mr. Varley's, or Keller Williams Capital District's retention, or provide an explanation as to why the disinterested standards of section 327 should be ignored, or why the countless other real estate brokers in the Saratoga Springs region that are disinterested should not be considered.

7. Next, as reflected in the monthly operating reports recently filed with the Court, Debtor continues to pay Bredefeld & Associates for accounting services. As reflected in the General Ledger annexed to Debtor's September operating report [Doc. No. 129-1], Bredefeld has

---

[1] Allowing such payments has further implications in this case. On January 31, 2022, Debtor filed *Debtor's Liquidating Plan of Reorganization* [Doc. No. 99]. Among other things, the Plan includes preferential treatment of certain "insiders" over others. While under its Plan, Debtor is proposing to allow and pay the claims of certain "insiders" (*e.g.*, Goren Cousins I LLC and TPK Development Inc. (Thomas P. Keaney), (as well as Scott Varley pursuant to further order of the Court), it has taken a wholesale approach of not just subordinating, but disallowing any claims held by Mr. Blitman's estate or its affiliates, including Blitman Development Corp. and Changebridge Construction Corp. While, following the filing of that Plan, the undersigned had discussions with Debtor's counsel to address such inequities, to date, no amended plan has been filed.

3

been paid $21,105.50 in the first nine months of 2022.  In 2021, Bredefeld was paid $15,495.00.  Upon information and belief, Bredefeld & Associates is the Gorens' personal accountants.  While these concerns have been raised at prior hearings, Debtor has still not addressed them.

8.    In addition, as reflected in the September operating report, there are $38,764 in past due postpetition taxes [Doc. No. 129]. The payment (or lack thereof) of any tax obligations, as well as any other postpetition obligations, should be addressed at the hearing.

9.    Finally, as reflected in the letter from the Beaver Pond Village Board of Directors filed with the Court on October 18, 2022 [Doc. No. 118], concerns have been raised with respect to, among other things, the completion of infrastructure and homes, and the abandonment and securing of property.  These issues should also be addressed at the hearing.

WHEREFORE, Robin Winter, as Executor of the Estate of Howard N. Blitman, respectfully requests that the Court sustain her Objection, that any order approving the Motion contain language providing and confirming that any paydowns of any loans shall be applied against the BSNB Loans in accordance with the DIP Orders, and that Mr. Blitman's estate be granted such other and further relief as is just and proper.

Dated: Tarrytown, New York
       November 16, 2022

WHITEFORD, TAYLOR & PRESTON LLP

By: /s/ Kenneth M. Lewis
    Kenneth M. Lewis

220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com

*Attorneys for Robin Winter, as Executor*
*of the Estate of Howard N. Blitman*