| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------- x<br>In re:<br><br>Blitman Saratoga LLC,<br><br>                                         Debtor.<br>-----------------------------------------------------------------x | Hearing Date and Time:<br><br>December 20, 2022 at 10:00 a.m.<br><br>Chapter 11<br><br>Case No. 20-23177 (SHL) |

# MOTION

**TO THE HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE:**

Stephen M. Dorsey and Susan S. Dorsey (hereinafter, collectively the "Movants") by and through their counsel, O'Connell & Aronowitz, P.C., hereby move this Court for the entry of an order: (A) rejecting the pre-petition contract for the construction and sale of a residential house between Movants and the above captioned Debtor, pursuant to 11 USC 365 and 554(a), (B) directing the Debtor to refund to Movants their deposit monies, pursuant to 11 USC 365 and 554(a), or in the alternative, to terminate the automatic stay to permit Movants to file a vendee's lien in the County Clerk's office and pursue their claims against the surety on the deposit bond, pursuant to 11 USC 362(d), (C) or in the alternative, to convert this bankruptcy case to chapter 7, pursuant to 11 USC 1112(b), and (D) such other and further relief as may be just and proper, pursuant to sections 105(a), respectfully represents the following:

Jurisdiction

1.      This is a core proceeding pursuant to 28 U.S.C. section 157(b).

2.      Venue for this matter is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 362(d), and 365, 554(a) and 1112(b) of title 11 of the Bankruptcy Code.

{O1146803.1}

4. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 6, 2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

5. The Debtor is a real estate development company that was developing a residential community known as "Beaver Pond Village" located in Saratoga Springs, New York.

6. Following the commencement of the Chapter 11 case, the Debtor obtained approval of certain DIP loans for the purpose of completing construction of the eight remaining homes under construction.

The Executory Contract

7. One of the eight remaining homes being constructed by the Debtor was located at 8 Katie Lane and designated as Lot No. 77 on the map entitled "Beaver Pond Village" Saratoga Springs, New York (hereinafter the "House"). Prior to the Debtor's filing its bankruptcy petition, Debtor and the Movants had entered into a written contract and amendment (the "Contract") for the construction and sale of the House for the sum of $548,000, which included a cash deposit of $109,600 (the "Deposit"). A copy of the Contract and its Amendment is attached as Exhibit A.

8. The Contract provides, at paragraph 4, that the construction shall be completed "on or about 180 days after building permit issued". The building permit was issued on December 11, 2019. A copy of the building permit is attached as Exhibit B. Therefore, the House should have been completed and title should have been transferred to Movants on or about June 8, 2020, approximately two and a half (2 1/2) years ago. It is now approximately three years after the building permit was issued and Debtor has not completed its construction of the House. Debtor breached the Contract by, inter alia, failing to complete the construction of the House and to transfer title to Movants "on or about 180 days after building permit issued". After this bankruptcy case was filed on November 6, 2020, Debtor has performed only nominal construction on the House.

{O1146803.1}

9. Despite Debtor's blatant breach of the Contract, Debtor has improperly and falsely alleged that Movants breached the Contract by failing to pay invoices. Attached as Exhibit C is a letter that purports to be Debtor's termination of the Contract. The attached letter is factually incorrect and legally defective. The attorney who wrote the attached letter has never received an Order from this court approving his representation of the Debtor. In addition, the Debtor never received an Order from this court to assume or amend the Contract.

### Relief Requested by Movants
### Rejection of the Contract

10. Approximately three years ago, Movants paid to Debtor the Deposit of $109,600 based upon the Debtor's contractual obligation to construct and transfer title to the House by approximately June 8, 2020. To date, Debtor has failed to complete construction of the House and has failed to assume or reject the Contract. Instead, Debtor has opted to have the construction and the Contract to languish in limbo.

11. Debtor has attempted to justify its conduct by alleging that it can not complete the Contract in 2022 because the contract price was based upon 2019 construction costs. Therefore, Debtor apparently believes that it can now sell the House now to a different purchaser for a higher price.

12. Rejection of executory contracts is appropriate when rejection would benefit the estate. NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982) (subsequent history omitted). Accordingly, Movants hereby request an Order rejecting the Contract, thereby permitting Debtor to sell the House to a different purchaser.

### Return of Deposit

13. In 2019, Movants paid to Debtor a deposit in the amount of $109,600 ("Deposit"). On October 18, 2019, Debtor obtained a down payment bond so that it could take $50,000 from the Deposit. A copy of the bond is attached as Exhibit D.

14. The Second Circuit Court of Appeals has held that a purchaser is entitled to a return of deposit funds per the terms of the contract. <u>Burns v. Bankruptcy Estate of Swyers</u>, 108 Fed.Appx. 30 (2d Cir. 2004) affirming (Bk Ct WDNY 2003); see also, <u>In re Portjeff Development Corp.</u>, 128 B.R. 38 (Bk Ct SDNY 1991). As set forth in paragraphs 14 and 21 of the Contract, Movants are entitled to the return of their deposit because of Debtor's failure to timely complete construction and convey title to the Movants.

15. Movants hereby request an Order directing Debtor to return, no later than 30 days after this court issues its Order, the Deposit to Movants.

<u>Relief from the Automatic Stay</u>

16. Movants anticipate that Debtor might argue that only $59,600 is currently available to return to Movants because Debtor obtained the Bond so that $50,000 of the Deposit could be released from escrow.

17. Movants are uncertain as to whether the Bond is property of the Debtor's bankruptcy estate. See, <u>In re Drexel Burnham Lambert Group, Inc.</u>, 138 B.R. 687 (Bk Ct SDNY 1992). In deference to the bankruptcy automatic stay and an abundance of caution, Movants hereby request an Order terminating the automatic stay so that Movants can pursue their rights under the Bond.

18. As previously discussed, Movants hereby declare that Debtor is in default of the Contract and further declare that this motion constitutes a claim under the Bond.

19. Movants hereby request an Order terminating the automatic stay so that Movants can pursue their claim under the Bond and can file a vendee's lien with the county clerk. A vendee's lien has been recognized under New York State law. <u>Heritage Art Galleries, Ltd. v. Raia</u>, 173 A.D.2d 441 (2d Dept 1991). Bankruptcy courts in New York State have also recognized a vendee's lien. <u>In re 85-02 Queens Blvd. Associates</u>, 212 B.R. 451 (Bk Ct EDNY 1997).

<u>Convert Case to Chapter 7</u>

20. Debtor's Chapter 11 bankruptcy case has languished since it was filed on November 6, 2020. In a letter dated May 5, 2022, Debtor's counsel represented to this court that Debtor was in the process of amending its proposed plan of reorganization and would be submitting to this court an amended chapter 11 plan "by the end of next week". See Doc 113. To date, Debtor has failed to submit an amended chapter 11 plan. Instead, Debtor continues to allow this bankruptcy case to languish.

21. By reason of the foregoing, Movants hereby request that this bankruptcy case be converted to chapter 7.

<u>Notice</u>

22. This Motion shall be filed electronically, thereby giving notice to the parties who have noted their appearance so that they will receive notice electronically that this motion has been filed. It is respectfully submitted that notice is sufficient. No previous request for the relief sought herein has been made to this or any other court.

{O1146803.1}

WHEREFORE, the Movants respectfully request that the Court issue an Order granting the relief requested in this motion and for such other and further relief as may be just and proper.

| | |
|---|---|
| DATE: November 17, 2022<br>Albany, NY | O'Connell and Aronowitz P.C.<br><br>By: *Kevin Laurilliard*<br>Kevin Laurilliard, Esq.<br>O'Connell & Aronowitz, P.C.<br>Attorney for Movants<br>54 State Street<br>Albany, NY 12207<br>Phone: (518) 462-5601<br>Fax: (518) 462-2670 |

{O1146803.1}