KIRBY AISNER & CURLEY LLP  
*Counsel to Creditor, City of Saratoga Springs*  
700 Post Road, Suite 237  
Scarsdale, New York 10583  
Tel: (914) 401-9500  
Erica R. Aisner, Esq.  
eaisner@kacllp.com

Hearing Date: December 5, 2022  
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------X  
In re:

BLITMAN SARATOGA LLC,

                            Debtor.  
-------------------------------------------------------------X

Chapter 11  
Case No: 20-23177 (SHL)

## RESPONSE OF CITY OF SARATOGA SPRINGS TO DEBTOR'S MOTION FOR AUTHORIZATION TO SELL 57 JANE STREET

The City of Saratoga Springs ("City"), by and through its counsel, Kirby Aisner & Curley LLP, submits this Response to the Debtor's Motion for Authorization to Sell 57 Jane Street [ECF Docket No. 120], and respectfully sets forth as follows:

### Preliminary Statement

To be clear, the City has no objection whatsoever to the sale of 57 Jane Street (the "Property") to Tom and Marlene Guiffre. The City's concerns, as set forth herein, relate solely to the omission of vital disclosures by the Debtor in the Motion, to wit; the intended use of the proceeds from the sale of the Property and how the Debtor intends to move the remainder of the project to completion.

The City, as a creditor and party in interest, must ensure that the Debtor complies with its obligations imposed by it in connection with its approvals and entitlements for development. These obligations include, but are not necessarily limited to, the completion of approximately $1 million in remaining infrastructure work (roadways, signage, street lighting, etc.), which have yet

to be completed. In addition, the longer that the lots remain in their current and varying state of construction, health and safety concerns for the residents of the community, remain a serious issue as well.

## Response

1. This Chapter 11 case and the underlying real estate development have been largely static since the filing **over two years ago**.

2. When the Debtor moved to approve the DIP Financing in November of 2020, it was in contract on eight (8) lots. The Debtor represented that "two homes are 77-79% complete and two other homes are 50% and 20% complete and would be finished by April 30 and June 30, 2021." [Debtor's Motion to Approve Debtor in Possession Financing ("DIP Motion"), ECF Docket No. 6, ¶10]. The motion went on to note that "[t]he projected end date for completion of the last set of homes is July, August and September 2021." [Id.].

3. The DIP Motion also indicated that the approval of replacement financing would give the Debtor more flexibility because they would accrue interest pending completion of construction and net proceeds from sales would be first used to fund construction expenses and then to pay down the Loans. [DIP Motion ¶12]. The lending facility was intended to provide "liquidity for purposes of resuming construction." [DIP Motion, ¶12]

4. Notwithstanding that the Interim Order approving the DIP Financing was entered in December of 2020, the construction loan did not fund until March 1, 2021. Since the approval of the DIP Financing, which refinanced Ballston Spa Bank as the secured lender with financing from an insider of the Debtor and provided an additional loan of up to $1.2 million; four properties (4) have closed and one (1) is the subject of the Motion. From those four closings, it appears that the lender, Saratoga Funding LLC, has been paid back approximately $200,000 in

lot release fees and an additional $450,000 (approx.) towards the "line of credit" and an additional $600,000 (approx.) was set aside for a pre-confirmation plan reserve. Unfortunately, the $1.2 million which was supposed to fund the "completion of construction" in accordance with the approved Budgets did not suffice and there has been no explanation in any filings as to why the Debtor fell so short in both funding and timeline.

5.      Based upon the operating reports, it appears that the Debtor has once again run out of funds and all the Motion provides is that the proceeds, in an amount which is not disclosed or calculated in any way (other than to state the gross purchase price from the contract), will be used to "enable the Debtor to proceed with confirmation of a formal Chapter 11 plan of reorganization." [Motion, ¶4]. Given that prior filings by the Debtor, which included detailed budgets and projections, represented how and when construction would be completed, the DIP Motion in lacking in those critical and required areas of disclosure.

6.      This lack of disclosure cannot be permitted, and the Debtor must inform the Court, the creditors and the parties in interest with the complete picture as the case begins its third year pending with no idea as to how and when this project will be truly complete.

Dated: Scarsdale, New York
         November 28, 2022

                                        KIRBY AISNER & CURLEY LLP
                                        *Counsel to Creditor, City of Saratoga Springs*
                                        700 Post Road, Suite 237
                                        Scarsdale, New York 10583
                                        Tel: (914) 401-9500

                                        By:    /s/ Erica R. Aisner
                                              Erica R. Aisner, Esq.