Hearing Date/Time:
December 20, 2022 @ 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

BLITMAN SARATOGA LLC,

Debtor.

Chapter 11
Case No. 20-23177 (SHL)

**AFFIRMATION IN RESPONSE TO MOTION BY STEPHEN M. DORSEY AND SUSAN S. DORSEY FOR AN ORDER (I) REJECTING PRE-PETITION CONTRACT; (II) DIRECTING REFUND OF CONTRACT DEPOSIT OR TERMINATING AUTOMATIC STAY TO FILE CONTRACT VENDEE'S LIEN AND PURSUE BOND CLAIM; OR (III) CONVERTING CASE TO CHAPTER 7**

**FRANCIS J. BRENNAN, ESQ.**, an attorney admitted to practice law in the State of New York and the United States District Court for the Southern District of New York affirms under penalty of perjury as follows in Response to Motion by Stephen M. Dorsey and Susan S. Dorsey (the "Dorseys") for an Order (I) rejecting pre-petition contract; (II) directing refund of contract deposit or terminating automatic stay to file contract vendee's lien and pursue bond claim; or (III) converting case to Chapter 7 (the "Motion"), and respectfully submits the following:

1. I am a partner in the law firm of Nolan Heller Kauffman, LLP ("NHK") and am counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 case of Blitman Saratoga LLC ("Debtor").

2. As set forth more fully in the Motion, the Dorseys entered into a contract dated January 27, 2019 (the "Contract") with the Debtor for the purchase of real property and construction of a single-family house located at 8 Katie Lane, Saratoga Springs, New York (the "Property") in the Debtor's Beaver Pond Village development. In conjunction with that contract,

the Dorseys paid a deposit totaling $109,600.00 (the "Deposit"). Further pursuant to the Contract, the Deposit was to be held in escrow by Mazzotta & Vagianelis, P.C. as escrow agent ("Escrow Agent") pursuant to the terms of an escrow agreement (the "Escrow Agreement") dated January 27, 2019 and executed by the Debtor, the Dorseys, the Beaver Pond Village Homeowners' Association and the Escrow Agent. The Escrow Agreement provided that the escrowed funds were to be released upon the satisfaction of conditions set forth in the Escrow Agreement; specifically:

- Pursuant to the terms and conditions set forth in the Purchase Agreement and the Escrow Agreement, upon closing of title to the ownership interest;
- In a subsequent writing signed by both the Debtor and the Dorseys; or
- By a final, non-appealable order or judgment of a court.

3. Subsequent to the execution of the Contract and the Escrow Agreement, the Debtor obtained a down payment bond in the amount of $50,000.00 (the "Bond") in exchange for the release of $50,000.00 from escrow.

A. **Rejection of the Contract pursuant to 11 U.S.C. §365**

4. Assumption or rejection of executory contracts is based "upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *In re Avianca Holdings Sociedad Anónima*, 618 B.R. 684, 697 (Bankr. S.D.N.Y. 2020), citing *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); see also, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S. Ct. 1188, 79 L. Ed. 2d 482 (1984)(holding that assumption or rejection of executory contracts is generally subject to the business judgment standard). Courts generally "will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate." *MF Glob. Holdings*, 466 B.R. at 242. While the Court

may establish a deadline by which the Debtor must make its determination to assume or reject, assumption or rejection of an executory contract is within the Debtor's purview, not the creditor's.

5. Assumption or rejection of executory contracts is based "upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *In re Avianca Holdings Sociedad Anónima*, 618 B.R. 684, 697 (Bankr. S.D.N.Y. 2020), citing *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); see also, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S. Ct. 1188, 79 L. Ed. 2d 482 (1984) (holding that assumption or rejection of executory contracts is generally subject to the business judgment standard). Courts generally "will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate." *MF Glob. Holdings*, 466 B.R. at 242.

6. Based on the Motion, the Debtor has asserted certain defaults by the Dorseys under the Contract which the Dorseys dispute while the Dorseys allege the Debtor has defaulted by having failed to complete construction as provided for by the terms of the Contract.

7. The Debtor has the authority to assume or reject the Contract. The Committee will not second guess the Debtor's determination provided that it exercises proper business judgment in reaching its conclusion with respect to assumption or rejection. It is noted that the Dorseys allege only nominal work has been performed on the project in the two years since the petition was filed. Under the circumstances, including the Debtor's assertion that the Dorseys have defaulted under the Contract, perhaps rejection is in the best interest of both parties.

**B. The escrow Deposit and down payment bond are not property of the estate**

8. To the extent that the $59,600.00 balance of the Deposit remains in the escrow account maintained by the Escrow Agent pursuant to the Escrow Agreement, those funds are not

property of the bankruptcy estate and are the Dorseys' property. See, *LTF Real Estate Co. v. Expert S. Tulsa, LLC (In re Expert S. Tulsa, LLC)*, 522 B.R. 634 (B.A.P. 10th Cir. 2014) ("Applying federal bankruptcy law, most courts hold that funds held in escrow to assure or guarantee the debtor's performance of an obligation are not property of the estate where: (1) the funds were placed in escrow under an escrow agreement for the benefit or protection of another party; (2) the funds were in the possession and control of an escrow agent on the petition date; and (3) the debtor is entitled to receive the funds (or some portion thereof) only after fulfilling certain conditions." *Id.* at 647. The terms of the Bond are consistent with the factors applied in *LTF Real Estate Co.* Accordingly, assuming the Court grants the Dorseys' motion to compel the Debtor to reject the Contract, those funds belong to the Dorseys and should be paid to them.

9.      The same conclusion results with respect to the payment bond obtained by the Debtor in favor of the Dorseys. That bond supplanted the $50,000.00 of the Deposit advanced to the Debtor that otherwise would have remained in the escrow account of the Escrow Agent. Surety bonds are not property of the bankruptcy estate. See, *In re Lockard*, 884 F2d. 1171 (9th Cir. 1989) ("the 'overwhelming weight of authority' under both the Bankruptcy Act and Code holds that a contractor has no property interest in a surety bond issued by a third-party to guarantee the contractor's performance on its commercial or personal services contracts." *Id.,* at 1177, internal citation omitted).

10.     Since neither the Deposit remaining with the Escrow Agent nor the Bond are property of the Debtor's estate pursuant to 11 U.S.C. §541, the Dorseys do not need an order from this Court to pursue either avenue for repayment of the Deposit. To the extent the Dorseys are requesting a comfort order from this Court granting stay relief, the Committee does not oppose such relief.

**C. The Dorseys are not entitled to a vendee's lien**

11.     To the extent that the Dorseys have recourse to the balance of the Deposit held by the Escrow Agent and the down payment bond, imposition of a vendee's lien against the Property would be duplicative of the remedies available to them and is unnecessary.

12.     The Debtor's reliance on *In re 85-02 Queens Blvd Assoc.,* 212 B.R. 451 (Bankr. E.D.N.Y. 1997) is misplaced because the vendee's lien at issue in that case arose pre-petition. The Motion seeks to impose a post-petition lien against property of the estate.

**D. The Dorseys' request to convert the case to Chapter 7 should be denied**

13.     The Motion accurately states that this case has languished in Chapter 11 for approximately two years without a confirmed plan. The Committee noted its concern about the status and progress of the case in its response in support of the Debtor's motion to sell property located at 57 Jane Street, and specifically requested the Debtor advise the parties and the Court of a definitive time frame for filing a plan and for completion of construction and sale of the remaining properties.

14.     However, to the extent that the Debtor rejects the Contract and the Dorseys recover the Deposit from the escrowed funds and their claim against the down payment bond, they have been fully compensated for their claim and would no longer be creditors or parties in interest to the case.

15.     As the Court may recall, a portion of the proceeds of prior sales of properties resulted in an escrow of $600,000.00 for payment of administrative and unsecured claims.

16.     Assuming the Debtor sufficiently responds to the Committee's request for a definitive schedule for filing and confirming a reorganization plan, it is respectfully submitted that

conversion of the case to Chapter 7 would not be in the best interests of the Debtor, its estate or its creditors.

17.    Based on the Debtor's representation that the closing of the sale of 57 Jane Street will permit the Debtor to resume construction of remaining properties, there is no reason the Debtor cannot propose a reorganization plan that is based on completion of projects in the development as well as for distribution of $600,000.00 escrowed for the benefit of administrative and unsecured creditors. Conversion of the case would unnecessarily add a layer of Chapter 7 administrative expenses to the case and deplete funds that would otherwise be available to creditors through a Chapter 11 plan.

**WHEREFORE**, it is requested that the Court enter an Order (I) establishing a date by which the Debtor must assume or reject the Contract, (II) to the extent deemed necessary to provide the Dorseys with comfort that the automatic stay does not apply to their claim to the balance of the Deposit remaining with the Escrow Agent and their recourse to the down payment bond, (III) denying the request for imposition of a vendee's lien; and (IV) denying the request for conversion of the case to Chapter 7, together with such other and further relief as this Court may deem just and proper.

Dated: December 13, 2022
Albany, New York

**NOLAN HELLER KAUFFMAN LLP**
*Attorneys for Counsel for the Official Committee of Unsecured Creditors*

By: /s/Francis J. Brennan
Francis J. Brennan, Esq,
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
fbrennan@nhkllp.com