# WALSH & WALSH, LLP

ATTORNEYS AT LAW
42 LONG ALLEY
SARATOGA SPRINGS, NEW YORK 12866‑2116

JOSEPH M. WALSH  
MARIAN WAIT WALSH  
JOAN B. BLEIKAMP  
JESSE P. SCHWARTZ

TELEPHONE: (518) 583‑0171  
FACSIMILE: (518) 583‑1025  
E‑MAIL: Jesse@spalaw2.com

December 13, 2022

*Via Email*

Kevin J. Nash, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, New York 10036
kjnash@gwfglaw.com

        In re: Blitman Saratoga LLC
        Chapter 11, Case No. 20-23177 (RDD)

Dear Mr. Nash:

      This firm has been engaged by Terri Indyk and Chris Baldwin, who are the independent (i.e.- non-Sponsor-related) members of the board of directors of Beaver Pond Village Homeowners' Association, Inc. (the "HOA").

      I understand that during the recent Bankruptcy Court hearing held on December 5th relative to the Debtor Blitman Saratoga LLC's (the "Sponsor") motion to approve the sale of 57 Jane Street, Saratoga Springs, Judge Lane encouraged all interested parties to communicate directly about concerns and questions regarding the completion of outstanding infrastructure work by the Sponsor. In that spirit, Ms. Indyk and Mr. Baldwin request that the Sponsor provide the detailed information and responses to the following items prior to the next Bankruptcy Court appearance on December 20th:

1. A detailed timeline with checkpoints for completion of all outstanding infrastructure items. Notably, the Sponsor has made repeated promises for the past five years that the HOA roads would be completed "before winter," but the roads remain uncompleted. In that regard, it would seem prudent that the Sponsor commit to completing all engineering planning and bid solicitation during the winter months so that construction can begin immediately in early Spring.

2. Please advise how the proceeds from the sale of 57 Jane Street will be used towards completion of the infrastructure.

**WALSH & WALSH, LLP**

December 13, 2022
P a g e | **2**

3. Please provide a detailed plan of the work to be completed in Phases 1-5. While Ms. Indyk and Mr. Baldwin acknowledge that the items designated in the Infrastructure Budget attached as Exhibit B to the Sponsor's December 2nd Reply (as discussed with the Court on December 5, 2022) are top priorities, there appear to be missing work items and/or discrepancies, including the following (which list is not exhaustive):

   a. The square footage of asphalt in the new calculations in the Infrastructure Budget is different from the Boswell engineering spreadsheets that Ms. Indyk and Mr. Baldwin have. Will Boswell update the original calculations so that the work content on which the LOCs are based is the same as the work that will be completed at this juncture?

   b. There are two separate spreadsheets now for Phase 2, only one of which the Sponsor shows as being completed as part of the initial infusion of $375,000. Please provide more detail about what that "new" Phase 2 work represents. The total asphalt square footage is 20,000+ sf more than the original Boswell spreadsheets for Phase 2.

   c. There is no sidewalk calculation for Phase 3 completion in the Infrastructure Budget. However, the sidewalk directly across from 1 Pamela Lane is incomplete. This appears to be missing from the Sponsor's plans.

   d. There is no allowance in the Infrastructure Budget for completing the fencing around the butterfly preserve in Phase 5. This fencing has been missing or knocked down for several years now, and Tom Keaney received communication from the North America Land Trust approximately one year ago demanding that be rectified.

   e. There is no allowance in the Infrastructure Budget for the construction of the trails in Phase 6/7 that are a part of the site plan. Please advise if these trails are being built as promised in the Open Space Plan/HOA CC&R docs that homeowners, including Ms. Indyk and Mr. Baldwin, received from the Sponsor at the time of closing. Also, the trail in Phase 3 has not been constructed so as to provide a safe path, and there is no money allocated for the remediation of that path. These items need to be addressed.

   f. There are $1,000 line items for "signage" for Phases 3,4,5 and for 6,7. Please provide more specificity about these items. The plans require signage at the archaeological ruins site in Phase 1 and at the trails and open space areas of all phases. There is currently no signage.

   g. The Open Space Plan calls for the archaeological ruins area in Phase 1 to have a 4' tall construction fence erected around it and to have "permanent markings." Neither exists and the plan needs to address these items.

   h. The Open Space Plans requires "boundary markings" between homeowner and buffer areas. None exist, and the plan needs to address this.

**WALSH & WALSH, LLP**

December 13, 2022
P a g e | 3

      i. Remediation of open space "B" is not addressed in the Infrastructure Budget. This area was supposed to be cleared, leveled and landscaped per the Open Space Plan documentation produced and used by the Sponsor in the marketing and sale of homes within the HOA. This change to the site plan obligated the HOA to additional risk and costs of removing trees that threaten adjacent homes. At a minimum, the Sponsor must clean up this area and remove trees that are a risk. Please confirm that this item will be addressed by the Sponsor.

4. The Sponsor intends to use $134,000 of proceeds from the sale of 57 Jane Street for construction of additional homes in Phase 6/7. Please advise what will happen when the next house(s) in Phase 6/7 constructed with those monies is/are sold. Will the Sponsor commit to set aside additional monies from those future sales to complete infrastructure in Phase 6&7?

Responses to these items are necessary in order to provide clarity and set expectations for the parties, including existing homeowners such as Ms. Indyk and Mr. Baldwin, and for the Court with respect to the Sponsor's completion of its infrastructure obligations. We look forward to your client's responses.

Thank you.

                                                  Very truly yours,

                                                  *Jesse Schwartz*
                                                  Jesse P. Schwartz

cc:
Terri Indyk and Chris Baldwin

The Honorable Sean H. Lane,
   United States Bankruptcy Court (*via e-filing*)

Erica R. Aisner, Esq. (eaisner@kacllp.com),
   Attorney for the City of Saratoga Springs

Francis J. Brennan, Esq. (fbrennan@nhkllp.com),
   Attorney for the Official Committee of Unsecured Creditors