UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                        Chapter 11

Blitman Saratoga LLC,                                                Case No. 20-23177 (SHL)

                        Debtor.
---------------------------------------------------------------x

**DEBTOR'S MOTION TO APPROVE A SETTLEMENT REACHED WITH THE DORSEY FAMILY RELATING TO TERMINATION OF THEIR CONTRACT TO BUY 8 KATIE LANE**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

        The motion of Blitman Saratoga LLC (the "Debtor"), by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, seeking approval of the attached stipulation of settlement annexed hereto as Exhibit "A" (the "Settlement") with Stephen M. Dorsey and Susan S. Dorsey (the "Dorseys") terminating their pre-petition contract relating to the purchase of 8 Katie Lane, respectfully represents and shows this Court as follows:

**Background**

        1.     The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020 (the "Petition Date"), and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

        2.     The Debtor is a real estate development company which is in the process of completing construction on the final stages of a residential community known as "Beaver Pond Village", located in Saratoga Springs, New York (the "Project").

        3.     Going into Chapter 11 during the onset of the pandemic, the Debtor faced significant challenges in addressing the claims of lenders and completing construction on the eight remaining homes under contract. The travails associated with the pandemic unfortunately have

proven more difficult than anticipated, and the Debtor encountered still additional delays and higher building costs than originally expected. As a result, the project is not yet fully completed, although the end is in sight.

### The Dorsey Family Settlement

4. Pre-petition, the Debtor entered into a contract of sale with the Dorseys for the sale of 8 Katie Lane (Lot 77) for the sum of $548,000, including total deposits of $109,600 (collectively the "Deposit"). A part of the Deposit ($50,000) was released for construction based upon the establishment of a bond. The balance of the Deposit of $59,60 is being held in escrow. Under the Settlement, the funds in escrow of $59,600 are being returned to the Dorseys, while the Debtor is paying the Dorseys the sum of $30,000 to obtain a release of the bond, a savings of $20,000 to the estate.

5. The home at 8 Katie Lane remains under construction and is being winterized with a view to finishing it in the Spring and re-selling the property for more than the Dorseys' sale price. The Debtor has already budgeted the $30,000 settlement payment to be funded out of the net proceeds generated by the sale of 57 Jane Street to the Guiffre family (ECF No. 153).

6. The Debtor believes that the Settlement reached with the Dorseys is fair and reasonable and should be approved. It ends potential litigation with the Dorseys over delays and gives the Debtors the opportunity to resell the property at a better price.

7. Under long-standing principles, the Court's focus under Bankruptcy Rule 9019(a) is whether a settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2nd Cir. 1983), cert. denied, 464 U.S. 822, 104 S. Ct. 89 (1983).

8. As this Court has previously explained:

> In approving a settlement, a court must "review the reasonableness
> of the proposed settlement [and] ... make an informed as to whether

2

the settlement is fair and equitable and in the best interests of the estate." *In re WorldCom, Inc.* 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *see also Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)* 156 B.R. 414, 426 (S.D.N.Y 1993). The Court, however, need not "conduct a 'mini trial' on the issue. The Court need only 'canvas the issues' to determine if the 'settlement falls below the lowest point in the range of reasonableness.'" *WorldCom*, 347 B.R. at 137) *quoting In re Teltronics Serv., Inc.*, 762 F.2D 185, 189 (2d Cir. 1985)).

"Settlements or compromises are favored in bankruptcy and, in fact, encouraged….. "In administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which are substantial and reasonable doubts.'" *In re Adelphia Communs. Corp.*, 368 B.R. 140 226 (Bankr.S.D.N.Y.2007) (*quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2D 1 (1968)). "The decision whether to accept or reject a compromise lies within the sound discretion of the court." *Adelphia*, 368 B.R. at 226. And "[w]hile the bankruptcy court may consider the objections lodged by parties in interest, such objections are not controlling. Similarly, although weight should be given to the opinions of counsel for the debtors and any creditors' committees on the reasonableness of the proposed settlement, the bankruptcy court must still make informed and independent judgement. The Court must consider whether the proposed compromise is fair and equitable by appraising itself of all the factors relevant to an 'assessment of the wisdom of the proposed compromise.'" *WorldCom*, 347 B.R. at 137 (*quoting TMT Trailer*, 390 U.S. at 424, 88 S.Ct. 1157).

*In re AMR Corp.*, 502 B.R. 23, 42-43 9 (Bankr. S.D.NY.2013)

9. In reviewing the Settlement the Court should consider the following factors:

(1) the balance between the litigation's possibility of success and the settlement's future benefits;
(2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on a judgement;
(3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;
(4) whether other parties in interest support the settlement;

3

(5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;

(6) the nature and breadth of releases to be obtained by officers and directors; and

(7) the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC,* 478 F.3d 452, 462 (2d Cir. 2007).

10. The Debtor submits the Settlement easily meets the applicable Rule 9019(a) criteria. The Settlement not only permits the resale of 8 Katie Lane (likely at a higher price) but provides for a modest savings in connection with the bond, and hopefully lessens bad feelings with the Dorseys. The Settlement was negotiated by experienced counsel at arm's length and is the product of true "give and take".

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the Settlement consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
January 9, 2023

> Goldberg Weprin Finkel Goldstein LLP
> *Attorneys for the Debtor*
> 1501 Broadway, 22nd Floor
> New York, NY 10036
> (212) 221-5700
>
> By:   /s/ Kevin J. Nash, Esq.