Hearing Date/Time:
January 26, 2023 @ 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

BLITMAN SARATOGA LLC,

Debtor.

Chapter 11
Case No. 20-23177 (SHL)

**AFFIRMATION IN RESPONSE TO DEBTOR'S MOTION TO APPROVE A
SETTLEMENT REACHED WITH THE DORSEY FAMILY RELATING TO
TERMINATION OF THEIR CONTRACT TO BUY 8 KATIE LANE**

**FRANCIS J. BRENNAN, ESQ.**, an attorney admitted to practice law in the State of New York and the United States District Court for the Southern District of New York affirms under penalty of perjury as follows in Response to Debtor's motion  (the "Motion") to approve a settlement reached with the Dorsey family relating to termination of their contract (the "Dorsey Contract") to buy 8 Katie Lane, Saratoga Springs, New York (the "Property"), and respectfully submits the following:

1.      I am a partner in the law firm of Nolan Heller Kauffman, LLP ("NHK") and am counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 case of Blitman Saratoga LLC ("Debtor").

2.      The Motion requests entry of an order approving the rejection of the Dorsey Contract, refund of $59,600.00 remaining in escrow from the contract deposit paid and payment of $30,000.00 from the proceeds of 57 Jane Street, Saratoga Springs, New York[1] in satisfaction of a bond posted to secure the Debtor's advance of $50,000.00 from the aggregate deposit escrow the

---

[1] On December 23, 2022, the Court entered an order granting the Debtor's motion to sell the 57 Jane Street Property [Dkt. No. 153].

Dorsey paid in the amount of $109,600.00.

3.      The Debtor asserts that the proposed rejection of the Dorsey Contract and settlement of their claim to the balance of the deposit and under the bond are in the best interests of the Debtor, its estate and creditors and is consistent with the Debtor's exercise of its business judgment.  Further, the Debtor advises that the Property is being winterized with a projected construction completion date in the Spring and the expectation that the completed Property can be sold for a higher price than as provided for under the Dorsey Contract.

4.      While the ultimate sale price of the Property is speculative and subject to a softening residential property sale market and rising interest rates, based on the Motion it appears that the proposed settlement eliminates a potential claim against the estate in the event that the deposit bond is called, confirms the Debtor's receipt and benefit of the $20,000.00 balance of the deposit previously expended and allows the deposit bond to be terminated.

5.      Under those circumstances, it cannot be said that the proposed settlement falls below the range of reasonableness under the standard set by the Second Circuit Court of Appeals in *In re W.T. Grant Co.,* 699 F.2d 599 (2nd Cir. 1983).

6.      Under the facts and circumstances of this case, and based on the Debtor's exercise of its business judgment, the Committee supports the relief requested in the Motion.

7.      It should be noted that the Committee has been anticipating the Debtor's amended plan since May, 2022 when counsel advised the Court that its filing was imminent.  With the approval of the sale of 57 Jane Street (which included provisions for work to be undertaken on installation of infrastructure in the development) and rejection of the Dorsey Contract and settlement of any claims arising from such rejection, there appears to be no impediment to the Debtor filing its amended plan to proceed to confirmation.  Indeed, completion of construction of

the remaining lots under contract and the development or sale of unimproved lots in the development can be undertaken by a reorganized Debtor.

8.      While these issues are perhaps beyond the scope of the Motion, it is respectfully submitted that addressing them at the hearing on the Motion is appropriate because of the Debtor's prior representation that the sale of 57 Jane Street will allow a viable plan to be proposed and provision in the order approving the sale of that property for funding infrastructure projects, among other things.

**WHEREFORE**, it is respectfully requested that the Court enter an Order granting the Debtor's Motion but require Debtor's counsel to advise when an amended plan of reorganization will be filed, with such other and further relief as this Court may deem just and proper.

Dated:  January 11, 2023
            Albany, New York                                     **NOLAN HELLER KAUFFMAN LLP**
                                                                                  *Attorneys for Counsel for the Official*
                                                                                  *Committee of Unsecured Creditors*


                                                                   By:  /s/Francis J. Brennan
                                                                          Francis J. Brennan, Esq,
                                                                          80 State Street, 11th Floor
                                                                          Albany, New York 12207
                                                                          (518) 449-3300
                                                                          fbrennan@nhkllp.com