**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ----------------------------------------------------------------------x<br>In re:<br><br>BLITMAN SARATOGA, LLC,<br><br>Debtor.<br>----------------------------------------------------------------------x | Chapter 11<br><br>Case No. 20-23177-shl |

**DECLARATION OF JAY EDMOND RUSS, ESQ. RESPONDING TO OBJECTION FILED BY ROBIN WINTER, AS EXECUTOR OF THE ESTATE OF HOWARD N. BLITMAN**

JAY EDMOND RUSS, hereby declares under penalty of perjury pursuant to 28 U.S.C. §1746, that the foregoing is true and correct:

1. I am an attorney admitted to practice in the Courts of the State of New York and in this Court. I am the President of Russ & Russ, P.C., and I represent plaintiffs in two (2) actively-litigated cases in New York State Supreme Court, Suffolk County against Robin Winter, one of which is directly about Blitman Saratoga, LLC., the entity, real estate and project. For the Court's convenience, the complaints in both actions are attached as Exhibits "A" and "B" hereto.[1]

2. I have personal knowledge of the litigations, their status, and the thousands of documents produced in pre-trial discovery.

3. The statements made to this Court by Robin Winter, as Executor of the Estate of Howard Blitman, in her "Objection" dated April 28, 2023 are not facts. They consist primarily of a repetition of Ms. Winter's unproven allegations in the state court litigations.

4. Her reference to alleged "progress" made in this case between the Gorens and Mr. Blitman's estate is a *non sequitur*. I have no idea what "progress" to which she is referring. Her

---

[1] The captions in the two state court actions have been amended following the deaths of both Alexander Goren and Howard Blitman to substitute their respective decedent Estates as parties.

assertion of an alleged exercise of "leverage" in this Plan to benefit the Gorens to the detriment of the Estate of Howard Blitman is another *non sequitur*. The Plan states only that the two state court litigations will continue in State Court, as they must.

5. The allegation in ¶ 5 of Ms. Winter's Objection that Gary Peresiper was a "de facto managing member" of Blitman Saratoga, LLC is outrageous. This assertion merely parrots Ms. Winter's pleading allegations in the state court actions. They have not been proven, and in my opinion, they are unprovable and wrong.

6. Ms. Winter's self-serving references to alleged communications with the Gorens for certain stated purposes is squarely within the purview of the state court cases, and are irrelevant here. The references to alleged formal capital calls under an alleged Operating Agreement are not part of the state court actions and, in any event, are not relevant in either this case or in the state court litigations. They are misdirection; I am not going to respond to each and every false allegation. I simply note that each allegation made by Ms. Winter in her Objection and in the state court actions are bombast and will be proven false.

7. This case is not the forum to determine the liability of Ms. Winter and the Estate of Howard Blitman to the members of the Debtor; those responsibilities and liabilities will be determined in the state court litigations. This case is limited to saving the entity, its real estate and the project for the benefit of all stakeholders, of which there are many - homeowners, contracting parties, and the community.

8. I also note the references in the Objection as to who I represent and how I allegedly intend to proceed. I have no idea why Ms. Winter thinks that she can read my mind. I have no idea as to why her conjectures and surmises into what I am thinking or planning to do in the state

court actions is in any way relevant to the Debtor's application, which is meritorious, and consistent with all proceedings herein, to date.

9. The Objection should be overruled and the Debtor's application should be granted.

Dated: Massapequa, New York
May 4, 2023

s/ Jay Edmond Russ
JAY EDMOND RUSS