# BY-LAWS

## OF

## BEAVER POND VILLAGE
## HOMEOWNERS' ASSOCIATION, INC.

BY-LAWS
OF
BEAVER POND VILLAGE
HOMEOWNERS' ASSOCIATION, INC.

## TABLE OF CONTENTS

ARTICLE I: DEFINITIONS; INTERPRETATION ............................................................. 1
Section 1.01. Definitions............................................................................................... 1
Section 1.02. Other Terms ........................................................................................... 1
Section 1.03. Interpretation.......................................................................................... 1

ARTICLE II: NAME, LOCATION AND MEMBERSHIP ........................................... 1
Section 2.01. Name and Location................................................................................. 1
Section 2.02. Applicability of By-Laws ....................................................................... 2
Section 2.03. Personal Application.............................................................................. 2

ARTICLE III: MEMBERS AND VOTING RIGHTS ................................................... 2
Section 3.01. Membership in the Association .............................................................. 2
Section 3.02. Voting .................................................................................................... 2
Section 3.03. Right to Vote.......................................................................................... 3
Section 3.04. Proxies.................................................................................................... 3
Section 3.05. Absentee Ballot...................................................................................... 3
Section 3.06. Voting Regulations ................................................................................ 3
Section 3.07. Corporate, Partnership, Limited Liability Company and Fiduciary Members ........ 3
Section 3.08. Restriction on Voting.............................................................................. 4
Section 3.09. Sponsor's Right to Assign its Vote........................................................ 4

ARTICLE IV: MEETINGS OF MEMBERS.................................................................. 4
Section 4.01. Initial Meeting; Annual Meetings.......................................................... 4
Section 4.02. Special Meetings.................................................................................... 5
Section 4.03. Notice of Meetings................................................................................. 5
Section 4.04. Waiver of Notice.................................................................................... 5
Section 4.05. Action Without a Meeting ..................................................................... 5
Section 4.06. List of Members..................................................................................... 5
Section 4.07. Quorum .................................................................................................. 6
Section 4.08. Majority Vote......................................................................................... 6
Section 4.09. Inspectors of Election ............................................................................ 6
Section 4.10. Order of Business at Meetings............................................................... 6

ARTICLE V: BOARD OF DIRECTORS ...................................................................... 7
Section 5.01. Number and Qualifications of Directors................................................ 7
Section 5.02. Election and Term of Office .................................................................. 8
Section 5.03. Nomination ............................................................................................ 9
Section 5.04. Vacancies ............................................................................................... 9
Section 5.05. Resignation ............................................................................................ 9

Section 5.06.  Removal ............................................................................................................ 10
Section 5.07.  Compensation ................................................................................................... 10
Section 5.08.  Organizational Meetings; Regular Meetings ..................................................... 10
Section 5.09.  Special Meetings ............................................................................................... 11
Section 5.10.  Waiver of Notice ............................................................................................... 11
Section 5.11.  Quorum; Voting; Action Without a Meeting ..................................................... 11
Section 5.12.  Powers and Duties ............................................................................................. 12
Section 5.13.  Managing Agent and Manager ........................................................................... 13
Section 5.14.  Indemnification of Officers and Directors .......................................................... 14

**ARTICLE VI:  OFFICERS** ....................................................................................................... 14
Section 6.01.  Officers ............................................................................................................. 14
Section 6.02.  Elections ............................................................................................................ 14
Section 6.03.  Term and Vacancies ........................................................................................... 14
Section 6.04.  Resignation and Removal ................................................................................... 15
Section 6.05.  President ............................................................................................................. 15
Section 6.06.  Vice President ..................................................................................................... 15
Section 6.07.  Secretary; Assistant Secretary ............................................................................ 15
Section 6.08.  Treasurer; Assistant Treasurer ........................................................................... 15
Section 6.09.  Other Officers ..................................................................................................... 16
Section 6.10.  Agreements, Contracts, Deeds, Checks and Other Instruments .......................... 16
Section 6.11.  Compensation of Officers ................................................................................... 16

**ARTICLE VII:  COMMITTEES** ................................................................................................ 16
Section 7.01.  Committees of Directors ..................................................................................... 16
Section 7.02.  Committees of Members ..................................................................................... 17
Section 7.03.  Rules .................................................................................................................. 17

**ARTICLE VIII:  FINANCE** ...................................................................................................... 17
Section 8.01.  Checks ................................................................................................................ 17
Section 8.02.  Fiscal Year ......................................................................................................... 17
Section 8.03.  Annual Report .................................................................................................... 17
Section 8.04.  Reserve Fund ...................................................................................................... 18

**ARTICLE IX:  (RESERVED)** .................................................................................................... 18

**ARTICLE X:  AVAILABILITY OF RECORDS AND LEGAL DOCUMENTS** ............... 18
Section 10.01.  Availability of Records and Legal Documents ................................................... 18

**ARTICLE XI:  CORPORATE SEAL OPTIONAL** .................................................................. 19
Section 11.01  Corporate Seal Optional ..................................................................................... 19

**ARTICLE XII:  AMENDMENTS** .............................................................................................. 19
Section 12.01.  Amendments to By-Laws .................................................................................. 19

**ARTICLE XIII:  RULES COMPLIANCE AND ARBITRATION** ..................................... 20
Section 13.01.  Compliance with Rules of Association Issued Pursuant to These By-Laws ....... 20

**ARTICLE XIV:  TRANSFER OF CONTROL** ................................................................. 20
Section 14.01.  Transfer of Control ............................................................................................. 20

**ARTICLE XV:  MISCELLANEOUS** ............................................................................... 20
Section 15.01.  Notices ................................................................................................................ 20
Section 15.02.  No Waiver for Failure to Enforce ...................................................................... 21
Section 15.03.  Gender; Plural .................................................................................................... 21
Section 15.04.  Captions .............................................................................................................. 21
Section 15.05.  Severability ......................................................................................................... 21
Section 15.06.  Conflict with Certificate of Incorporation or with Declaration ......................... 21

## BY-LAWS
## OF
## BEAVER POND VILLAGE
## HOMEOWNERS' ASSOCIATION, INC.

## ARTICLE I
## DEFINITIONS; INTERPRETATION

Section 1.01. <u>Definitions</u>. The following words, phrases or terms, when used in these By-Laws shall, unless the context otherwise prohibits, have the following meanings:

(a)     BY-LAWS shall mean and refer to these By-Laws of the Association, as the same may be amended from time to time.

(b)     DECLARATION shall mean and refer to the Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens of Beaver Pond Village Homeowners' Association, Inc., as the same may be supplemented, extended or amended in the manner provided therein.

(c)     RECORD DATE shall mean and refer to, with respect to a meeting of Members the date which is seven (7) days next preceding such meeting.

(d)     SPONSOR shall mean and refer to Saratoga East.Ave. Assoc., a Delaware limited liability company, with a registered office at 15 East North Street, Dover, Delaware, 19901, its successors and assigns.

Section 1.02. <u>Other Terms</u>. Other capitalized words, phrases or terms not defined herein shall have the meanings given them in the Declaration.

Section 1.03. <u>Interpretation</u>. In these By-Laws, unless the context otherwise:

(a)     The terms "hereby", "hereof", "herein", "hereunder" and any similar terms as used in these By-Laws shall refer to these By-Laws as a whole, and the term "heretofore" shall mean before, and the term "hereafter" shall mean after, the date of these By-Laws.

(b)     Words of masculine gender shall mean and include correlative words of feminine and neuter genders, and words importing the singular number shall mean and include the plural number, and vice versa.

## ARTICLE II
## NAME, LOCATION AND MEMBERSHIP

Section 2.01. <u>Name and Location</u>. The name of the corporation is the BEAVER POND VILLAGE HOMEOWNERS' ASSOCIATION, INC. The principal office of the corporation

shall be located in the City of Saratoga Springs, County of Saratoga and State of New York or at such other place within such county as the Board of Directors of the Association shall designate.

Section 2.02. Applicability of By-Laws. The provisions of these By-Laws are applicable to the Association, the Association Property and to the operation, use and occupancy thereof and to the Persons referred to in Section 2.03 hereof.

Section 2.03. Personal Application.

(a)     All present and future Owners (hereinafter sometimes referred to as "Members"), mortgagees, lessees, occupants of Units, their employees and invitees, any persons having a right to use all or a portion of Association Property, by virtue of rights previously granted by deed, and any other Persons who may use the facilities of the Property in any manner are subject to these By-Laws, the Declaration and the Rules and Regulations.

(b)     The acceptance of a deed or conveyance relating to, or the entering into of a lease relating to, or the act of occupancy of, a Unit by any Person shall constitute an agreement by such Person, that the provisions of these By-Laws, the Rules and Regulations and the Declaration, as they may be amended from time to time, are accepted, ratified and shall be complied with.

## ARTICLE III
## MEMBERS AND VOTING RIGHTS

Section 3.01. Membership in the Association. The Association shall have as Members only Owners of Units and the Sponsor. All Owners shall, upon becoming such, be deemed automatically to have become Members in the Association and there shall be no other qualification for membership. Membership shall be appurtenant to, and shall not be separated from, the ownership of the interest described in the definition of the word "Owner" as set forth in the Declaration. Once a Person ceases to be an Owner, he shall simultaneously and automatically cease to be a Member in the Association. Any Person holding an interest in a Unit merely as security for the performance of an obligation shall not be a Member and shall have no voting rights. The Sponsor shall remain a Member until the earlier of the date the Sponsor transfers title to all Units and Projected Units or the date the Sponsor notifies the Board in writing that the Sponsor is resigning as a Member.

Section 3.02. Voting.

(a)     Each Member (including the Sponsor if the Sponsor shall then own or hold title to one or more Units) shall have one (1) vote regardless of the number of Units such Member owns.

(b)     In the event that a Unit is owned by more than one Person, the vote for that Unit shall be cast by the Person named in the "Authorized Voting Owner Certificate" signed by all Owners of the Unit and filed with the Secretary of the Board. Such Certificate shall remain in effect until revoked by a subsequent Authorized Voting Owner Certificate signed by all Owners

BY-LAWS                                    2                          W:\10000's\10044\HOA\By-Laws V2.doc

of the Unit and filed with the Secretary of the Board. If no such Certificate is on file, then the first of the Owners named on the deed to the Unit shall be deemed the Person authorized to cast the vote for that Unit.

Section 3.03. Right to Vote. At any meeting of Members, every Member having the right to vote shall, subject to Section 3.08 hereof, be entitled to vote in person, by proxy, or by absentee ballot.

Section 3.04. Proxies. All proxies shall be in writing and shall be filed with the Secretary of the Board of Directors at least twenty-four (24) hours prior to the meeting at which the proxies are to be used. Such proxies, unless specifically provided to the contrary therein, shall only be valid for such meeting or subsequent adjourned meetings thereof. In no event shall any proxy be valid after the expiration of eleven (11) months from the date of its execution (unless otherwise provided in the proxy). A notation of such proxies shall be made in the minutes of the meeting. The Board of Directors shall have the authority to distribute proxies to Unit Owners (whether or not requested by the Unit Owners) for use at a meeting of Unit Owners. A proxy holder need not be a Unit Owner.

Section 3.05. Absentee Ballot. All absentee ballots shall be in writing and signed and shall be filed with the Secretary of the Association at least twenty-four (24) hours prior to the meeting at which the ballots are to be used. Such absentee ballots shall only be valid for such meetings or subsequent adjourned meetings thereof. A notation of such absentee ballots shall be made in the minutes of the meeting. The Board of Directors shall have the authority to circulate absentee ballots to Unit Owners (whether or not requested by the Unit Owners) for use at a meeting of Unit Owners.

Section 3.06. Voting Regulations. The Board of Directors may make such regulations, consistent with the terms of the Declaration, the Association's Certificate of Incorporation, these By-Laws, and the Not-for-Profit Corporation Law of the State of New York, as it deems advisable for any meeting of the Members in regard to proof of membership in the Association, evidence of a Member's right to vote, the appointment and duties of inspectors of election, registration of Members for voting purposes, the establishment of representative voting procedures and such other matters concerning the conduct of meetings and voting as it shall deem appropriate.

Section 3.07. Corporate, Partnership, Limited Liability Company and Fiduciary Members. The vote of a corporate Member may be cast by any person authorized in writing by the board of directors of the corporate Member to do so. It is presumed that the President and any Vice President of a corporation have been so authorized. The vote of a partnership Member may be cast by any general partner thereof, or by any other person designated in writing by a general partner of the partnership. The vote of a limited liability company Member may be cast by any member or manager thereof or any other person designated in writing by the members or managers of the limited liability company. A fiduciary shall be the voting member with respect to any Unit owned in a fiduciary capacity.

BY-LAWS                                      3

Section 3.08. Restriction on Voting. An Owner's right to vote may be suspended for violation by the Owner or his Guest of any of the terms or conditions of the Declaration, these By-Laws, or the Rules and Regulations, including without limitation, the failure to pay Assessments when due. The decision whether or not to suspend an Owner's right to vote is left to the Board of Directors. In order to suspend an Owner's right to vote, a majority of the whole Board must vote affirmatively to suspend such Unit Owner's right to vote. Once an Owner cures the violation, such Owner's right to vote shall automatically be reinstated without the need for any further action.

Section 3.09. Sponsor's Right to Assign its Vote. The Sponsor may assign its membership in the Association and its right to vote to any Person, and such assignee, and any future assignee, of such membership and right to vote may make successive like assignments upon compliance with Applicable Law.

## ARTICLE IV
## MEETINGS OF MEMBERS

Section 4.01. Initial Meeting; Annual Meetings.

(a)    The Sponsor shall have control of the Board of Directors until the Transfer of Control Date. Nonetheless, after the transfer of title by the Sponsor to sixteen (16) Units {CONFIRM} or the second anniversary of the transfer of title to the first Unit (whichever first occurs), the Secretary shall notify all Unit Owners that the initial meeting of Unit Owners shall be held within sixty (60) days of such notice. Except as hereinafter provided, interim meetings of the Members shall be held on the same date each succeeding year, at a time to be determined by the Board of Directors, at such place (within the State of New York) reasonably convenient to the Members and adequate in size to accommodate all Members; provided, however, that if such date shall be a Saturday, Sunday or legal holiday, the meeting shall be held on the first day following such date which is not a Saturday, Sunday or legal holiday, unless otherwise agreed to by a majority of Board; and provided, further that the date of the annual meeting may be changed by a vote of the Board. Interim meetings shall be discontinued after the first annual meeting of Members is held as provided in Section 5.01(c) hereof.

(b)    The first annual meeting of the Unit Owners shall be held on the date established in accordance with Section 5.01(c) hereof. Subsequent annual meetings of Members shall be held on the same date each succeeding year, at a time to be determined by the Board of Directors, at such place (within the State of New York) reasonably convenient to the Members and adequate in size to accommodate all Members; provided, however, that if such date shall be a Saturday, Sunday or legal holiday, the meeting shall be held on the first day following such date which is not a Saturday, Sunday or legal holiday, unless otherwise agreed to by a majority of Unit Owners; and provided, further that the date of the annual meeting may be changed by a vote of a majority of the Members or of a majority of the Board.

(c)    Failure to hold such initial, interim or annual meetings at the designated time shall not terminate the Association's existence or otherwise affect valid acts of the Association. At

such meetings, the Members shall (subject to the provisions of Sections 5.01 (a), (b) and (f) of these By-Laws) elect the Board of Directors in accordance with the provisions of Article V hereof and may transact such other business as may properly come before them.

Section 4.02. Special Meetings. The President shall call a special meeting of the Members if so directed by resolution of the Board of Directors or upon a petition presented to the Secretary, signed by not less than twenty-five percent (25%) of the Members in the aggregate. Such resolution or petition shall state in reasonable detail the purpose or purposes for calling such meeting. Except as otherwise provided in Section 4.04 hereof, no business shall be transacted at a special meeting except as stated in the notice of the special meeting.

Section 4.03. Notice of Meetings. The Secretary shall, provide a notice of the initial meeting and of each interim, annual or special meeting of the Members at least ten (10), but not more than twenty (20) days prior to such meeting, stating the purpose thereof, as well as the time and place where it is to be held, to each Member of record as of the Record Date. Such notice shall be (1) mailed by first class mail postage prepaid, to each Member at his Unit or at such other address as such Member shall have designated by notice in writing to the Secretary or (2) provided in such other manner, acceptable to the Board (including without limitation email), as a Member shall designate by notice in writing to the Secretary. Notice shall also be given to all Mortgagees of a Unit who have requested the same in writing in such manner, acceptable to the Board, as the Mortgagee may set forth in the notice. Notwithstanding the foregoing, if the purpose of any meeting shall be to act upon a proposed amendment to the Declaration or to these By-Laws, the notice of meeting shall be provided at least thirty (30), but not more than fifty (50) days prior to such meeting. The providing of a notice of meeting in the manner provided in this Section shall be considered service of notice.

Section 4.04. Waiver of Notice. Whenever under any provisions of these By-Laws, the terms of any agreement or instrument, or Applicable Law, the Members are authorized to take any action after notice to any Person or Persons or after the lapse of a prescribed period of time (or both), such action may be taken without notice and without the lapse of such period of time, if, at any time before or after such action is completed, the Person or Persons entitled to such notice or entitled to participate in the action to be taken submit a signed waiver of notice of such requirements. The attendance of any Member at a meeting, in person or by proxy, without protesting prior to the conclusion of the meeting the lack of notice of such meeting, shall also constitute a waiver of notice by such Member.

Section 4.05. Action Without a Meeting. Whenever the vote of Members at a meeting is required or permitted by any provision of the Declaration, these By-Laws or Applicable Law to be taken in connection with any action of the Association, the meeting, notice thereof, and the vote of Members may be dispensed with if all Members who would have been entitled to vote upon the action if such meeting were held, shall consent in writing to such action being taken.

Section 4.06. List of Members. A list of Members as of the Record Date, certified by the corporate officer responsible for its preparation, shall be produced at any meeting of Members upon the request thereat or prior thereto of any Member. If the right to vote at any meeting is challenged, the inspectors of election, or, if there be no inspectors of election, the person

presiding thereat, shall require such list of Members to be produced as evidence of the right of the person challenged to vote at such meeting, and all persons who appear from such list to be Members entitled to vote thereat may vote at such meeting (subject to Section 3.08 hereof).

Section 4.07. Quorum. Except as otherwise provided in these By-Laws, the presence in person or by absentee ballot or proxy of Members having more than fifty percent (50%) of the total authorized votes of all the Members (as provided in Section 3.02 hereof) shall constitute a quorum at all meetings of the Members. If, however, such quorum shall not be present or represented by absentee ballot or proxy at any meeting of Members, the Members entitled to vote thereat, present in person or represented by absentee ballot or proxy, shall have the power to adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present or represented. The quorum at any adjourned meeting shall be thirty percent (30%) of the total authorized votes of all the Members. At any such adjourned meeting at which a quorum is present or represented, any business may be transacted which might have been transacted at the meeting originally called.

Section 4.08. Majority Vote. Directors (other than Directors appointed by the Sponsor) shall be elected by a plurality vote of the Members, except as otherwise provided by Applicable Law. All other actions by the Members shall be taken upon the affirmative vote of a majority of the Members at a meeting at which a quorum shall be present or represented by proxy or absentee ballot except where in the Declaration or these By-Laws, or by Applicable Law, a higher percentage vote, or other vote, is required. The term "majority of Members" shall mean more than fifty percent (50%) of the total authorized vote of all Members, determined in accordance with the provisions of Section 3.02 of these By-Laws, present in person or represented by absentee ballot or proxy and voting at any meeting of the Members at which a quorum is present.

Section 4.09. Inspectors of Election.

(a)     The Board of Directors, in advance of any meeting of Members, may appoint two (2) or more persons, who need not be Members, to act as inspectors of election at such meeting or any adjournment thereof. If inspectors of election are not so appointed prior to the meeting, the person presiding at such meeting may appoint two (2) or more inspectors of election. In case any person appointed fails to appear or act, the vacancy may be filled in advance of the meeting by the Board of Directors or at the meeting by the person presiding thereat.

(b)     The inspectors of election shall (1) determine the Members entitled to vote at the meeting; (2) determine the existence of a quorum and the validity and effect of proxies; (3) receive ballots or determine votes or consents; (4) hear and determine any challenges or questions arising in connection with any Member's right to vote; (5) count and tabulate all votes, ballots or consents and determine the result thereof; and (6) do such other acts as may be proper to conduct an election or vote, with fairness to all Members.

Section 4.10. Order of Business at Meetings. The order of business at all meetings of the Members shall follow Roberts Rules of Order and be as follows:

(a)     Roll Call;

(b)     Proof of Notice of Meeting;

(c)     Reading of Minutes of Preceding Meeting;

(d)     Reports of Officers;

(e)     Report of Board of Directors (including, without limitation, the reports required by Section 519 of the Not-for-Profit Corporation Law or any successor statute);

(f)     Reports of Committees;

(g)     Election of Inspectors of Election (when so required);

(h)     Election of Directors (when so required);

(i)     Unfinished Business;

(j)     New Business.

## ARTICLE V
## BOARD OF DIRECTORS

Section 5.01. Number and Qualifications of Directors.

(a)     The affairs of the Association shall be managed by the Board of Directors. The Board shall initially consist of three (3) persons designated by the Sponsor, who shall serve until their successors shall have been appointed or elected.

(b)     At the initial meeting held by the Unit Owners pursuant to Section 4.01(a)(1) hereof, the number of the Board Directors shall automatically be increased to five (5). The Unit Owners, other than the Sponsor, shall elect the two (2) Directors to fill the two (2) new positions. From and after that date, the Board shall, subject to Section 5.01(d) hereof, consist of five (5) Directors. Those two (2) Directors shall serve until the next interim meeting. At each interim meeting held by the Unit Owners pursuant to Section 4.01(a)(1) hereof, the Unit Owners, other than the Sponsor, shall elect successors to those two (2) positions.

(c)     Within thirty (30) days after the Transfer of Control Date the first annual meeting of Members shall be held. At that meeting and subject to Section 5.01(f) hereof, all Directors shall resign and successors to such Directors shall be elected by the Members. From and after such election, (1) a majority of the Board must be persons who meet the eligibility requirements set forth in clauses (1) through and including (5) of Section 5.01 (e) hereof and who are unrelated to the Sponsor and its principals and (2) the Sponsor's right to appoint Directors to the Board shall cease, except as otherwise provided in Section 5.01(f) hereof.

BY-LAWS                                           7                            W:\10000's\10044\HOA\By-Laws V2.doc

(d)     After the Transfer of Control Date, the Board may be enlarged in multiples of two (2) by the vote of a majority of Owners, but in no event, shall the Board of Managers consist of more than seven (7) members.

(e)     All Directors shall be (1) Unit Owners or their spouses; (2) partners, employees or designees of a partnership Owner or mortgagee; (3) officers, directors, shareholders, employees, agents or designees of a corporate Owner or mortgagee; (4) members, managers or designees of a limited liability company Owner or mortgagee; (5) fiduciaries or officers, agents, employees or designees of such fiduciaries; or (6) members, managers or designees of the Sponsor.

(f)     Notwithstanding any contrary provision of these By-Laws or the Declaration, for so long as the Sponsor or its designees shall continue to own one (1) or more Units or Projected Units, the Sponsor or its designee, as the case may be, shall have the right to appoint one (1) of the Directors. When the Sponsor or its designee ceases to own any Units, neither of them shall have any further right to appoint any members of the Board. For so long as the Sponsor or its designee has the right to appoint one member pursuant to this Section 5.01(f), neither the Sponsor nor its designee, as the case may be, shall be entitled to cast the votes appurtenant to the Unsold Units to elect other Directors.

(g)     In no event shall any Unit Owner (or any spouse, officer, director, shareholder, employee, agent, partner, member, manager, fiduciary or designee of such Unit Owner) be eligible for election by the Unit Owners to the Board if such Unit Owner is then in default, beyond any applicable grace period, in the payment of Assessments or any other amounts required by the Board to be paid. In addition, no Director elected by the Unit Owners may continue to participate as a Director after the Board has perfected a lien against his or her Unit, for so long as such lien remains unsatisfied.

Section 5.02. Election and Term of Office.

(a)     At the first annual meeting of Members held immediately following the Transfer of Control Date, a new Board of Directors shall be elected, subject to the right of the Sponsor to appoint one (1) Director as provided in Section 5.01 (f) hereof.

(b)     At that first annual meeting of Members, three (3) persons shall be elected for a two (2) year term and, subject to Section 5.01(f) hereof, two (2) people shall be elected for a one (1) year term. Those Directors receiving the three (3) highest number of votes shall serve for the longer term of office.

(c)     Other than persons designated by the Sponsor, and other than as provided in Section 5.01(b), the term of office of the Directors shall be for two (2) years. At each annual meeting thereafter, the Members shall only replace those Directors whose terms have expired.

(d)     Members of the Board appointed by the Sponsor or its designee shall serve for a term of one (1) year or until their successors are elected or appointed, whichever is longer.

(e)     Directors shall be elected as provided by Applicable Law.

Section 5.03.  Nomination.

(a)     Nominations for election to the Board shall be made by a Nominating Committee
or the Board, if there be no Nominating Committee. Nominations may also be made from the
floor at the Annual Meeting of Owners or by write-in votes. The Nominating Committee, or the
Board, as the case may be, shall make as many nominations for election to the Board as it shall,
in its sole discretion, determine, but not less than the number of vacancies as are to be filled by
the votes of Owners.

(b)     Each year, at least sixty (60) days prior to the annual meeting, the President shall
appoint a Nominating Committee to nominate candidates for election to the Board. The
Committee shall consist of a Chairman, who shall be a member of the Board, and one (1) other
more Unit Owners. Within fifteen (15) days of the appointment of its members, the Nominating
Committee shall meet and nominate from the Unit Owners a slate of candidates for the ensuing
election. A member of the Nominating Committee shall not be ineligible for any nomination by
said committee at such election solely by virtue of his membership on the Nominating
Committee. Such committee shall report the nominees by notice sent by mail to the Unit Owners
not less than thirty (30) days prior the date of the annual meeting.

(c)     A typed or printed ballot shall be prepared by the Nominating Committee and
mailed to each Unit Owner at least twenty (20) days before the annual meeting. The ballots shall
set forth the number of vacancies to be filled and the names of those nominated to fill the
vacancies and contain a space for write-in candidates.

Section 5.04.  Vacancies.  Vacancies in the Board of Directors caused by any reason
other than the removal of a Director by a vote of the Members or by the Sponsor, shall be filled
by vote of a majority of the remaining Directors at a regular or special meeting of the Board of
Directors held for that purpose promptly after the occurrence of any such vacancy, even though
the Members present at such meeting may constitute less than a quorum. Each person so elected
shall be a member of the Board of Directors until the next annual meeting of the Members or
until a successor is elected. Notwithstanding the foregoing, if the vacancy occurs with respect to
any Director not designated by the Sponsor, the successor shall be a Member independent of the
Sponsor and if the vacancy occurs with respect to any member of the Board of Directors
designated by the Sponsor, the Sponsor shall have the sole right to choose the successor to fill
the unexpired portion of the term of such Director.

Section 5.05.  Resignation.  A Director may resign at any time by giving written notice to
the Board, or to the President or Secretary of the Association. Unless otherwise specified in the
letter of resignation, the resignation shall take effect immediately upon receipt thereof by the
Board, President or Secretary, as the case may be, and acceptance of the resignation shall not be
necessary to make it effective.

Section 5.06. Removal.

(a)     Subject to Section 5.06(b) hereof:

(1)     at any regular or special meeting of Members, any one or more of the Directors elected by the Members (other than the Sponsor) may be removed with or without cause by a majority vote of the Members (other than the Sponsor) and a successor may then and there or thereafter be elected by the Members to fill the vacancy thus created.  Any Director whose removal has been proposed by the Members shall be given an opportunity to be heard at the meeting.

(2)     without limiting the generality of Section 5.06(a)(1) hereof, at any regular or special meeting of the Board, the Board may remove a Director elected by the Unit Owners because of (A) the Director's failure to timely pay Assessments (or the failure by the Owner of the Unit of which such Director is a spouse, partner, employee, officer, director, shareholder, agent, member, manager, designee or fiduciary to timely pay Assessments); or (B) the Director's absence from three (3) consecutive duly called Board meetings, unless at least one (1) of such absences is due to the illness of the Director.

(b)     Members of the Board of Directors appointed by the Sponsor may be removed only by the Sponsor and may be so removed at any time, with or without cause, by written notice from the Sponsor to the Board, the President or the Secretary and may then and there or thereafter be replaced by the Sponsor to fill the vacancy so created.

Section 5.07. Compensation. Directors shall not receive any compensation or salary for their services as Directors. Any Director may be reimbursed for his actual, reasonable expenses incurred in the performance of his duties; provided, however, if the Director expects, or reasonably should expect, to incur expenses in excess of fifty dollars ($50.00) (or such higher amount as the Board may, from time to time, establish), he or she shall not be entitled to reimbursement unless he or she shall have obtained the approval of the Board prior to incurring such an expense. A Director who serves the Association in any other capacity, however, may receive compensation therefore if otherwise entitled to compensation.

Section 5.08. Organizational Meetings; Regular Meetings.

(a)     Organizational Meetings. The first meeting of the Board of Directors shall be held within thirty (30) days after closing of title to the first Unit conveyed by the Sponsor. Thereafter, the first meeting of each Board newly elected by the Unit Owners shall be held immediately upon adjournment of the meeting at which they were elected, provided a quorum shall then be present, or as soon thereafter at such date, time and place as may be practicable, and no notice shall be necessary to legally constitute such meeting, provided a majority of the whole Board of Directors shall be present thereat.

(b)     Regular Meetings. Regular meetings of the Board of Directors shall be held at least quarterly at such places (within the State of New York) and at such times convenient to the Directors, as may be designated form time to time, by resolution of the Board of Directors.

Should such meeting date fall on a legal holiday, Saturday or Sunday, that meeting shall be held at the same time on the next day which is not a legal holiday, a Saturday or a Sunday, unless otherwise agreed to by a majority of Members of the Board of Directors. Notice of regular meetings shall be given to each Director at least two (2) days prior to the date set for such meeting personally, by mail, by e-mail, by facsimile, by telegram or by such other method approved by the Board which provides proof that the notice was sent.

Section 5.09. Special Meetings. Special meetings of the Board of Directors may be called at any time at the request of the President or any two (2) Directors upon not less than five (5) days notice to each Director either personally, by mail, e-mail, facsimile, by telegram, or by such other method approved by the Board and which provides that the notice was received. Such notice shall specify the time, place and purpose of the meeting. The person or persons authorized to call such special meeting of the board may fix any time and place (within the State of New York) reasonably convenient to the Directors as the time and place for holding such special meeting. Except as otherwise provided in Section 5.10 hereof, no business shall be conducted at a special meeting except as stated in such notice.

Section 5.10. Waiver of Notice. Any member of the Board of Directors may at any time waive notice of any meeting of the Board of Directors in writing, and such waiver shall be deemed equivalent to the giving of such notice. Attendance by a Director at any meeting of the Board without protesting prior to the conclusion of the meeting the lack of notice shall constitute a waiver of notice by him of the time and place thereof. If all Directors are present at any meeting of the Board, no notice shall be required and any business may be transacted at such meeting.

Section 5.11. Quorum; Voting; Action Without a Meeting.

(a)     At all meetings of the Board of Directors, a majority of the entire Board of Directors shall constitute a quorum for the transaction of business. Except in cases in which it is provided otherwise by statute, the Certificate of Incorporation, the Declaration or these By-Laws, a vote of a majority of such quorum at a duly constituted meeting shall be sufficient to pass any measure. In the absence of a quorum, the Directors present may adjourn the meeting from time to time by a majority vote and without further notice, until a quorum shall attend. At any such adjourned meeting at which a quorum shall be present, any business may be transacted which might have been transacted as originally called.

(b)     Any one or more members of the Board (or any committee thereof) may participate in a meeting of the Board (or any committee thereof) by means of a telephone conference or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time. Participation by such means shall constitute presence in person at such meeting.

(c)     Notwithstanding anything in these By-Laws to the contrary, any action permitted or required to be taken at a meeting of the Board (or any committee thereof) may be taken without a meeting if all members of the Board (or any committee thereof) consent thereto in writing.

BY-LAWS                                  11                          W:\10000's\10044\HOA\By-Laws V2.doc

Section 5.12. <u>Powers and Duties</u>. The Board of Directors shall have and may exercise all the powers and authority of the Association, except such as are conferred upon or reserved to the Members by Applicable Law, the Certificate of Incorporation, the Declaration or these By-Laws. The powers, duties and authority of the Board of Directors shall specifically include, but shall not be limited to, the following:

(a)     To determine, levy, collect and enforce the collection of the Assessments as provided for in the Declaration;

(b)     To establish and maintain such bank accounts as may be required or desirable for the operation of the Association;

(c)     To collect, use and expend the Assessments and charges collected for the maintenance, repair, replacement and operation of the Association and the Property of the Association as provided in the Declaration;

(d)     To operate, maintain (including, without limitation, inspect, monitor and manage), repair and replace the Association Property;

(e)     To procure and maintain the insurance coverages set forth in the Declaration;

(f)     To employ and terminate the employment of employees and independent contractors, purchase supplies and equipment, enter into contracts and generally have the powers of manager in connection with the matters set forth herein;

(g)     As required by these By-Laws or the Declaration to repair, restore, replace, improve or alter the Association Property after damage or destruction by fire or other casualty or as a result of condemnation or eminent domain proceedings or as a result of the Board determining that such repairs, restorations, replacements, improvements or alterations are necessary or desirable;

(h)     To adopt, publish and amend Rules and Regulations governing the use of Association Property and other property maintained by the Association, and the personal conduct of the Members, their Guests and other persons thereon, and to establish fines and penalties for infractions thereof;

(i)     To file such federal, state or other tax returns on behalf of the Association as it deems necessary or desirable and to pay any and all taxes owing by the Association;

(j)     To keep a complete record of the actions of the Board of Directors and the corporate affairs of the Association and to present a statement thereof to the Members at the Annual Meeting of Members, or at any Special Meeting of Members when such a statement is requested by vote of the Members;

BY-LAWS                                          12                              W:\10000's\10044\HOA\By-Laws V2.doc

(k)   To issue, or cause to be issued, upon demand by any person an "Assessment Certificate" as provided in the Declaration, setting forth the status of payment of assessments of any Unit;

(l)   To exercise the rights and powers granted to it in the Declaration including, without limitation, the power to borrow money and mortgage and pledge Association Property and income, as provided in Section 4.03 of the Declaration;

(m)   To enter into contracts, from time to time, with one or more professionals to assist the Board in carrying out the Association's obligations and duties set forth in the Open Space Management Plans, the Conservation Easements and the Declaration, including, without limitation, Section 6.01 thereof, the Open Space Management Plans or the Conservation Easements upon such terms and conditions as the Board shall deem appropriate; and

(n)   To fulfill all duties and obligations imposed on the Association by the Open Space Management Plans, or the Conservation Easements and the Declaration.

Notwithstanding anything to the contrary contained in these By-Laws, until the Transfer of Control Date, the Board of Directors may not, without the Sponsor's prior written consent, except for repairs, alterations, additions, or improvements required by Applicable Law or by any Governmental Authority or Board of Fire Underwriters: (1) make any repair, addition, alteration or improvement to the Association Property, or (2) levy any Assessment for the creation of, addition to or replacement of all or part of a reserve, contingency or surplus fund in excess of an amount equal to the proportion of the then existing budget which the amount of reserves in the initial budget of estimated expenses of the Association bears to the total amount of the initial budget of estimated expenses appearing in the Plan, or (3) hire any employee in addition to the employees, if any, provided for in the initial budget of the Association, except as may be necessary to maintain the quantity or quality of service or maintenance of the Property, or (4) enter into any maintenance contract for work not provided for in the initial budget of the Association, except for the maintenance of any improvement not in existence or not owned by the Association at the time of recording the Declaration, or (5) borrow money on behalf of the Association, or (6) reduce the quantity or quality of service or maintenance of the Property.

Section 5.13.   Managing Agent and Manager.   The Board of Directors may employ for the Association a "Managing Agent" and/or "Manager" at a compensation established by the Board of Directors to perform such duties and services as the Board of Directors shall authorize, other than the powers set forth in subsections (a), (b), (e), (h), (i), (l) and (m) of Section 5.12 of these By-Laws. Nonetheless, the Board may obtain the assistance of the Managing Agent in executing all of these powers, so long as such assistance is rendered under the supervision of the Board and remains under the direction and control of the Board. Any contract entered into with a Managing Agent shall provide that (a) the Managing Agent shall carry his own liability insurance in such amounts as the Board shall deem adequate and which shall include the Association as named insured, (b) the Managing Agent shall provide fidelity bonding for itself and its employees and (c) such contract may be terminated by the Association without penalty upon not less than sixty (60) days written notice, if without cause, and, if with cause, upon not more than thirty (30) days notice. No such management agreement shall be for a term of more

BY-LAWS                                             13                        W:\10000's\10044\HOA\By-Laws V2.doc

than three (3) years and no such management agreement shall be renewable without the written consent of both parties.

Section 5.14. <u>Indemnification of Officers and Directors</u>.

(a)     Every Director and officer of the Association shall be, and is hereby, to the maximum extent permitted by Applicable Law, indemnified by the Association against all losses, suits, claims, judgments, costs, expenses and liabilities, including reasonable fees of counsel, incurred by or imposed upon such Director or officer in connection with any proceeding to which such Director or officer may be a party, or in which such Director or officer may become involved by reason of being or having been a Director or officer, except in such cases wherein the Director or officer is guilty of willful misfeasance or malfeasance in the performance of duties; provided, that in the event of a settlement, the indemnification herein shall apply only when the Board approves such settlement as being in the best interest of the Association.

(b)     The foregoing right of indemnification shall be in addition to, and shall not be exclusive of, any rights to which each such Director or officer may otherwise be entitled. The Association shall indemnify and hold harmless each of the members of the Board of Directors against all contractual liability of others arising out of contracts made by the Board of Directors on behalf of the Association unless such contract shall have been made in bad faith or contrary to the provisions of law, the Declaration, or these By-Laws. It is intended that the Board of Directors shall have no liability with respect to any contracts made by it on behalf of the Association.

## ARTICLE VI
## OFFICERS

Section 6.01. <u>Officers</u>. The principal officers of the Association shall be the President (who shall be a member of the Board of Directors), one or more Vice Presidents as determined by the Board, the Secretary and the Treasurer. The Board of Directors may appoint an assistant treasurer, an assistant secretary and such other officers as, in its judgment, may be necessary or desirable. Such officers to have such duties set forth in these By-Laws and such other duties as may be prescribed to them by the Board of Directors. Any two or more offices, except the offices of the President and Secretary, may be held simultaneously by the same individual. Until the Transfer of Control Date, an officer need not be an Owner or have any interest in a Unit. From and after the Transfer of Control Date, the principal officers of the Association must meet the eligibility requirements for election to the Board (as provided in Section 5.01 hereof).

Section 6.02. <u>Elections</u>. The initial election of officers shall take place at the organizational meeting of the Board of Directors held pursuant to Section 5.08(a) hereof or at such other time as the Board shall select. Thereafter, the election of officers shall occur at such time as the Board shall determine.

Section 6.03. <u>Term and Vacancies</u>. The officers of the Association shall be elected annually by the Board of Directors and each shall hold office until his or her successor shall have

been duly elected, unless he or she shall sooner resign, or shall be removed or otherwise be disqualified to serve. The vacancy in any office arising because of death, resignation, removal or otherwise may be filled by the Board of Directors for the unexpired portion of the term.

Section 6.04. <u>Resignation and Removal</u>. Upon the affirmative vote of a majority of the whole Board, any officer may be removed by the Board of Directors, with or without cause, whenever, in the judgment of a majority of the whole Board, the best interests of the Association will be served thereby. Any officer may resign at any time by giving written notice to the Board, the President or the Secretary. Such resignation shall take effect on the date of receipt of such notice or any later time specified therein, and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 6.05. <u>President</u>. The President shall be the chief executive officer of the Association, shall supervise the work of the other officers, shall preside at all meetings of Members, and if there is no chairman of the Board, shall preside at all meetings of Directors, and shall perform such other duties and functions as may be assigned him or her or are granted to him or her by Applicable Laws. The President may not also serve simultaneously as Secretary or Treasurer.

Section 6.06. <u>Vice President</u>. The Vice President shall take the place of the President and perform his duties whenever the President shall be absent or unable to act. The Vice President shall also perform such other duties as shall from time to time be imposed upon him by the Board of Directors or the President.

Section 6.07. <u>Secretary; Assistant Secretary</u>.

(a)    The Secretary shall keep the minutes of all meetings of the Members and of the Board of Directors; shall record all votes and the Minutes of all proceedings in a book to be kept for that purpose; shall be in charge of such books and papers as the Board of Directors may direct; shall give, or cause to be given, notice of all meetings of Unit Owners and all special meetings of the Board of Directors; and shall, in general, perform all the duties incident to the office of Secretary of a not-for-profit corporation under the Not-for-Profit Corporation Law of the State of New York or as are properly required of him or her by the Board of Directors or these By-Laws or the Declaration.

(b)    Except as otherwise provided by resolution of the Board, each Assistant Secretary shall have all of the powers and duties of the Secretary.

Section 6.08. <u>Treasurer; Assistant Treasurer</u>.

(a)    The Treasurer shall have the responsibility for Association funds and securities and shall be responsible for keeping full and accurate financial records and books showing all receipts and disbursements, and for the preparation of all required financial data. The Treasurer shall also be responsible for depositing all monies and other valuable effects of the Association in the name of the Association, or, if so directed by the Board, the managing agent, in such depositories as may from time to time be designated by the Board of Directors, shall disburse the

funds of the Association as he or she may be directed by the Board, making proper vouchers for such disbursements, shall render to the President and the Board of Directors, at the regular meeting of the Board, or whenever either may require it, an accounting of all his or her transactions as Treasurer and of the financial condition of the Association, shall maintain separate accounts for each Unit which, among other things, shall contain the amount of each Assessment against such Unit, the date when due, the amounts paid thereon and the balance remaining unpaid, and shall, in general, perform all the duties incident to the office of Treasurer of a not-for-profit corporation organized under the Not-for-Profit Corporation Law of the State of New York or as are properly required of him or her by the Board of Directors or these By-Laws or the Declaration.

(b)    Except as otherwise provided by resolution of the Board, each Assistant Treasurer shall have all the powers and duties of the Treasurer.

Section 6.09. <u>Other Officers</u>. The Board of Directors may elect such other officers as it shall deem desirable, such officers to have the authority and to perform the duties prescribed from time to time by the Board of Directors.

Section 6.10. <u>Agreements, Contracts, Deeds, Checks and Other Instruments</u>. Except as otherwise provided in Section 8.01 hereof, all agreements, checks, contracts, deeds, leases, and other instruments of the Association shall be executed by any duly authorized officer of the Association, or, except as otherwise provided in Section 8.01 hereof, by such other individual or individuals as may be designated by the Board of Directors.

Section 6.11. <u>Compensation of Officers</u>. No officer shall receive any compensation from the Association for acting in his capacity as an officer. However, any officer may be reimbursed for his actual reasonable expenses incurred in the performance of his duties as an officer; provided, however, if the officer expects, or reasonably should expect, to incur expenses in excess of fifty dollars ($50.00)(or such higher amount as the Board may, from time to time, establish), he or she shall not be entitled to reimbursement unless he or she shall have obtained the approval of the Board prior to incurring such an expense. An officer who serves the Association in any other capacity, however, may receive compensation therefore if otherwise entitled to compensation.

## ARTICLE VII
## COMMITTEES

Section 7.01. <u>Committees of Directors</u>. Except as limited by this Section 7.01 or by Section 7.02 hereof, the Board of Directors, by resolution adopted by a majority of the whole Board of Directors, may designate one (1) or more committees, each of which shall consist of at least one (1) Director, which committees, to the extent provided in the resolution, shall have and exercise the authority of the Board of Directors in the management of the affairs of the Association; provided, however, that no such committee shall have the authority of the Board of Directors to: (a) approve an amendment to the Certificate of Incorporation of the Association, to the Declaration or to these By-Laws or to a plan of merger or consolidation; or (b) establish

BY-LAWS                                    16                          W:\10000's\10044\HOA\By-Laws V2.doc

Assessments; or (c) amend or supplement the Rules and Regulations; or (d) obligate the Association to any financial obligation. Committees shall keep regular minutes of their meetings and shall report the same to the Board as required. So long as the Sponsor is entitled to appoint a Director pursuant to Section 5.01 hereof, at least one member of each committee shall be designated by the Sponsor.

Section 7.02. <u>Committees of Members</u>. The standing committees of the Association shall be the Architectural Committee, the Nominating Committee and such other committees as the Board of Directors shall deem desirable. Each committee shall consist of a chairman and two (2) or more members. So long as the Sponsor is entitled to appoint a Director pursuant to Section 5.01 hereof, at least one member of each committee shall be designated by the Sponsor.

Section 7.03. <u>Rules</u>. Each committee may adopt rules of its own government not inconsistent with the terms of the Declaration, the resolution of the Board of Directors designating the committee or with rules adopted by the Board of Directors.

## ARTICLE VIII
## FINANCE

Section 8.01. <u>Checks</u>. All checks, drafts and orders of the payment of money, notes and other evidences of indebtedness issued in the name of the Association shall be signed by any one (1) of the President, Vice President or Treasurer of the Association if the amount thereof is less than Five Hundred Dollars ($500.00), and by any two (2) of such officers if the amount thereof is Five Hundred Dollars ($500.00) or more.

Section 8.02. <u>Fiscal Year</u>. The fiscal year of the Association shall be the twelve (12) calendar months ending at such time as may be deemed appropriate by the Board of Directors; provided, however, that the first fiscal year may be of such longer or shorter duration as the Board may determine.

Section 8.03. <u>Annual Report</u>.

(a)    An annual report of the receipts and expenditures of the Association, prepared by an independent certified public accountant, shall be rendered by the Board of Directors to all Members, to all mortgagees of Units who have requested the same, and, if required by statute or regulation, to the Department of Law of the State of New York, within four (4) months from the end of each fiscal year, or as soon thereafter as completed. In the event that any substantial irregularities or any defalcation shall be uncovered by such accountant in the course of any such review, such matters shall be promptly reported to each member of the Board of Directors and to the Members of the Association. In addition, when called for by a vote of the Members at any special or regular meeting of the Members, the Board of Directors shall furnish to the Members a full and clear statement of the business conditions and affairs of the Associations, including a balance sheet and profit and loss statement, reviewed by an independent public accountant and a statement regarding any taxable income attributable to the Members.

(b)     The cost of the annual report and other services required by this Section 8.03 shall be levied by the Board of Directors as an Assessment.

(c)     While the Sponsor is in control of the Board of Directors, certified financial statements of the Association will be provided each year to Members.  However, following the Transfer of Control Date, the Board may, from time to time, by resolution, determine to discontinue providing certified financial statements, but shall continue to provide financial statements.  If the Board determines to discontinue providing certified financial statements, it may, from time to time, by resolution, subsequently decide to again distribute certified financial statements.

Section 8.04. Reserve Fund.

(a)     The Association may open and maintain a reserve fund for future capital expenditures of the Association. The purpose of the fund is to provide a source of money to pay for capital expenditures (i.e., replacement of, and repairs of acceptable nature relating to, Association Property), as authorized by the Board.

(b)     Reserves will be funded from a portion of the Assessments paid by all Unit Owners, including Sponsor while Sponsor holds title to Unsold Units, as levied by the Board of Directors.

(c)     Without limiting the generality of Section 8.06(a) hereof, so long as the Sponsor is in control of the Board of Directors, monies on deposit in the reserve fund (if any) may not be used to reduce projected maintenance charges or Sponsor's obligation to pay any budget deficit.

**ARTICLE IX**
**(RESERVED)**

**ARTICLE X**
**AVAILABILITY OF RECORDS AND LEGAL DOCUMENTS**

Section 10.01.  Availability of Records and Legal Documents.  The Board of Directors shall make available for inspection upon reasonable notice and during normal business hours, to existing and prospective purchasers, tenants, and First Mortgagees, mortgage insurers and mortgage guarantors, current copies of the Association's Declaration, By-Laws, Rules and Regulations, budget and schedule of Assessments. The Board may furnish copies of such documents to such parties and may charge such parties a reasonable fee to cover the cost of furnishing such copies.  Additionally, Members shall have the right to inspect and copy (at a reasonable charge) copies of the minutes of Members' meetings and the list of Members in accordance with the terms and conditions of Section 621 of the Not-for-Profit Corporation Law or any successor statute.

BY-LAWS                                             18                              W:\ID000's\10044\HOA\By-Laws V2.doc

## ARTICLE XI
## CORPORATE SEAL OPTIONAL

Section 11.01 <u>Corporate Seal Optional</u>. The Association, if the Board of Directors so chooses, may have a seal in circular form having within the circumference thereof the full name of the Association.

## ARTICLE XII
## AMENDMENTS

Section 12.01. <u>Amendments to By-Laws</u>.

(a)    Except as provided herein to the contrary, these By-Laws may be amended or supplemented, in whole or in part, at any duly called meeting of Members provided that:

(1)    A notice of the meeting containing a full statement of the proposed amendment or supplement has been sent to all Members as listed on the books and records of the Association and to all Mortgagees of Units who have requested the same, no sooner than thirty (30) days nor more than fifty (50) days prior to the date of meeting;

(2)    Sixty-six and two-thirds percent (66 2/3%) or more in number of all Members approve the amendment or supplement; and

(3)    The Board of Directors does not receive, prior to the date established for voting on the proposed amendment or supplement, written notice of opposition to the proposed amendment or supplement from Mortgagees or more than fifty percent (50%) of the Units with mortgages.

(b)    Notwithstanding the foregoing, no amendment or supplement shall affect or impair the Sponsor's right to make membership in the Association available to purchasers of Units or Projected Units and, until the Transfer of Control Date, no provision of these By-Laws may be amended or supplemented without the prior written consent of the Sponsor.

(c)    Notwithstanding anything herein to the contrary, prior to the sale of any Units to purchasers, the Sponsor may, from time to time, unilaterally modify, alter, amend or supplement these By-Laws for any reason by written instrument containing the modification, alteration, amendment or supplement and executed by the Sponsor. Such instrument shall recite that as of the date of the instrument there are no Owners in the Association other than the Sponsor.

(d)    Notwithstanding any other provisions of these By-Laws to the contrary, if an amendment to these By-Laws is necessary or desirable in the judgment of the Board to cure any ambiguity or to correct or supplement any provisions of these By-Laws that is defective, missing or inconsistent with any other provisions hereof, or if such amendment is necessary or desirable

in the judgment of the Board to conform to the requirements of Applicable Law with respect to the Association, Association Property or the Units, then at any time and from time to time the Board may, by resolution, effect an appropriate corrective amendment without the approval of (or prior notice to) the Owners or other Person upon receipt by the Board of an opinion from independent counsel to the effect that the proposed amendment is permitted by the terms of this subsection. Each amendment of the type described in this subsection shall be effective upon its adoption by the Board.

(e)     Notwithstanding anything in these By-Laws to the contrary, prior to the Transfer of Control Date, the Sponsor may unilaterally amend, modify, alter, or supplement these By-Laws from time to time:  (1) to comply with the requirements of the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Federal Housing Administration, the Veteran's Administration or the requirements of any other Governmental Authority; or (2) to induce any of such agencies or entities to make, purchase, sell, insure, guarantee or otherwise deal with First Mortgages covering Lots or Units.

## ARTICLE XIII
## RULES COMPLIANCE AND ARBITRATION

Section 13.01.   <u>Compliance with Rules of Association Issued Pursuant to These By-Laws</u>.  Should any Member or Guests fail to comply with any of the provisions of these By-Laws, or the Rules and Regulations, as these By-Laws and the Rules and Regulations may be amended from time to time, the procedures set forth in Article X of the Declaration shall be implemented to obtain compliance.

## ARTICLE XIV
## TRANSFER OF CONTROL

Section 14.01.   <u>Transfer of Control</u>.   Within thirty (30) days following the Transfer of Control Date, Sponsor shall notify all Unit Owners that control of the Association is to be turned over to the Owners at a meeting held for such purpose. At such time, a new Board of Directors will be elected in accordance with the provisions of Article V of these By-Laws, and Sponsor's remaining Board designees shall resign (subject to Section 5.01(f) hereof). The Association must accept control of its affairs at such meeting. Without limiting the generality of the foregoing, dissatisfaction with Sponsor or Sponsor's agents or contractors for any reason shall not be grounds for refusal to accept control of the affairs of the Association.

## ARTICLE XV
## MISCELLANEOUS

Section 15.01.   <u>Notices</u>.  Except as otherwise provided herein, all notices hereunder shall be in writing and sent by mail, by depositing same in a post office or letter box, in a postage

BY-LAWS                                    20                          W:\10000's\10044\HOA\By-Laws V2.doc

prepaid sealed wrapper, addressed, if to the Board of Directors, at the office of the Board of Directors and if to a Member or Unit mortgagee, to the address of such Member or mortgagee at such address as appears on the books of the Association. All notices shall be deemed to have been given when mailed, except notices of change of address, which shall be deemed to have been given when received. Whenever any notice is required to be given under the provisions of the Declaration, or these By-Laws, a waiver thereof., in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed the equivalent of such notice.

Section 15.02. <u>No Waiver for Failure to Enforce</u>. No restriction, condition, obligation or provision contained in these By-Laws shall be deemed to have been abrogated or waived by reason of any failure to enforce the same, irrespective of the number of violations or breaches thereof which may occur.

Section 15.03. <u>Gender; Plural</u>. The use of the masculine gender in these By-Laws shall be deemed to include the masculine, feminine and neuter and the use of the singular shall be deemed to include the plural, whenever the context so requires.

Section 15.04. <u>Captions</u>. The captions herein are inserted only as a matter of convenience and for reference, and in no way define, limit or describe the scope of these By-Laws, or the intent of any provisions thereof.

Section 15.05. <u>Severability</u>. Should any part of these By-Laws be deemed void or become unenforceable at law or in equity, the validity, enforceability or effect of the balance of these By-Laws shall not be impaired or affected in any manner.

Section 15.06. <u>Conflict with Certificate of Incorporation or with Declaration</u>. In the case of any conflict between the Certificate of Incorporation and these By-Laws, the Certificate of Incorporation shall control; and in the case of any conflict between the Declaration and these By-Laws, the Declaration shall control.