UNITED STATES BANKRUPTCY COURT      Hearing Date and Time:
SOUTHERN DISTRICT OF NEW YORK      October 19, 2023 at 10:00 a.m.

------------------------------------------------------------x

In re:      Chapter 11

Blitman Saratoga LLC,      Case No. 20-23177 (SHL)

                        Debtor.

------------------------------------------------------------x

### DEBTOR'S SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO APPROVE EXIT FINANCING AND IN OPPOSITION TO THE OBJECTION RAISED BY THE ESTATE OF HOWARD BLITMAN

#### Preliminary Statement

The debtor herein, Blitman Saratoga LLC (the "Debtor"), hereby submits this Supplemental Memorandum of Law in further support of its motion to approve Additional Exit Financing[1] [ECF No. 202], and in response to the objections filed by Robin Winter as executor of the estate of Howard Blitman (the "HB Estate") [ECF No 211] (the "Objection").

#### Argument

1.     In opposing the proposed Additional Exit Financing, the HB Estate assumes, without meaningful discussion, that the HB Estate somehow has the same rights as the DIP Lender, or is elevated to a secured creditor. There is nothing in the DIP Financing Orders conferring such rights on the HB Estate. At best, the DIP Financing Orders contain a clarification relating to allocations under Section 2 (iii), which provides in relevant part:

> The Debtor is authorized and empowered to execute or cause to be executed a separate Note in the form conforming to Exhibit "B", except that (i) the Note shall not be consolidated with the existing BSNB loans and mortgages and instead shall constitute a separate instrument for the construction related advances subject to a subordination lien; and (ii) the personal guarantee held by BSNB and assigned to the DIP Lender relate only to the loan and mortgage obligations being assigned by BSNB to the DIP Lender and not the Note; and (iii) repayments of the DIP Loan after completion of construction shall be allocated first to BSNB loan and mortgage

---

[1] All capitalized terms shall have the same meaning ascribed in the Motion to Approve Additional Exit Financing.

obligations being assigned to the DIP Lender (items (i), (ii) and (iii), collectively the "Clarifications").

2.        As emphasized in the Motion to Approve Additional Exit Financing, the quoted provision relates only to the DIP Loan and does not preclude additional financing or impose the same type of allocation on additional financing.  Perhaps, most importantly, all decisions relating to the DIP  Loans are held by the DIP Lender and the HB Estate has no participation interest whatsoever.  The HB Estate may, potentially, retain the right to assert defenses in connection with a future state court action to enforce guarantees, but that is the end of it.  Indeed, the Plan, with the HB Estate's consent, expressly further provides that all insider claims and disputes will be remanded and addressed in the state court.

3.        In making its Objection, HB Estate relies primarily on a factually distinguishable decision rendered by former Judge Frank Conrad in *In re Hickey Properties Ltd.*, 181 B.R. 173 (Bankr. VT 1995).  There, the Court declined to approve post-confirmation financing with a priming lien under 11 U.S.C. §364(d) over the objection of an existing actual secured creditor. According to Judge Conrad's analysis, following confirmation of a plan, the underlying property was no longer property of the estate and priming is limited to estate property.  In contrast here, the HB Estate is not a secured creditor and does not hold a lien which can be primed, nor does it have any rights to dictate whether the DIP Lender can agree to a priming lien for the Additional Exit Financing.

4.        Moreover, the Additional Exit Financing is expressly included as part of the Plan, to be approved before the Effective Date and, therefore, the Debtor's property remains subject to financing under 11 U.S.C. §364.

5.        Moreover, Judge Conrad's  analysis was distinguished by the Court in *In re Aspen Club & Spa LLC*, 2020 WL 4251761 (10th Cir. 2020), the case relied upon by the Debtor, on the

basis that, as here, the exit facility was in place prior to the Effective Date of the Plan. *Hickey* was similarly limited by the Bankruptcy Court in *In re City of Detroit*, 524 B.R. 147, 276 (Bankr. E.D. Mich. 2014) where, as here the exit financing was part of the plan and not sought post-confirmation ("The City argues that § 364 does not apply to post-confirmation exit financing. The Court agrees . . . Nevertheless, such financing is contemplated in the plan and the City seeks the Court's approval of it in that context.").

6.      For these reasons, the decision in *Hickey* is not controlling and can be distinguished on its facts.  Thus, there is no legal impediment to overruling the Objection to the request for Additional Exit Financing.

## Conclusion

7.      For all of these reasons, the Additional Exit Financing should be approved as part of confirmation of the Debtor's plan.

Dated: New York, NY
        October 12, 2023

Goldberg Weprin Finkel Goldstein LLP
Attorneys for the Debtor
125 Park Avenue, 12th Floor
New York, New York 10017
(212) 221-5700


By:     /s/ Kevin J. Nash, Esq.