UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                    Chapter 11

Blitman Saratoga LLC,                                     Case No. 20-23177 (SHL)

                                  Debtor.

-------------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTOR TO OBTAIN EXIT FINANCING PURSUANT TO 11 U.S.C. §364(c) AND (d)

Upon the motion (ECF No. 202) (the "Exit Financing Motion")[1] of Blitman Saratoga LLC (the "Debtor"), pursuant to sections 364 (c) and (d) of title 11 of the United States Code (the "Bankruptcy Code"), and applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an Order authorizing the Debtor to borrow up to the sum of $1,683,325 (the "Exit Financing") from Saratoga Funding LLC (the "DIP Lender"), an entity affiliated with James Goren, pursuant to 11 U.S.C. §364(c) and (d) to complete construction of the four remaining homes at 6 Katie Lane, 8 Katie Lane, 9 Jane Street and 11 Jane Street (the "Remaining Homes") in accordance with budget attached to the Amended Disclosure Statement (the "Completion Budget") (ECF No. 191); and the Court having overruled the objection to the Exit Financing Motion filed by Robin Winter, as Executor of the Estate of Howard Blitman (ECF No. 211) for all the reasons set forth on the record; and based upon the evidentiary record compiled at the hearing held before the undersigned on October 19, 2023 as supported by the Declaration of Thomas Keaney (ECF No. 213) establishing that (i) the Exit Financing is required to complete the Remaining Homes; (ii) the Exit Financing is being provided at below market interest rates; and (iii) any lender would likewise require a senior mortgage to secure the Exit Financing on a "last in

---

[1] All terms defined in the Exit Financing Motion shall have the same meanings for purposes of this Order.

1

- first out" basis; and it appearing that no other creditor or party-in-interest objects to the proposed Exit Financing and the Official Committee of Unsecured Creditors having filed written support to the proposed Exit Financing (ECF No. 214); and the Court having found that the Estate of Howard Blitman is not a secured creditor, and based upon the entirety of the record;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that:

1.  Approval.  The Exit Financing Motion is granted in all respects, and the Debtor is authorized to borrow up to the sum of $1,683,325 to complete the Remaining Homes in accordance with the Completion Budget.  The Debtor shall only borrow so much of the Exit Financing as needed to complete the Remaining Homes.

2.  Senior Mortgage.  The DIP Lender is hereby granted a valid, binding, enforceable, and perfected senior mortgage (the "Senior Mortgage") on the Remaining Homes, Vacant Lots and the other assets (with the exception of the Confirmation Fund) pursuant to 11 U.S.C. §364(c) and (d) to secure repayment of the Exit Financing with seniority over the prior DIP Loans.  The Exit Financing shall bear and accrue interest at an annual rate of five (5%) percent per annum. Repayment of the Exit Financing shall commence following the sale of one of more of the Remaining Homes or Vacant Lots.  Such repayments shall be made from the net proceeds of sale after payment of standard and customary closing costs and the establishment of a second infrastructure reserve in the sum of $543,000.

3.  Modification of the Automatic Stay.  The automatic stay, as applicable, is modified to effectuate all of the terms and provision of the Order, including, without limitation, to (a) permit the DIP Lender to record this Order approving the Senior Mortgage and (b) permit the Debtor to perform such acts as the DIP Lender may request in its reasonable discretion to assure the payment of the Senior Mortgage.

4.    <u>Perfection of Senior Mortgage</u>.  This Order reaffirms that it shall be sufficient and conclusive evidence of the validity, perfection and priority of the Senior Mortgage with respect to funds advanced for the completion of the Remaining Homes. Notwithstanding the foregoing, the DIP Lender is authorized to file, as it deems necessary or advisable, such financing statements, mortgages, notices and other instruments or documents in accordance with applicable non-bankruptcy law to record, perfect or evidence the Senior Mortgage.

5.    <u>Good Faith Under Section 364(e) of the Bankruptcy Code</u>.  Even though the DIP Lender is an affiliate of the Debtor, the DIP Lender was represented by separate counsel and has acted in good faith in connection with the Exit Financing. Thus, the DIP Lender is entitled to the protections provided in section 364(e) of the Bankruptcy Code with respect to funds loaned in connection with the Exit Financing.

Dated: White Plains, New York
      November 16, 2023

*/s/ Sean H. Lane*
United States Bankruptcy Judge
