UNITED STATES BANKRUPTCY COURT
SOUTHRN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                            Chapter 11

Blitman Saratoga LLC,                                 Case No. 20-23177 (SHL)

                            Debtor.
------------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S SECOND
## REVISED PLAN OF REORGANIZATION AS MODIFIED

The Debtor having filed its Second Revised Plan of Reorganization [ECF No. 190] (the "Plan")[1], together with an accompanying First Revised Disclosure Statement [ECF No. 191] (the "Disclosure Statement"); and the Bankruptcy Court having entered an Order [ECF No. 192], approving the Disclosure Statement and scheduling a hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and the Plan and Disclosure Statement having been transmitted to all creditors and other parties-in-interest as evidenced by the affidavit of service on file with the Court [ECF No. 204]; and the Court having considered and overruled the Objection and Amended Objection of Robin Winter, as Executor of the Estate of Howard Blitman to the Plan [ECF Nos. 193 and 196] for the reasons set forth on the record; and the Confirmation Hearing having been held before the undersigned on October 19, 2023, and the Court having considered the respective Declarations of Thomas Keaney [ECF No. 213], and Francis J. Brennan on behalf of the Committee [ECF No. 214], both introduced into evidence in support of confirmation of the Plan, together with the Amended Certification as to Balloting [ECF No. 210] and all other supporting papers; and the other objections to the Plan filed on behalf of Christopher Baldwin and Teresa Indyk as minority members of the Beaver Pond Village Homeowners Association [ECF No. 198] and Michael and Lisa Akker ("Akker") [ECF NO. 195] having been resolved by clarifications on

---

[1] All defined terms set forth in the Plan shall have the same meanings for purposes of this Order.

the record set forth below; and the Court having considered the proffer made by the Debtor's counsel and the arguments of counsel; and the Court having made the following Findings of Fact and Conclusions of Law in support of Confirmation of the Plan:

A. The Bankruptcy Court has jurisdiction over the Debtor's bankruptcy case pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

B. Due and proper notice of the Confirmation Hearing has been given to all known creditors and other-parties-in-interest in accordance with the procedures established by the Court.

C. The only class of impaired creditors entitled to vote on the Plan - Class 2 (Unsecured Claims) – voted to accept the Plan. The holder of the Class 1 Claim (the DIP Lender) is an insider and is not eligible to vote on the Plan, and the holders of Class 3 Claims (Insider Claims) are insiders and are not eligible to vote on the Plan.

D. The Plan is feasible by virtue of the establishment of the Confirmation Fund and approval of the Additional Exit Financing.

E. The Plan complies with the applicable provisions of the Bankruptcy Code and has been promulgated in good faith and not by any means forbidden by law.

F. In accordance with the Plan, the final award for professional fees and expenses for the Debtor's counsel and the Committee's counsel remains subject to the Bankruptcy Court approval following the filing of final applications.

G. The Plan provides that the Debtor's counsel shall serve as the Disbursing Agent under the Plan.

H. The Plan provides for proper treatment of Administrative Claims and Priority Claims in accordance with Section 1129(a)(9) of the Bankruptcy Code.

I.    The Plan is clarified to provide that the Additional Infrastructure Reserve of $543,000 referenced in the Plan shall be funded from either the sale of the Remaining Homes or Vacant Lots, whichever occurs first. The letters of credit with respect to the second half of Phase II and Phases VI and VII covered by the second infrastructure reserve of $543,000 shall remain in place until said infrastructure is completed.   The Plan is further clarified to confirm that construction of the remaining walking trails through the conservation area, as detailed on the approved site plan, is a remaining infrastructure obligation of Debtor, unless construction of the trails is otherwise waived by the City of Saratoga Springs. The Plan is further clarified to acknowledge that the Akkers have a super-priority administrative expense claim and a contract vendee's lien, in the proceeds of the sale of 11 Jane Street, and accordingly, the Plan is modified to provide that Debtor shall establish an escrow of $30,000 in favor of the Akkers pending the resale of their prior home at 11 Jane Street or one of the other Remaining Homes (6 Katie Lane, 8 Katie Lane and 9 Jane Street).

J.    As provided in Section 4.3 of the Plan, all Insider Claims are hereby preserved and any actions to recover on such Claims may be pursued against the Debtor (or others) in any applicable non-bankruptcy forum of competent jurisdiction. See Plan, § 4.3. Additionally, all other provisions in the Plan concerning, *inter alia*, Insiders or holders of Insider Claims, prosecuting or defending any claims, cross-claims or counterclaims, the enforcement and interpretation of any orders, including the Financing Orders, or otherwise, as set forth in §§ 7.2, 7.3 and 7.4 of the Plan, or otherwise are hereby preserved, reaffirmed and reconfirmed in all respects and nothing herein shall be deemed to be a waiver or limitation of any of the provisions contained in §§ 7.2, 7.3 or 7.4 of the Plan.

K.      All fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930, together with interest payable thereon, shall be paid by the Debtor until the Chapter 11 case is closed.

**IT IS HEREBY ORDERED** that:

1.      The Plan as clarified above be, and the same is, hereby confirmed and approved in accordance with Section 1129(a). The Debtor is authorized to implement the Plan and sell the Remaining Homes and Vacant Lots free and clear of all claims, liens, taxes and non-permitted encumbrances in its business judgment in accordance with the Plan, without payment of any state or local transfer or deed taxes, which are exempt under 11 U.S.C. §1146(a). Pursuant to section 4.1 of the Plan, the net Sale Proceeds shall be used to pay the Secured Debt in accordance with the terms and allocation of the existing Financing Orders in the following order: first, to pay and satisfy in full the BSNB Loans including all principal, interest and any fees and expenses; and second, to pay and satisfy the Note, including all principal, interest and any fees and expenses, after payment of the Additional Exit Financing in full, including interest, and the establishment of the Additional Infrastructure Reserve in the sum of $543,000.

2.      The Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP, shall perform the duties of the Disbursing Agent and is hereby authorized to make the distributions to the holders of Administrative Expense Claims, Priority Claims, U.S. Trustee fees and all Classes of Claims as set forth in the Plan.

3.      Pursuant to Section 1141(a) of the Bankruptcy Code, except as provided in Section 1141(d)(3), the Plan shall be binding upon the Debtor and its creditors.

4.      To the extent of any inconsistency between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall govern; provided, however, any

inconsistency between the terms of this Confirmation Order and the Financing Orders, the Financing Orders shall control.

5. Any stay of this Confirmation Order provided by any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 3020(e)) is hereby waived, and this Confirmation Order shall be effective and enforceable immediately after its entry by the Court.

6. The Debtor shall pay all United States Trustee quarterly fees under 28 U.S.C. § 1930(a)(6), plus interest due and payable under 31 U.S.C. § 3717 on distribution of the Confirmation Funds and all disbursements, in the ordinary course of the Debtor's business until the entry of a Final Decree, dismissal of the case, or conversion of the case to Chapter 7.

7. The Debtor shall file post-confirmation reports on a quarterly basis until the case is closed.

8. This Court shall retain exclusive jurisdiction in accordance with the Plan, inter alia, to implement and effectuate the provisions of the Plan and this Confirmation Order, and to resolve any issues or disputes arising in connection therewith.

Dated: White Plains, New York
      November 16, 2023

                                              */s/ Sean H. Lane*
                                              United States Bankruptcy Judge