**Hearing Date and Time: December 13, 2023 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

        BLITMAN SARATOGA LLC,

                     Debtor.

Chapter 11
Case No. 20-23177 (SHL)

## FINAL FEE APPLICATION AND REIMBURSEMENT OF EXPENSES OF NOLAN HELLER KAUFFMAN LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

NOLAN HELLER KAUFFMAN LLP ("NHK"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 case of Blitman Saratoga LLC ("Debtor") hereby applies to this Court for approval of NHK's Final Fee Application pursuant to 11 U.S.C. §§330, 503(b)(2) and 507(a) and Federal Rule of Bankruptcy Procedure 2016, in the total amount of $50,065.85, as follows: $48,024.00 for services rendered as counsel to the Committee incurred from April 7, 2021 through and including October 27, 2023, plus estimated fees in the amount of $2,025.00 incurred from October 28, 2023 through entry of a final decree closing the case or conversion of the case to Chapter 7, plus expenses in the amount of $16.85, and respectfully states as follows:

### NARRATIVE SUMMARY

**A.   Background**

1.     The Debtor filed its voluntary petition for relief under of Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §101, *et seq.*) on November 6, 2020 and is a debtor and debtor in possession pursuant to 11 U.S.C. §§1107 and 1108.

2.      NHK was initially consulted by the Chairperson of the Committee on April 7,

2021 with respect to the Debtor's case and the Committee's retention of NHK as its counsel.  NHK

filed its application pursuant to 11 U.S.C. §327(a) (the "Application") for retention as counsel to

the Committee on April 7, 2021 [Dkt. No. 53].  Pursuant to this Court's order entered on June 1,

2021 [Dkt. No. 56], the Court approved NHK's retention as counsel to the Committee.

3.      Pursuant to the Application, NHK was retained to provide advice and counseling

to the Committee including, *inter alia*,

    a.  Consulting with the Debtor, counsel to the DIP lender and any other professionals appointed in this case and the Office of the United States Trustee regarding the administration of the case;

    b.  Advising the Committee with respect to its rights, powers and duties as they relate to the case;

    c.  Investigating the acts, conduct, assets, liabilities and financial condition of the Debtor;

    d.  Assisting the Committee in analyzing the Debtor's pre-petition and post-petition relationships with its creditors, equity interest holders, employees and other parties in interest;

    e.  Assisting and negotiating on the Committee's behalf in matters relating to the claims of the Debtor's other creditors;

    f.  Assisting the Committee in preparing pleadings and applications as may be necessary to further the Committee's interests and objectives;

g. Researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

h. Representing the Committee at hearings and other proceedings;

i. Reviewing and analyzing applications, orders, statement of operations and schedules filed with the Court and advising the Committee regarding all such materials;

j. Aiding and enhancing the Committee's participation in formulating a plan;

k. Reviewing the Disclosure Statement and Plan, and amendments thereto;

l. Assisting the Committee in advising its constituents of the Committee's decisions, including the collection and filing of acceptances and rejections of any proposed plan;

m. Negotiating and mediating issues relating to the value and payment of claims held by the Committee's constituency;

n. Appeared before the Court on hearings concerning pending motions, requesting approval of the Disclosure Statement and confirmation of the Debtor's Chapter 11 Plan;

o. Performing such other legal services as may be required and are deemed to be in the interests of the Committee.

4. The Application provided that NHK was to be paid from a carveout in the amount of $10,000.00 (the "Carveout") from DIP lender Saratoga Funding, LLC (the "DIP Lender") pursuant to the terms of that certain Final Order Authorizing the Debtor to Obtain Postpetition Financing pursuant to 11 U.S.C. §362 and 364(c) [Docket No 38] entered on February 5, 2021(The

"DIP Order"), with allowed fees and costs in excess of the Carveout to be allowed as an administrative expense of the Debtor's estate pursuant to 11 U.S.C. §503 and paid as a priority claim pursuant to 11 U.S.C. §507(a).

5.      Subsequent to the agreement for the Carveout, the DIP Lender consented to the modification of the DIP Order (the "Lender Stipulation") pursuant to that certain Order Granting Debtor's Omnibus Motion and Approving (A) the Settlement with the Eastin Family in Conjunction with the Sale of the Residential Homes Located at 47 Jane Street and 49 Jane Street Free and Clear of All Liens, Claims, and Interests and (B) Such Sale [sic] entered on March 16, 2022 (the "Settlement Order"), the DIP Lender agreed to a further carveout of the sum of $600,000.00 (the "Confirmation Fund") pursuant to the terms of that certain Stipulation settling claims related to the sale of 47 Jane Street and 49 Jane Street providing for the escrow of the Plan Escrow with counsel for the Debtor to provide funding for the Debtor's Chapter 11 plan and, in particular, to provide funds for payment of administrative claims and a dividend of approximately 50 cents on the dollar for holders of allowed, general unsecured claims.

6.      NHK attorneys performing services on behalf of the Committee and applicable hourly rates are as follows:

| Attorney | Initial Hourly Rate | Adjusted Hourly Rate |
|---|---|---|
| Francis J. Brennan | $375.00 | $405.00[1] |

The Application provided that NHK adjusts its hourly rate from time to time.  Further, NHK averred that adjustments would not differ between NHK's bankruptcy and non-bankruptcy matters.  The adjusted hourly rate is less than the rate counsel generally charges clients for

---

[1] This hourly rate was effective as of January 1, 2023.

counseling of the type provided to the Committee and in bankruptcy matters in general.

7.      It is respectfully submitted that such hourly compensation is at or below the hourly rates charged by counsel appearing before this court with similar experience as your affiant.  In particular, your affiant has been practicing in the areas of Chapter 11 proceedings, commercial bankruptcy, debtor-creditor rights and commercial litigation since 1998.  During that time, I have represented numerous entities in Chapter 11 cases including debtors, creditors and creditors' committees.  In addition, I am a member of the panel of Subchapter V Trustees and am eligible for appointment in Chapter 11, Subchapter V cases pending in the Northern and Western Districts of New York and the District of Vermont.

8.      The within application is NHK's final application for compensation.  No prior application for an award of compensation or reimbursement of expenses has previously been filed or awarded.

9.      Members of the Committee have been provided with the within application prior to its filing and have not objected to the compensation sought herein.

**B.      Application for allowance of fees and reimbursement of expenses pursuant to 11 U.S.C. §330(a)**

10.      Services for which compensation and reimbursement of expenses are sought in the within application are from April 7, 2021 through and including October 27, 2023, plus additional time incurred from October 28, 2023 through the entry of a final decree or conversion of the case to a proceeding under Chapter 7.

11.      Since NHK's retention, NHK has provided advice and counseling to the Committee with respect to the matters set forth in Paragraph 3, herein and as set forth in the statement of fees attached hereto as **Exhibit "A".**

12.      As of the filing of the within application, the Debtor has concluded sales of a

substantial number of its pre-petition contracts, obtained approval of its amended disclosure statement and confirmed its amended Chapter 11 plan.

13.     Pursuant to the terms of that certain Stipulation with DIP Lender Relating to Disposition of the 47 Jane Street and 49 Jane Street Sale Proceeds, the Debtor and DIP Lender agreed to a carveout in the amount of $600,000.00 from proceeds for the purpose of funding a Plan Escrow for payment of administrative and allowed general unsecured claims.

14.     The services performed by NHK on behalf of the Committee include:

a.     Consulting with the Debtor, counsel to the DIP lender and any other professionals appointed in this case and the Office of the United States Trustee regarding the administration of the case;

b.     Advising the Committee with respect to its rights, powers and duties as they relate to the case;

c.     Investigating the acts, conduct, assets, liabilities and financial condition of the Debtor;

d.     Assisting the Committee in analyzing the Debtor's pre-petition and post-petition relationships with its creditors, equity interest holders, employees and other parties in interest;

e.     Assisting and negotiating on the Committee's behalf in matters relating to the claims of the Debtor's other creditors;

f.     Assisting the Committee in preparing pleadings and applications as may be necessary to further the Committee's interests and objectives;

g.     Researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

h.    Representing the Committee at hearings and other proceedings;

i.    Reviewing and analyzing applications, orders, statement of operations and schedules filed with the Court and advising the Committee regarding all such materials;

j.    Aiding and enhancing the Committee's participation in formulating a plan;

k.    Reviewing the Disclosure Statement and Plan, and amendments thereto;

l.    Assisting the Committee in advising its constituents of the Committee's decisions, including the collection and filing of acceptances and rejections of any proposed plan;

m.    Negotiating and mediating issues relating to the value and payment of claims held by the Committee's constituency;

n.    Appeared before the Court on hearings concerning pending motions, requesting approval of the Disclosure Statement and confirmation of the Debtor's Chapter 11 Plan;

o.    Performing such other legal services as may be required and are deemed to be in the interests of the Committee.

**ITEMIZATION OF SERVICES RENDERED**

15.    An itemized statement of the services rendered by NHK, categorized by task, and detailing the particular attorney rendering each service, the time spent rendering each item of service and the fee incurred for such service is annexed hereto as **Exhibit "A"**. The services performed by NHK on behalf of the Debtor and the estate are summarized below, and are categorized by "task" (the fees requested in connection with each task are also summarized):

a.    "Case Administration" ($2,826.00): NHK reviewed the Debtor's petition, declaration and first day" motions, including its motion to obtain debtor in possession financing and extend its exclusive periods to file a disclosure statement and plan and obtain approval thereof; and reviewed the Debtor's monthly operating reports.

b.      "Plan and Disclosure Statement" ($13,987.50): NHK reviewed the Debtor's motion to extend exclusivity with the Chair of the Creditors' Committee; received and reviewed objections by creditors to the Debtor's  motion to extend exclusivity; discussed the Debtor's proposed sales of property and completed residences with Debtor's counsel; negotiated terms of the Debtor's Chapter 11 Plan with Debtor's counsel; discussed estimated administrative claim for counsel for the Committee; received and reviewed Debtor's proposed Disclosure Statement and Chapter 11 Plan and amendments thereto and discussed plan terms with members of the Committee; and appeared on hearings and adjournments thereof to approve the Disclosure Statement and confirm the Chapter 11 Plan.

c.      "Relief from Stay Proceedings" ($4,449.00): NHK reviewed motions for relief from the automatic stay and to compel rejection of certain construction contracts for the construction and sale of residential properties; reviewed and negotiated terms of stipulations for relief from the automatic stay or for the Debtor's rejection of certain executory contracts with respect to construction of single-family residences; and appeared at hearings thereon.

d.      "Business Operations" ($4,042.50):  NHK reviewed and analyzed Debtor's monthly operating reports to assess feasibility of continuing post-petition operations and proposed Chapter 11 Plan terms.

e.      "Asset Disposition" ($10,740.00): NHK received and reviewed Debtor's motions for sale of real property and completed residences, including statements of sale to assess recoveries for estate and funding of carve-out for administrative claims and general, unsecured creditors.

f.      "Fee/Employment Applications" ($5,791.50): NHK prepared and filed its retention application as counsel to the Committee after reviewing application with the Chair of the

Committee; reviewed the Debtor's applications to retain professionals, including real estate brokers; reviewed the Court's Local Rules pertaining to professional fee applications; reviewed NHK's work in process reports and drafted NHK's final fee application.

g.      "Fee/Employment Objections" ($525.00):  NHK reviewed objections filed to the Debtor's application to retain and pay certain brokers and appeared at hearings on the broker's application for allowance of compensation.

h.      "Cash Collateral and other Secured Creditor Issues" ($1,125.00): NHK negotiated carve-out provisions in cash collateral agreements between the Debtor and its secured creditor; received and reviewed objections by the Estate of Howard Blitman to the Debtor's motions for debtor in  possession and  exit financing; drafted and filed a response on the Committee's behalf in support of the Debtor's motion for exit financing and appeared at the hearings on such motions.

16.    The services rendered were all actual and necessary for the proper and adequate representation of the Committee.

17.    Your affiant submits that the value of his services noted above represents reasonable compensation for the services performed based upon the time spent and nature of the services and based on the compensation for comparable services in matters of a similar nature in this court and other courts.

18.    It is further respectfully submitted that the allowance of fees and reimbursement of expenses sought herein are reasonable based on the (i) time spent on each task, (ii) the novelty or difficulty of the issues, (iii) the skill and knowledge required, (iv) counsel's usual and customary fees charged, (v) counsel's experience, reputation and ability in matters of this type, (vi) awards in similar matters by this Court, and (vii) the results obtained.

19. An itemized statement of the services rendered by NHK, the particular attorney rendering each service, the time spent rendering each item of service and the fee incurred for such service is annexed hereto as **Exhibit "A".** The services rendered are categorized in the manner set forth above, and listed chronologically within each category.

20. N&H's total billable time for services is: $50,065.85, as follows: $48,024.00 for services rendered as counsel to the Committee incurred from April 7, 2021 through and including October 27, 2023, plus estimated fees in the amount of $2,025.00[2] incurred from October 28, 2023 through entry of a final decree closing the case or conversion of the case to Chapter 7, plus expenses in the amount of $16.85. This application represents 129.00 hours of attorney time at a "blended" or "effective" rate of $387.98 per hour, all as reflected in the attached Summary Sheet.

21. 11 U.S.C. §330 provides that "[a]fter notice to the parties in interest and the United States Trustee and a hearing, … the court may award to a trustee…(A) reasonable compensation for actual, necessary services rendered…; and (B) reimbursement for actual, necessary expenses."

22. Based upon the foregoing, it is respectfully submitted that the compensation sought herein is reasonable and is for actual and necessary services rendered to the Committee.

## CONCLUSION

23. NHK has not represented any other entity in connection with this case nor does it represent or hold any interests adverse to the interests of the Committee with respect to matters on which it has been employed.

24. All services for which compensation is requested were performed for or on behalf of the Committee.

---

[2] Counsel estimates an additional five (5) hours of time to be incurred on this matter, including the time to prepare the within fee application, review the fee applications of other professionals retained in the case and appearing at the hearings on such applications and any hearing on the Debtor's application for entry of a final decree.

25.     No other entity has heretofore made or promised payment to NHK in connection with this case.  NHK has no agreement or understanding with any other entity to fix fees or for the sharing of compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

26.     The total amount of compensation sought in the within application is $50,065.85, as follows:  $48,024.00 for services rendered as counsel to the Committee incurred from April 7, 2021 through and including October 27, 2023, plus estimated fees in the amount of $2,025.00 incurred from October 28, 2023 through entry of a final decree closing the case or conversion of the case to Chapter 7, plus expenses in the amount of $16.85.

27.     NHK hereby certifies that the members of the Committee have received, reviewed and approved the application at least 14 days prior to the return date of the within application.

28.     The undersigned (a) prepared the within application; (b) the fees and disbursements requested fall within the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Courts (the "Amended Guidelines"); (c) except to the fees and disbursements requested are prohibited by the Amended Guidelines, the fees and disbursements sought are billed at rates and in accordance  with practices customarily employed by NHK and generally accepted by NHK's  clients; and (d) reimbursements are sought at their actual cost with no mark-up or profit by NHK

**WHEREFORE**, Nolan Heller Kauffman LLP respectfully requests that Court enter an order approving its Final Fee Application and Reimbursement of Expenses pursuant to 11 U.S.C. §§330, 503(b)(2) and 507(a) and Federal Rule of Bankruptcy Procedure 2016 for an award of final compensation in the amount of $50,065.85, as follows:  $48,024.00 for services rendered as counsel to the Committee incurred from April 7, 2021 through and including October 27, 2023, plus estimated fees in the amount of $2,025.00 incurred from October 28, 2023 through entry of a

final decree closing the case or conversion of the case to Chapter 7, plus expenses in the amount

of $16.85; that the Debtor be authorized to make payment of compensation and reimbursement of

expenses to NHK from the Carveout and the Confirmation Fund as an administrative expense, and

that the Court grant such other and further relief as may be just and proper.

Dated: November 17, 2023
       Albany, New York

**NOLAN HELLER KAUFFMAN LLP**

Francis J. Brennan, Esq.
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300

*Attorneys for Official Committee of Unsecured Creditors*

**SUMMARY SHEET**

**NOLAN HELLER KAUFFMAN LLP-COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**Final Fee Application**

| | |
|---|---|
| Fees Requested       : | $50,049.00 |
| Fees Previously Awarded: | $0.00 |
| | |
| Expenses Requested: | $16.85 (FedEx charges) |
| Expenses Previously Awarded: | $0.00 |

| Professional | Title | Admitted | Hrs. | Rate/Hour | Total |
|---|---|---|---|---|---|
| Francis J. Brennan | Partner | 1998 | 73.20 | $375 | $27,450.00 |
| | | | 55.80 | $405 | $22,599.00 |
| | TOTAL | | | | $50,049.00 |

| | | |
|---|---|---|
| TOTAL FEE SOUGHT | $50,049.00 |
| TOTAL BLENDED RATE | $387.98 |